# EXHIBIT 1

**UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION**

| | |
|---|---|
| DAVID WILLIAMS, CAROLL ANGLADE, THOMAS MATTHEWS, MARITZA ANGELES, and HOWARD CLARK, *individually, and on behalf of other similarly situated individuals*,<br><br>    Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC and RB HEALTH (US) LLC,<br><br>    Defendants. | CASE NO. 1:20-cv-23564-MGC |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on February 1, 2021: Plaintiffs David Williams and Caroll Anglade, individually and on behalf of the Settlement Class (hereinafter "Plaintiffs" or "Class Representatives"), on the one hand, and Reckitt Benckiser LLC and RB Health (US) LLC ("Settling Defendants" or "Reckitt"), on the other hand, in the action entitled *Williams, et al. v. Reckitt Benckiser LLC*, et al., No. 1:20-cv-23564 (the "Action" or "*Williams* Action").

## I.    DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "Additional Plaintiffs" means Thomas Matthews, Maritza Angeles, and Howard Clark.

B.    "Agreement" means this Settlement Agreement and Release.

C.    "Second Amended Complaint" means the pleading filed on January 27, 2021 and which will be the operative pleading for purposes of entering the Final Approval Order and Final Judgment.

D.    "Challenged Representations" means any representation made by Reckitt,

1

whether on a Neuriva Product label or in ancillary marketing, that states or suggests that Neuriva Products are clinically proven to promote factors relating to brain health or any other alleged misrepresentation regarding the health or brain performance benefits of the Neuriva Products."

E.     "Claim" means the claim of a Settlement Class Member submitted as provided in this Agreement.

F.     "Claimant" means a Settlement Class Member who submits a Claim Form.

G.     "Claim Form" means a claim form in substantially the same form and substance as the claim form attached hereto as Exhibit A, however, the parties recognize and agree that the Claim Form may be revised to apply fraud-filtering measures (such measures to be provided by Settlement Administrator prior to the Notice Period) to Claimants that receive a Claim Form by mail and that the on-line Claim Form may appear in a different, user-friendly format.

H.     "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Class Action Settlement Administrator. The Claim Period shall run from the date that the Class Notice is initially disseminated until forty-five (45) days after the date of Final Approval of the Settlement.

I.     "Claims Process" means the process for Settlement Class Members' submission of Claims as described in this Agreement.

J.     "Class Counsel" (also referred to as "Plaintiffs' Counsel") means (1) Whitfield Bryson LLP; (2) Greg Coleman Law PC; (3) Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA; (4) Barbat, Mansour, & Suciu PLLC, (5) Bursor & Fisher PA; and (6) Shub Law Firm LLC. Plaintiffs' Counsel also includes any partner or attorney employed by these law firms.

K.     "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VII of the Agreement substantially in the form attached as Exhibit B.

L.     "Class Period" means January 1, 2019 through the date of Preliminary Approval of the Settlement.

M.     "Class Representatives" means David Williams and Caroll Anglade and, to the extent they are incorporated as named plaintiffs in the *Williams* Second Amended Complaint, Thomas Matthews, Maritza Angeles, and Howard Clark.

N.     "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the Final Approval Order and Judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the Final Approval Order and Judgment,

(ii) the date of final affirmance of any appeal of the Final Approval Order and Judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the Final Approval order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the Final Approval Order and Judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment; provided, however, that any appeal that exclusively concerns the award of attorneys' fees, expenses, and/or service awards shall not delay the Effective Date of the Settlement.

O.     "Effective Period" means the period of time in which Reckitt is required to comply with the injunctive relief set forth in the Agreement under Section IV.A. The Effective Period is two (2) years from the Initiation Date.

P.     "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate. The Parties agree to seek a date for the Final Approval Hearing approximately one-hundred (100) days following entry of the Preliminary Approval Order.

Q.     "Final Approval Order" means the order which the Court enters adjudging the Settlement to be fair, reasonable, and adequate and bound by the terms of this Agreement or as modified by the Court.

R.     "Final Judgment" means the judgment the Court enters, finally approving the Agreement and class settlement. A proposed Final Judgment is attached hereto as Exhibit C.

S.     "Household" means, without limitation, all Persons who share a single physical address. For all Persons who are a legal entity such as a corporation, partnership, business organization or association, or any other type of legal entity, there can be only one physical address used even if such Person has multiple offices.

T.     "Initiation Date" means the date six (6) months from the Final Approval Order and Judgment and shall be considered the date on which Reckitt has initially complied with injunctive relief set forth in the Agreement under Section IV.A.

U.     "Internet Notice" means notice of the proposed settlement to be provided to potential Settlement Class Members under Section VII of the Agreement. The Internet Notice shall be substantially in the form as the notice attached hereto as Exhibit D.

V.     "Objection/Exclusion Deadline" means the date twenty-one (21) days prior to the Final Approval Hearing.

W.     "Objector" means a Settlement Class Member who objects to final approval of the Settlement.

X.   "Parties" means the Class Representatives, the Additional Plaintiffs, and the Settling Defendants.

Y.   "Plaintiffs" means Plaintiffs David Williams and Caroll Anglade in the *Williams* Action. These individuals may also be referred to, collectively with the Additional Plaintiffs, as the Class Representatives.

S.   "Preliminary Approval" means the date the Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

T.   "Neuriva Actions" means *Williams, et al. v. Reckitt Benckiser LLC*, et al., No. 1:20-cv-23564-MGC (S.D. Fla.) ("*Williams*") and related actions *Matthews v. Reckitt Benckiser LLC, et al.,* Case No. 1:20-cv-00854 (E.D. Cal.) ("*Matthews*"); *Angeles v. Reckitt Benckiser LLC, et al.,* Case No. 1:20-cv-07138 (S.D.N.Y) ("*Angeles*") and *Clark v. Reckitt Benckiser LLC, et al.* (unfiled) ("*Clark*").

U.   "Neuriva Products" means the following Neuriva® products in the United States:

1. Neuriva Original, all sizes;
2. Neuriva Plus, all sizes; and
3. Neuriva De-Stress, all sizes.

V.   "Proof of Purchase" means receipts, copies of receipts, or other legitimate proof showing payment to either a retailer or Reckitt for any of the Products.

W.   "Settlement" means settlement of the Action pursuant to the terms and conditions of this Agreement.

X.   "Settlement Administrator" means the neutral third-party agent or administrator jointly agreed to by the Parties and appointed by the Court. The Parties agree that Angeion Group shall be retained to implement the notice, claims, and settlement requirements of this Agreement. Any and all agreements with the Settlement Administrator shall be in writing and be subject to the approval of the Settling Defendants and Class Counsel. The Settling Defendants shall bear sole responsibility for all payments to the Settlement Administrator without any dilution to monies due to paid herein to Settlement Class Members and Class Counsel. Further, all actions of the Class Action Settlement Administrator shall be subject to the oversight of the Parties. The Parties agree and confirm that neither Class Counsel nor Reckitt (including Reckitt's Counsel) will enter into any confidential agreements with the Settlement Administrator without obtaining written express consent from the other Party.

Y.   "Settlement Benefit" means the monetary relief available to Settlement Class Members for submitting a Valid Claim under this Agreement.

4

Z.      "Settlement Class" means: All persons who purchased for personal consumption and not for resale, one or more of the Neuriva Products, from Reckitt or an authorized reseller, in the United States, between the dates of January 1, 2019 and the date of Preliminary Approval of the Settlement by the Court. Excluded from the Settlement Class shall be the Honorable Erica P. Grosjean, the Honorable Marcia G. Cooke, the Honorable Jonathan Goodman, the Honorable Ronnie Abrams, counsel to the Parties, Jill Sperber, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Reckitt, any entity in which Reckitt has a controlling interest, any of Reckitt's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

AA.      "Settlement Class Member" means any member of the Settlement Class.

BB.      "Settling Defendants" means Defendants Reckitt Benckiser LLC and RB Health, which may also be referred to collectively at times as "Reckitt."

CC.      "Valid Claim" means a claim for monetary relief that is submitted on a Claim Form pursuant to and in compliance with the procedures set forth in this Agreement and is reviewed and approved for authenticity, compliance, and fraud-prevention by the Settlement Administrator.

## II.      LITIGATION BACKGROUND

A.      Reckitt produces and sells Neuriva Products, supplements marketed to promote brain health. The labels and advertising of the Neuriva Products contain representations that the active ingredients are clinically proven to support brain health. However, since summer 2020, several actions have been filed challenging the truth of such representations and further alleging that Reckitt made other misrepresentations regarding the health or brain performance benefits of the Neuriva Products. On May 19, 2020, counsel on behalf of Howard Clark served a demand letter relating to the representations (the "*Clark* Letter") challenging the clinically proven claims and alleging that the Neuriva Products "do not, in fact, have the effects on brain performance and cognition they are advertised to have." On June 19, 2020, Plaintiff Thomas Matthews, individually and on behalf of a nationwide class, brought a suit entitled *Matthews, et al. v. Reckitt Benckiser LLC, et al.*, No. 1:20-cv-00854 in the Eastern District of California (the "*Matthews* Action") again challenging the clinically proven representations and also claiming that the health claims Reckitt made regarding Neuriva Products are false.

B.      The *Matthews* Action was followed by the instant action in the Southern District of Florida, *Williams, et al. v. Reckitt Benckiser LLC*, et al., No. 1:20-cv-23564 (S.D. Fla.) (the "*Williams*" Action), which was filed on August 26, 2020 and on behalf of a Florida class, where again the Plaintiffs challenged the clinically proven representations and also claimed that the health claims Reckitt made regarding its Neuriva Products are false. One

week later, on September 2, 2020, another suit was filed in the Southern District of New York, *Angeles v. Reckitt Benckiser*, Case No. 1:20-cv-07138 (S.D.N.Y) (the "*Angeles*" Action) on behalf of a New York class yet once again challenging the clinically proven representations and also claiming that the health claims Reckitt made regarding its Neuriva Products are false. To date, any complaint relating to the *Clark* Letter remains unfiled.

C.    **The *Matthews* Action.** Reckitt filed a motion to dismiss the *Matthews* Action on September 8, 2020. In response, the *Matthews* plaintiff filed an Amended Complaint on October 16, 2020. Reckitt filed a motion to dismiss the Amended Complaint on November 30, 2020. In anticipation of this Settlement Agreement, the Parties stipulated to stay the *Matthews* Action, which the court granted on January 11, 2021.

D.    **The *Williams* Action.** On November 2, 2020, Reckitt filed a motion to stay the *Williams* Action or transfer it to the Eastern District of California in deference to the *Matthews* Action under the so-called "first-filed rule." That same day, Reckitt also filed a motion to dismiss the *Williams* Action. On December 1, 2020, the *Williams* plaintiffs filed an Amended Complaint, to which Reckitt filed another motion to dismiss on December 15, 2020. The *Williams* plaintiffs opposed the motion to stay or transfer. Although the motion to stay or transfer and the motion to dismiss were pending before this Court, the Parties agreed to file a Notice of Settlement on January 7, 2021, to stay the case in anticipation of this Settlement Agreement. Plaintiffs filed a Second Amended Complaint on January 27, 2021, which incorporated all Plaintiffs from the other Action. It is the operative complaint for this Settlement. Defendants consented to the Second Amended Complaint for settlement purpose only, without prejudice to Defendants to oppose venue of the *Williams* Action in the Southern District of Florida if the Settlement does not reach the Effective Date.

E.    **The *Angeles* Action.** Reckitt has not yet responded to the *Angeles* Complaint; the deadline to do so was adjourned pending a motion to transfer but again, in anticipation of this Settlement Agreement, the Parties requested and were granted a stay of the case on January 14, 2021.

F.    Through the fall and winter of 2020, counsel for the Parties, including counsel on behalf of plaintiffs and claimants from all Neuriva Actions, participated in multiple all-day extended mediation sessions with Jill Sperber, Esq. from Judicate West. These mediations took place on October 2 and November 30, 2020. Before, during, and after the mediation the Parties engaged in a series of discussions, with and without Ms. Sperber, regarding a settlement of the Neuriva Actions, including substantial arm's-length negotiations. The result was this Settlement, which includes the settlement of the *Williams* Action in its entirety and also all of the remaining Neuriva Actions. Ms. Sperber has reviewed the material terms of this Settlement and agrees that it is a fair, reasonable, and adequate solution for the Settlement Class.

G.    Pursuant to the terms and conditions of the Settlement and this Agreement, the Parties, including the Additional Plaintiffs and their counsel, have agreed that a Motion for Preliminary Approval will be filed on or by February 5, 2021. Upon entry of an order

granting preliminary approval to the Settlement, plaintiffs in the *Matthews* and *Angeles* Actions will file for voluntary dismissal without prejudice in their respective actions.

H.     Class Counsel has conducted a thorough investigation into the facts surrounding the Neuriva Actions. This investigation included but was not limited to factual research, legal research, as well as the collection and review of documents, data, and other information provided by Reckitt relating to the sales of and science substantiating the claims and marketing for the Neuriva Products.

I.     Based on the above-outlined discovery and investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Neuriva Actions through trial and possible appeals, the risks and uncertainty of further prosecution considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Plaintiffs and Class Counsel have concluded that this Settlement with the Settling Defendants on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

J.     The Settling Defendants and their counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. The Settling Defendants also recognize that the expense and time spent defending the Neuriva Actions have and will further detract from resources that may be used to run their business. While the Settling Defendants deny any wrongdoing or liability arising out of any of the facts or conduct alleged in the Neuriva Actions and believe that they have valid defenses to Plaintiffs' and Additional Plaintiffs' claims, the Settling Defendants have determined that the Settlement is fair, adequate, and reasonable.

## III.     CERTIFICATION

A.     **Certification of Class.** Solely for the purposes of this Settlement, and without any finding or admission of any wrongdoing or fault by any of the Settling Defendants, and pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(b)(2). David Williams, Caroll Anglade, Thomas Matthews, Maritza Angeles, and Howard Clark will serve as Class Representative plaintiffs and (1) Whitfield Bryson LLP; (2) Greg Coleman Law PC; (3) Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA; (4) Barbat, Mansour, & Suciu PLLC, (5) Bursor & Fisher PA; and (6) Shub Law Firm LLC will serve as Class Counsel.

B.     **Certification is Conditional.** This certification is for Settlement purposes only and is conditional on the Court's approval of this Agreement. In the event that this Agreement is terminated pursuant to Section XI of this Agreement, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void, shall be of no further force and effect, and shall not be

used or referred to for any purposes whatsoever in the *Williams* Action, the other Neuriva Actions, or in any other case or controversy relating to the Challenged Representations. In the event the Court does not approve of all terms of the Agreement, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice and without waiver of the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and the Settling Defendants shall not be deemed to have waived any opposition or defenses they have to any of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV.        SETTLEMENT CONSIDERATION

A.        **Injunctive Relief.** In consideration of the mutual covenants and promises set forth herein, and subject to this Court's approval, the Parties, including their counsel, agree as follows:

1.      Reckitt shall change all Neuriva Product label and marketing references as follows:

   a.     Any references to "Clinically Proven" on the Neuriva Product labels, an example attached hereto as Exhibit E, shall be changed to "Clinically Tested" or similar language, such as clinical studies have "shown;"

   b.     Any references to "Clinically Proven" in ancillary marketing (including websites, advertising, and social media) shall be changed to "Clinically Tested" or similar language, such as clinical studies have "shown;"

   c.     Any references to "Science Proved" on the Product labels, see Exhibit E, or in ancillary marketing (including websites, advertising, and social media) shall be changed to "Science Tested" or similar language, such as scientific studies have "shown."

2.      Labeling in a form substantially similar to that depicted in Exhibit E shall be considered compliant with the injunctive relief agreed to herein. These labeling and marketing changes shall be the sole obligations for Changed Practices under the Agreement, shall be subject to the Court's approval and Final Judgment, and any disputes regarding the labeling or marketing practices shall be subject to the Court's continuing jurisdiction under Section XII to enforce such relief.

3.      The obligations of Section IV.A.1 shall initiate on the date exactly six (6) months after the Final Approval Order and Judgement (the "Initiation Date") and shall remain in effect for two (2) years thereafter

(the "Effective Period").

4.      Except for the representations covered by Section IV.A.1 and injunctive relief entered by the Court, nothing in this Agreement prohibits Reckitt from otherwise modifying or revising its labeling, marketing, or advertising, subject to applicable federal and state laws and regulations.   Nothing in this Agreement precludes either party from seeking a modification of this injunctive relief based on new research, information, or regulatory or legal developments.

5.      For those representations covered by Section IV.A.1, if Reckitt possesses competent and reliable scientific evidence substantiating that a representation is true, Reckitt may revise or modify its representations and, by way of Reckitt's counsel, shall provide Plaintiffs' Counsel with 180 days' notice, in writing, of the proposed representations and the underlying scientific evidence. Plaintiffs' Counsel may either agree to or challenge such representation, through an amended complaint or otherwise, within that 180-day period.  Such a challenge may be based in part, or such representation may be supported in part, without limitation, upon the criteria in the Guidance Document *DEPARTMENT OF HEALTH AND HUMAN SERVICES; Food and Drug Administration [Docket No. FDA–2004–D–0303] (formerly Docket No. 2004D–0466); "Guidance for Industry: Substantiation for Dietary Supplement Claims Made Under Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act"* or such alternate approach as interpreted by state or federal law and the Court to otherwise satisfy state or federal laws and regulations.       The Court will specifically reserve Continuing Jurisdiction under Section XII for such challenge.   Nothing in this provision limits the defenses or legal theories supporting such representations or claims to which Reckitt would otherwise be entitled.

6.      Notwithstanding Sections IV.A.1-4, no Neuriva Products that have been already been manufactured, packaged or distributed by Reckitt or their contractors as of the Initiation Date, or any other Neuriva Products in the supply chain, need be destroyed or recalled, and all such Neuriva Products may be sold in the ordinary course of business without violating any injunctive relief provisions in the Agreement.

7.      Reckitt will cooperate with Plaintiffs in presenting evidence to the Court regarding the value of the injunctive relief, including, without limitation, the cost to Reckitt to comply with the Injunctive Relief.

   **B.      Monetary Relief.** In consideration of the mutual covenants and promises set forth herein, and subject to this Court's approval, the Parties, including their counsel, agree as follows:

1.     Every Settlement Class Member, or Household with a Settlement Class Member, shall have the right to submit a claim via a Claim Form for monetary relief (a "Settlement Benefit"). The Settlement Administrator will determine whether the claim is a Valid Claim. The Settlement Administrator may track Claim Forms using a two-step verification process with unique security identifiers or control numbers and take all other necessary and appropriate steps to prevent fraud and duplications, which shall be disclosed to the Parties. Submission of a claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other person, except as expressly provided herein.

2.     Reckitt shall pay or cause to be paid certain monetary relief to each Settlement Class Member who submits a Valid Claim for purchase(s) of Neuriva Product based upon the following two-tier, capped claims-made settlement structure:

a.     Settlement Class Members who provide Proof of Purchase may be entitled to recover up to thirty-two dollars and fifty cents ($32.50) per Valid Claim and may make up to two (2) Claims for a maximum of sixty-five dollars ($65.00). Notwithstanding the preceding, in no circumstance shall Reckitt pay an amount that exceeds the actual purchase amount reflected in a Settlement Class Member's Proof of Purchase.

b.     Settlement Class Members who do not provide Proof of Purchase may be entitled to recover five dollars ($5.00) per Claim and may make up to four (4) Claims for a maximum of twenty dollars ($20.00).

3.     Valid Claims submitted as set forth in Section IV.B.2.a-b above shall be paid by Reckitt pursuant to a total maximum, or cap, of eight million dollars ($8,000,000.00). Should the Settlement Class Members submit more than eight million dollars ($8,000,000.00) in Claims for this Settlement (regardless of the dollar amount or validity of such claims), Reckitt shall reduce the Settlement Benefit payable for each Valid Claim on a pro rata basis.

4.     Should the Settlement Class Members submit more than eight million dollars ($8,000,000.00) in Claims for this Settlement (regardless of the dollar amount or validity of such claims), Reckitt shall have the unconditional right, but not the obligation, to terminate this Settlement Agreement. If Reckitt elects to terminate this Settlement Agreement under this paragraph, Reckitt must provide written notice

to the other Parties' counsel, by hand delivery, mail, or e-mail within ten (10) calendar days of the occurrence of the condition permitting termination. Reckitt shall be responsible for any Class Notice costs incurred if it chooses to exercise this option.

5.  Valid Claims submitted as set forth in Section IV.B.2.a-b above shall be limited to one Settlement Class Member per Household.

6.  On the Claim Form, the Settlement Class Member, or a Person with authority to sign and bind the Settlement Class Member, must provide and certify the truth and accuracy of the following information under the penalty of perjury, including by signing the Claim Form physically or by e-signature, to be considered a Valid Claim:

    a.  The Settlement Class Member's name and mailing address;

    b.  The Settlement Class Member's email address (unless the Settlement Class Member submits a claim form by mail, in which case an email address is optional);

    c.  That the claimed purchases were direct retail purchases by the claimant; and

    d.  That the claimed purchases were not made for purposes of resale, commercial use or for any other purpose.

    e.  For all claimed purchases that are not supported by Proof of Purchase: the Neuriva Product name(s), the approximate date(s) of purchase, the approximate price(s), the name of the retail store and the store location of each purchase.

7.  Each Settlement Class Member making a claim must provide the Settlement Administrator with Claim Form by a secure and reliable form of transmission such as via online Internet submissions on the Settlement Website or via U.S. mail by the conclusion of the Claim Period based on the date of postmark.

8.  The Settlement Administrator shall have the right to audit claims, and the Settlement Administrator may request additional information from Settlement Class Members making a claim. If any fraud is detected or reasonably suspected, the Settlement Administrator can require further information from the Settlement Class Member, and the Settlement Administrator may deny claims.

    a.  The determination of validity of claims shall occur within a reasonable time. The Settlement Administrator shall have

discretion, consistent with this Settlement, to reasonably approve or deny all claims. Class Counsel and Reckitt shall have the right to audit claims and to challenge the Settlement Administrator's decision by motion to the Court. Plaintiffs', Reckitt's, or their counsels' choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by such Party as to any of its audit and other rights under this Agreement; provided, however, that any challenge to the Settlement Administrator's resolution of a claim(s) shall be filed no later than sixty (60) days after the period for cure specified in Section IV.B.8(b) of this Agreement. No Person shall have any claim against Plaintiffs, Reckitt, Plaintiffs' Counsel, Reckitt's counsel or the Settlement Administrator based on any determination of a Valid Claim, distributions or awards made in accordance with this Agreement and the Exhibits hereto. Neither Plaintiffs nor Reckitt, nor their respective counsel, shall have any liability whatsoever for any act or omission of the Settlement Administrator.

b.     Within thirty (30) days after the Claim Period ends, the Settlement Administrator shall notify by email all Settlement Class Members whose claims are denied the reason(s) for denial, using the email address or physical address (if any) provided by the Settlement Class Member on the Claim Form. If no email address or physical address, or an illegible physical address, is provided by the Settlement Class Member on the Claim Form, the Settlement Administrator shall not have an obligation to provide the Settlement Class Member any notification of the denial of the claim or the reasons for denial. The Settlement Class Members whose claims were denied shall be allotted thirty (30) days from receipt of a denial to cure any deficiency, with the sufficiency of such cure to be determined by the Settlement Administrator within thirty (30 days of the conclusion of the period for cure.

9.     The Settling Defendants, through the Settlement Administrator, shall honor all Valid Claims submitted either through U.S. mail or online via the Settlement Website within the Claim Period. Neither the Settling Defendants nor the Settlement Administrator shall be obligated to honor untimely claims received by the Settlement Administrator or postmarked after the Claim Period.

10.     The Settling Defendants shall fund the total amount to be paid to eligible Settlement Class Members within thirty (30) days after the Settlement Administrator determines the total amount to be paid for Valid Claims. The Settling Defendants shall place said funds in an agreed-upon institutional account. The Class Action Settlement Administrator shall then pay all Valid Claims within thirty (30) days after the Settling Defendants deposits the funds to be paid.

C.     **Confirmatory Discovery.**  Prior to the Motion for Preliminary Approval, the Parties will have conducted extensive confirmatory discovery, to include, but not be limited to, information regarding the sales of Neuriva Products and the science and related information supporting the labeling claims on the Neuriva Products. To the extent necessary to support the Settlement and the relief under Section IV.A-B, the Parties will be entitled to conduct further confirmatory discovery.

## V.     ATTORNEYS' FEES AND CLASS REPRESENTATIVE AWARD

A.     **Attorneys' Fees, Costs, and Expenses.**  Class Counsel agrees that it will apply to the Court for attorneys' fees, costs, and expenses in an amount not to exceed two million nine hundred thousand dollars ($2,900,000.00). This is an inclusive amount and specifically includes all costs and fees incurred by Class Counsel and Plaintiffs' Counsel in connection with the Neuriva Actions thus far, as well as ongoing and future costs and fees through finalization of Settlement of this Action.  The exact amount of fees awarded shall be determined by the Court in its discretion and the determination thereof will not impact the validity or fulfillment of the Settlement Agreement. The amount finally approved by the Court shall be the sole responsibility of, and will solely be paid by the Settling Defendants above and beyond any relief provided to the Settlement Class. Class Counsel will, in their sole discretion, allocate and distribute among all Plaintiffs' Counsel and any other counsel, if applicable, the fees and reimbursed expenses that they receive pursuant to the final order awarding the attorneys' fees and expenses from this Settlement. Disagreements, if any, among Plaintiffs' Counsel and any other counsel, if applicable, relating to their respective shares of any such fee and expense award will have no impact on the effectiveness or the implementation of this Settlement Agreement, nor will such disagreements increase, modify, or otherwise affect the obligations imposed upon the Settling Defendants by this Settlement Agreement. Any such disagreements will be resolved by this Court.

B.     The Attorneys' Fees and Costs awarded by the Court as set forth under Section V.A shall be the total obligation of the Settling Defendants to pay attorneys' fees, costs, and expenses of any kind to Plaintiffs' Counsel in connection with the *Williams* Action or the other Neuriva Actions and this Settlement.  In no event shall the Settling Defendants be obligated to pay to Plaintiffs' Counsel any amount larger than the amount specified in Section V.A.

C.     **Class Representative Awards.**  Class Counsel agrees that it will apply to the Court for an incentive award to Class Representatives and Additional Plaintiffs in an amount not to exceed two thousand dollars ($2,000.00) each, for their participation as the

Class Representatives in the Neuriva Actions, for taking on the risks of litigation, and for Settlement of their individual claims as a Settlement Class Member in this Action. The exact amount of amount awarded shall be determined by the Court in its discretion, subject to prevailing Eleventh Circuit law, including but not limited to *Johnson v. NPAS Sols.*, LLC, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), and the determination thereof will not impact the validity or fulfillment of the Settlement Agreement. The amount finally approved by the Court shall be the sole responsibility of, and will solely be paid by the Settling Defendants above and beyond any relief provided to the Settlement Class or any Attorneys' Fees and Costs.

D.     Any payment of a Class Representative Award by the Court as set forth in Section V.C shall be the total obligation of the Settling Defendants to pay money to Plaintiffs, in connection with the *Williams* Action and the other Neuriva Actions and this Settlement, other than amounts due to any Plaintiffs for a Valid Claim submitted pursuant to Section IV.B of this Agreement. In no event shall the Settling Defendants be obligated to pay to Plaintiffs any amount larger than the amount specified in Section V.C, other than for a Valid Claim pursuant to Section IV.B of this Agreement.

E.     Reckitt agrees not to (a) oppose or submit any evidence or argument challenging or undermining Class Counsel's application for attorneys' fees, costs, expenses; (b) encourage or assist any person to oppose or submit any evidence or argument challenging or undermining Class Counsel's application for attorneys' fees, costs, expenses; or (c) encourage or assist any person to appeal from an order making a fee award. The Parties entered into this agreement regarding an award of fees and costs after good-faith, arms-length negotiations on the terms of the Settlement only after the negotiation and resolution of the material elements of this Agreement.

F.     The full fees and costs that are approved by the Court shall be paid to the Trust Account of Whitfield Bryson LLP. Class Counsel, the Class Representatives, and Additional Plaintiffs agree to provide the Settling Defendants all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

## VI.     RELEASE

A.     Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge the Settling Defendants, and all of their present and former parent companies, subsidiaries, special purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or

consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Plaintiffs' Counsel, Class Representatives, Additional Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the allegations or claims in the *Williams* Action or the Neuriva Actions, including that the Neuriva Products were misleadingly labeled, marketed, or sold, or that relate to the labeling and marketing of the Neuriva Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Neuriva Products (the "Released Claims").

B.      Plaintiffs and Additional Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable -- notwithstanding that the Parties have chosen Florida law to govern this Agreement -- Plaintiffs on behalf of all Settlement Class Members hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

C.      After entering into this Settlement Agreement, Plaintiffs or the Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Plaintiffs and the Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts

## VII.      NOTICE TO THE SETTLEMENT CLASS PURSUANT TO THE CLASS ACTION FAIRNESS ACT

A.      **Class Notice Plan.** Subject to the approval of the Court and to begin no later than twenty-one (21) days after the Preliminary Approval Order, the Settlement Administrator shall cause the Internet Notice to be implemented in substantially the form attached as Exhibit D which will include, but not be limited to, (i) internet and social media notice; (ii) notice via an established a Settlement Website; and (iii) U.S. mail or e-mail notice containing information on how to obtain a Claim Form to potential Settlement Class Members at their most recent physical address or email address in the Settling Defendants'

possession from a purchase of one or more Neuriva Products directly from the Settling Defendants (as opposed to from a non-party retailer). In addition, Class Notice, in substantially the form attached hereto as Exhibit B, shall be published on the Settlement Website. The Settlement Administrator will also establish a toll-free number to provide information to the Settlement Class, including on how to submit Claim Forms.

B.      The Class Notice plan shall reach no less than 80% of the Settlement Class unless the Parties mutually agree otherwise.

C.      Any notice is required to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

D.      The Settling Defendants, at their cost, shall cause the Class Notice to issue in accordance with the requirements of the Preliminary Approval Order.

E.      The Class Notice plan and claims procedure shall be provided according to a plan developed by the Settlement Administrator, to include measures to prevent the approval of fraudulent or invalid claims.

F.      Tracking and reporting of Settlement Class Members who request exclusion shall be compiled by the Settlement Administrator and communicated to Class Counsel who will report to the Court.

G.      The Settlement Administrator shall draft a short form notice in a form substantially similar to Exhibit B to clearly and concisely describe the relief provided under this Settlement, and how to file a claim.

## VIII.      PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.      **Objections.** Only Settlement Class Members may object to the Settlement. If any Settlement Class Member wishes to object to the Settlement, the Settlement Class Member must submit a written objection to *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. The written objection may be submitted by mail, express mail, electronic transmission, or personal delivery, but to be timely, it must be delivered to the Settlement Administrator (not just postmarked or sent) prior the Objection/Exclusion Deadline. Each objection must include:

1.      The case name and number: *Williams, et al. v. Reckitt Benckiser, LLC*, Case No. 1:20-cv-23564-MGC;

2.      The name, address, and telephone number of the Objector;

3.      The name, address, and telephone number of all counsel (if any) who

    represent the Objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation;

4.    Documents or testimony sufficient to establish membership in the Settlement Class;

5.    A detailed statement of any objection asserted, including the grounds therefor;

6.    Whether the Objector is, and any reasons for, requesting the opportunity to appear and be heard at the Final Approval Hearing;

7.    The identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing and, if applicable, a list of all persons who will be called to testify in support of the objection;

8.    Copies of any papers, briefs, or other documents upon which the objection is based;

9.    A detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five (5) years (or affirmatively stating that no such prior objection has been made); and

10.    The Objector's signature, in addition to the signature of the Objector's attorney (if any).

B.    Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the Objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in Section VIII.A.1-10 also shall be grounds for overruling an objection. The Parties may respond to any objection to the Settlement with appropriate arguments and evidence.

C.    Subject to approval of this Court, any Objector may appear, in person (or video conference, if required) or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative/Additional Plaintiff awards, or reimbursement of reasonable litigation costs and expenses. The Objector must file with the Clerk of the Court and serve upon Class Counsel and the Settling Defendants' Counsel (at the addresses listed in Section XVI), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to

Appear") on or before the Objection/Exclusion Deadline.

D.      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

E.      The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

F.      In response to objections, Class Counsel shall, at least seven (7) days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement

G.      A Settlement Class Member who objects to the Settlement may also submit a Claim Form before the Claim Period ends, which shall be processed in the same way as all other Claim Forms. A Settlement Class Member shall not be entitled to an extension to the claim filing deadline merely because the Settlement Class Member has also submitted an objection.

H.      **Exclusions.** If any Settlement Class Member wishes to be excluded from (in other words, opt out of) this Settlement, the Settlement Class Member may do so by completing the exclusion form at the Settlement Website; downloading and submitting to the Settlement Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Settlement Administrator. Requests to exclude themselves must be delivered (not just postmarked) by the Exclusion Deadline or they shall not be valid. A Settlement Class Member who elects to exclude themselves from this Settlement shall not be permitted to object to this Settlement or to intervene in any way.

I.      The proposed Preliminary Approval Order and Notice will provide that any Settlement Class Member wishing to object or exclude themselves who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.

J.      Immediately upon receipt of any objection, the Settlement Administrator shall forward the objection and all supporting documentation to counsel for the Parties. At least fourteen (14) days prior to the hearing on Final Approval, Class Counsel shall file all such objections and supporting documentation with the Court along with any response to

the objection made by the Parties.

K.     At least fourteen (14) days prior to the hearing on Final Approval, the Settlement Administrator shall prepare a list of the names of the Persons who, pursuant to the Notice, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiffs' Counsel shall file that list with the Court.

L.     If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

M.     The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the Settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the Final Judgment.

## IX.     DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

A.     Promptly upon execution of this Agreement, and by no later than February 5, 2021, Plaintiffs shall submit this Agreement to the Court in support of a Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. The Settling Defendants will not oppose. The Motion for Preliminary Approval shall seek relief substantially in the following form:

1.     Scheduling a Final Approval Hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the class;

2.     Approving as to form and content the Internet Notice and Class Notice;

3.     Directing implementation of the Internet Notice, and the method of Class Notice;

4.     Preliminarily approving the Settlement;

5.     Preliminarily and conditionally certifying the Settlement Class for Settlement purposes;

6.     Enjoining the prosecution of any other individual or class claims against Reckitt for facts, circumstances, or claims alleged in the Neuriva Actions.

7.     Providing that, in the event the proposed Settlement set forth in this

Agreement is not approved by the Court or is terminated by one or more Party pursuant to Section XI of this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the nationwide Settlement Class or dismissing any of the Neuriva Actions, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the *Williams* Action, the other Neuriva Actions, or in any other case or controversy; and in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to the respective positions as of the date of this Agreement. This includes amending the Consolidated Amended Complaint and injunction on other Neuriva Actions to restore the Neuriva Actions to their previous state. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the Parties hereto agree in writing to proceed with this Agreement as modified.

B.     Promptly upon entry of the Preliminary Approval Order, plaintiffs in the *Matthews* and *Angeles* Actions, respectively, will file notices of voluntary dismissal without prejudice.

## X.      COURT APPROVAL

A.     Class Counsel will submit a proposed Final Approval Order and Judgment at the Final Approval Hearing, with such Order in substantially the same form as Exhibit C and in keeping with the terms of this Agreement shall include:

1.     Approval of the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

2.     Approval of Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative and Additional Plaintiffs awards; and

3.     A request for entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI above.

## XI.        TERMINATION

A.       Any Party shall have the right, but not the obligation, to unilaterally terminate this Agreement and the Settlement within fourteen (14) days of any of the following occurrences:

1.       An appellate court reverses the Final Approval Order and Judgment, and the Agreement is not reinstated without material change by the Court on remand (unless the reversal is solely concerning the award of attorneys' fees, costs, and expenses, or incentive awards);

2.       Any court deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Agreement in a way that Plaintiffs or the Settling Defendants reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

3.       The Effective Date set forth in the Agreement does not occur; or

4.       More than ten percent (10%) of the Settlement Class opts out.

B.       Notwithstanding the foregoing, neither Plaintiffs nor Class Counsel shall have any right to terminate the Agreement in the event the Court declines Plaintiffs' and/or Class Counsel's requests for Attorneys' Fees, Expenses and/or Incentive Awards, or awards less than the amounts sought. However, Plaintiffs shall have the right to appeal the denial of their requests for Attorneys' Fees, Expenses and/or Incentive Awards.

C.       In order to exercise his, her, or its right to terminate this Agreement, the terminating Party must timely serve written notice of his, her, or its election to do so, which states the basis for the termination ("Termination Notice"), on counsel of record for all other Parties hereto. A Party's termination of this Agreement is effective only if and when notice of the same is timely served on counsel of record for the Parties.

D.       In the event this Agreement is terminated, then:

1.       The certification of the Settlement Class and any other judgment or order relating in any way to this Settlement entered by the Court in the Action will be void and deemed vacated, *nunc pro tunc*, and without prejudice to the Settling Defendants' right to contest class certification and their right to exercise all other rights and defenses in any of the Neuriva Actions;

2.       The Parties shall be restored to their respective positions prior to the entering into the Settlement status quo ante as if this Agreement had never been entered into, except for any provisions of this Agreement that expressly survive termination; and

3.      Any Party that terminates this Agreement shall be obligated to pay all reasonable costs and fees incurred by the Settlement Administrator. Otherwise the Parties will bear their own costs and fees.

## XII.      CONTINUING JURISDICTION

A.      The Court shall retain continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement and the Parties agree to cooperate and to take all necessary and appropriate steps to ensure the enforceability of the Settlement.  The Court's continuing jurisdiction includes, but is not limited to, the enforcement and applicability of the injunctive relief under Section IV.A with respect to any parties who may assert claims against Reckitt that implicate the terms of the Settlement or this Agreement, including the injunctive relief agreed to herein. In granting Final Judgment the court shall enjoin all actions in any jurisdiction against the Discharged Parties as is necessary to preserve the Court's jurisdiction.

## XIII.      PARTIES' AUTHORITY

A.      The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV.      MUTUAL FULL COOPERATION

A.      The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of the Settling Defendants and their counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

B.      The Settling Defendants agree that they will not attempt to discourage Settlement Class Members from filing claims.

## XV.      NO ADMISSION

A.      This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of any of the Settling Defendants or as an admission that class treatment in the *Williams* Action and the other Neuriva Actions is proper for any purpose other than Settlement. The Settling Defendants deny all liability for claims asserted in the *Williams* Action and the other Neuriva Actions and deny that class treatment is proper for any purpose other than this Settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with

the attendant inconvenience and expenses. This Agreement is a Settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this Settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI.      NOTICES

A.      Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    1.    Class Counsel: Daniel K. Bryson, Esq., Whitfield Bryson LLP, 900 W. Morgan St., Raleigh NC 27603

    2.    Settling Defendants' Counsel: David T. Biderman, Esq., Perkins Coie LLP, 1888 Century Park East Suite 1700, Los Angeles, CA 90067

## XVII.     CONSTRUCTION

A.      The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## XVIII.    MATERIAL TERMS; CAPTIONS

A.      Each term of this Agreement is a material term of the Agreement, not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX.      INTEGRATION CLAUSE

A.      This Agreement contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX.       NO COLLATERAL ATTACK

A.      This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the Final

Judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's Settlement Benefit was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual Settlement Benefit or failed to submit a timely dispute letter for any reason.

## XXI.      AMENDMENTS

A.      The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII.     ASSIGNMENTS

A.      None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII.    GOVERNING LAW

A.      This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principles.

## XXIV.     BINDING ASSIGNS

A.      This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV.      CLASS COUNSEL SIGNATORIES

A.      It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI.     COUNTERPARTS

A.      This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement

Class.

## XXVII.     NON-DISPARAGEMENT

A.      Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Neuriva Actions.

## EXECUTED AND AGREED.

By: Howard Clark
_____
Howard Clark
Plaintiff and Class Representative

By: L. Timothy Fisher
_____
L. Timothy Fisher, Bursor & Fisher PA
Counsel for Howard Clark

By: Thomas Matthews
_____
Thomas Matthews
Plaintiff and Class Representative

By: David Williams
_____
David Williams
Plaintiff and Class Representative

By: Caroll Anglade
_____
Caroll Anglade
Plaintiff and Class Representative

By: Greg Coleman
_____
Greg Coleman, Greg Coleman Law PC
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By:
_____
Chris Tedesco
Defendant Reckitt Benckiser LLC

By:
_____
Greg Chabidon
Defendant RB Health (US) LLC

By:
_____
David T. Biderman
Counsel for Defendants Reckitt Benckiser
LLC and RB Health (US) LLC

Class.

## XXVII.      NON-DISPARAGEMENT

A.      Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Neuriva Actions.

## EXECUTED AND AGREED.

By: _____

Howard Clark
Plaintiff and Class Representative

By: _____

L. Timothy Fisher, Bursor & Fisher PA
Counsel for Howard Clark

By: _____

Thomas Matthews
Plaintiff and Class Representative

By: _____

David Williams
Plaintiff and Class Representative

By: _____

Caroll Anglade
Plaintiff and Class Representative

By: _____

Greg Coleman, Greg Coleman Law PC
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: **E. Yuri Hermida**
DocuSigned by:
F8005226632C436...

E. Yuri Hermida
Defendant Reckitt Benckiser LLC

By: _____

Greg Chabidon
Defendant RB Health (US) LLC

By: *David Biderman*
DocuSigned by:
E346E5692D1D4FD...

David T. Biderman
Counsel for Defendants Reckitt Benckiser
LLC and RB Health (US) LLC

Class.

## XXVII.        NON-DISPARAGEMENT

A.        Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Neuriva Actions.

## EXECUTED AND AGREED.

By:
_____
Howard Clark
Plaintiff and Class Representative

By:
_____
L. Timothy Fisher, Bursor & Fisher PA
Counsel for Howard Clark

By:
_____
Thomas Matthews
Plaintiff and Class Representative

By:
_____
David Williams
Plaintiff and Class Representative

By:
_____
Caroll Anglade
Plaintiff and Class Representative

By:
_____
Greg Coleman, Greg Coleman Law PC
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By:
_____
Chris Tedesco
Defendant Reckitt Benckiser LLC

By:     Greg Chabidon
_____
Greg Chabidon
Defendant RB Health (US) LLC

By:
_____
David T. Biderman
Counsel for Defendants Reckitt Benckiser
LLC and RB Health (US) LLC

By: Dan Bryson
_____
Daniel K. Bryson, Whitfield Bryson LLP
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: Matthew D. Schultz
_____
Matthew D. Schultz, Levin, Papantonio,
Thomas, Mitchell, Rafferty & Proctor, PA
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: Nick Suciu III
_____
Nick Suciu, Barbat, Mansour & Suciu
PLLC
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By:
_____
Maritza Angeles
Plaintiff and Class Representative

By:
_____
Jonathan Shub, Shub Law Firm LLC
Counsel for Plaintiff Maritza Angeles

DocuSign Envelope ID: F23C4B3E-7B2B-47A3-B7A3-2E7743DEB668

By: _____

Daniel K. Bryson, Whitfield Bryson LLP
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: _____

Matthew D. Schultz, Levin, Papantonio,
Thomas, Mitchell, Rafferty & Proctor, PA
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: _____

Nick Suciu, Barbat, Mansour & Suciu
PLLC
Counsel for Plaintiffs Thomas Matthews,
David Williams, and Caroll Anglade

By: _____

Maritza Angeles
Plaintiff and Class Representative

By: _____

Jonathan Shub, Shub Law Firm LLC
Counsel for Plaintiff Maritza Angeles

26

**Signature:** *[signature]*
Dan Bryson (Feb 2, 2021 10:00 EST)

**Email:** dan@whitfieldbryson.com

**Signature:** *Matthew Schultz*

**Email:** mschultz@levinlaw.com

**Signature:** *[signature]*
Timothy Fisher (Feb 2, 2021 11:25 PST)

**Email:** ltfisher@bursor.com

**Signature:** *David Williams*
David Williams (Feb 3, 2021 19:32 EST)

**Email:** williams.david305@yahoo.com

**Signature:** *[signature]*
Howard Clark (Feb 4, 2021 09:33 PST)

**Email:** howardclarksf@gmail.com

**Signature:** *[signature]*
Greg Coleman (Feb 2, 2021 13:34 EST)

**Email:** greg@gregcolemanlaw.com

**Signature:** *Nick Suciu* *[signature]*

**Email:** nicksuciu@bmslawyers.com

**Signature:** *Thomas J Matthews*
Thomas J Matthews (Feb 2, 2021 13:52 PST)

**Email:** 2myjm@comcast.net

**Signature:** *Caroll Anglade*
Caroll Anglade (Feb 4, 2021 12:26 EST)

**Email:** angladec@hotmail.com

# Neuriva Claims Made Settlement Agreement - Final

Final Audit Report                                              2021-02-04

| | |
|---|---|
| Created: | 2021-02-02 |
| By: | Tracy Smith (tracy@whitfieldbryson.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATj8m2k2ZNHPjC4HW0Fv_ICZ9ATs26Sm6 |

## "Neuriva Claims Made Settlement Agreement - Final" History

Document created by Tracy Smith (tracy@whitfieldbryson.com)
2021-02-02 - 2:50:59 PM GMT- IP address: 24.171.171.250

Document emailed to Dan Bryson (dan@whitfieldbryson.com) for signature
2021-02-02 - 2:56:52 PM GMT

Email viewed by Dan Bryson (dan@whitfieldbryson.com)
2021-02-02 - 2:58:53 PM GMT- IP address: 107.77.235.99

Document e-signed by Dan Bryson (dan@whitfieldbryson.com)
Signature Date: 2021-02-02 - 3:00:18 PM GMT - Time Source: server- IP address: 107.77.235.99

Document emailed to Greg Coleman (greg@gregcolemanlaw.com) for signature
2021-02-02 - 3:00:21 PM GMT

Email viewed by Greg Coleman (greg@gregcolemanlaw.com)
2021-02-02 - 6:33:51 PM GMT- IP address: 204.29.13.46

Document e-signed by Greg Coleman (greg@gregcolemanlaw.com)
Signature Date: 2021-02-02 - 6:34:43 PM GMT - Time Source: server- IP address: 204.29.13.46

Document emailed to Matthew Schultz (mschultz@levinlaw.com) for signature
2021-02-02 - 6:34:46 PM GMT

Email viewed by Matthew Schultz (mschultz@levinlaw.com)
2021-02-02 - 7:20:58 PM GMT- IP address: 70.191.238.21

Document e-signed by Matthew Schultz (mschultz@levinlaw.com)
Signature Date: 2021-02-02 - 7:21:28 PM GMT - Time Source: server- IP address: 70.191.238.21

 Adobe Sign

Document emailed to Nick Suciu III (nicksuciu@bmslawyers.com) for signature
2021-02-02 - 7:21:32 PM GMT

Email viewed by Nick Suciu III (nicksuciu@bmslawyers.com)
2021-02-02 - 7:22:24 PM GMT- IP address: 68.56.15.71

Document e-signed by Nick Suciu III (nicksuciu@bmslawyers.com)
Signature Date: 2021-02-02 - 7:23:43 PM GMT - Time Source: server- IP address: 68.56.15.71

Document emailed to Timothy Fisher (ltfisher@bursor.com) for signature
2021-02-02 - 7:23:46 PM GMT

Email viewed by Timothy Fisher (ltfisher@bursor.com)
2021-02-02 - 7:24:45 PM GMT- IP address: 76.14.106.56

Document e-signed by Timothy Fisher (ltfisher@bursor.com)
Signature Date: 2021-02-02 - 7:25:35 PM GMT - Time Source: server- IP address: 76.14.106.56

Document emailed to Thomas J Matthews (2myjm@comcast.net) for signature
2021-02-02 - 7:25:37 PM GMT

Email viewed by Thomas J Matthews (2myjm@comcast.net)
2021-02-02 - 9:42:29 PM GMT- IP address: 172.110.242.166

Document e-signed by Thomas J Matthews (2myjm@comcast.net)
Signature Date: 2021-02-02 - 9:52:05 PM GMT - Time Source: server- IP address: 172.110.242.166

Document emailed to David Williams (williams.david305@yahoo.com) for signature
2021-02-02 - 9:52:08 PM GMT

Email viewed by David Williams (williams.david305@yahoo.com)
2021-02-04 - 0:22:39 AM GMT- IP address: 98.139.133.172

Document e-signed by David Williams (williams.david305@yahoo.com)
Signature Date: 2021-02-04 - 0:32:49 AM GMT - Time Source: server- IP address: 107.203.230.177

Document emailed to Caroll Anglade (angladec@hotmail.com) for signature
2021-02-04 - 0:32:51 AM GMT

Email viewed by Caroll Anglade (angladec@hotmail.com)
2021-02-04 - 5:12:53 PM GMT- IP address: 108.83.80.138

Document e-signed by Caroll Anglade (angladec@hotmail.com)
Signature Date: 2021-02-04 - 5:26:10 PM GMT - Time Source: server- IP address: 108.83.80.138

Document emailed to Howard Clark (howardclarksf@gmail.com) for signature
2021-02-04 - 5:26:13 PM GMT


Adobe Sign

Email viewed by Howard Clark (howardclarksf@gmail.com)
2021-02-04 - 5:26:37 PM GMT- IP address: 74.125.209.41

Document e-signed by Howard Clark (howardclarksf@gmail.com)
Signature Date: 2021-02-04 - 5:33:52 PM GMT - Time Source: server- IP address: 24.130.174.154

Agreement completed.
2021-02-04 - 5:33:52 PM GMT

**Adobe Sign**

# EXHIBIT A

## CLAIM FORM AND INSTRUCTIONS

> The Settlement Administrator must receive this Claim Form in an envelope post-marked no later than [45 Days After Final Approval] in order for it to be considered.

*Williams, et al. v. Reckitt Benckiser LLC, et al.,*
No. 1:20-cv-23564
**(Pending in the United States District Court for the Southern District of Florida)**

**Please read all of the following instructions carefully before filling out your Claim Form.**

1.   You have three options to make a claim:

   a.   You may print out, complete, and mail your claim form and proof of purchase, if any, to the Claims Administrator at *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

   b.   You may print out, complete, and upload this form to the settlement website at www._____.com. When using this option, you may upload proof of purchase to the extent you have such proof.

   c.   You may use an online claim form by going to www._____.com. When using this option, you may upload proof of purchase to the extent you have such proof.

2.   Complete Part A ("Claimant Information") by filling in the requested information. Only one Claim Form per household will be honored. Household means all Persons who share a single physical address.

3.   Complete Part B by providing the number of purchases of each kind of Neuriva Product you purchased between January 1, 2019 and [Date of Preliminary Approval Order]. For example, if you purchased one bottle of **Neuriva® Original** of any size during the class period, you would fill in the number "1" on the line that corresponds with **Neuriva® Original, all sizes.** You must then check a box to indicate if you have proof of purchase or not. Each qualifying purchase will receive a payment as defined in the Settlement Agreement, subject to the following limit: (1) Those with proof(s) of purchase deemed valid by the Settlement Administrator and who **submit it with the claim form** may obtain a payment up to $65.00 per Class Member; and (2) Those with no proof of purchase may obtain payment up to $20.00 per Class Member.

4.   Proof of purchase means acceptable documentation that provides valid proof of your purchase of Neuriva Products. Such valid proof of purchase documentation may consist of receipts, copies of receipts, invoices, direct purchase records, or other legitimate proof showing payment to either a retailer or Reckitt Benckiser for any of

A-1

the Neuriva Product that was not used as proof for any other claim.

5.  The claims purchases must be direct retail purchases and not made for purposes of resale, commercial use, or any other purpose.

6.  Sign the CLAIM FORM. For those filing online, there will be an e-signature requirement.

7.  Once your Claim Form is received, the Settlement Administrator will review the Claim Form for compliance and fraud prevention. Keep a copy of your completed Claim Form for your records. If your claim is rejected for any reason, the Settlement Administrator will notify you by U.S. mail or e-mail of the rejection and the reasons for such rejection; you will be allotted 30 days from receipt of a denial to cure any deficiency.

## PART A – CLAIMANT INFORMATION

_____

Claim ID [FOR INTERNAL USE ONLY]

_____

Claimant Name

_____         _____

Street Address                                           Daytime Phone Number

_____         _____

City, State, Zip Code                                  E-Mail Address

## PART B – LIMITED REIMBURSEMENT FOR QUALIFYING HOUSEHOLDS

You may make a claim for the following Neuriva® Products:

1.  Neuriva® Original, all sizes;
2.  Neuriva® Plus, all sizes;
3.  Neuriva® De-Stress, all sizes.

**PLEASE FILL OUT THIS CHART STATING YOUR PURCHASES**

| Type of Product Purchased | Number of Each Type of Product Purchased | Approximate Date of Purchase(s) | Location (Name of Store and City or Website) of Product Purchased | Approximate Price(s) of Purchase(s) |
|---|---|---|---|---|
| Neuriva® Original, any size | | | | |
| Neuriva® Plus, any size | | | | |
| Neuriva® De-Stress, any size | | | | |

## CHECK AND COMPLETE ONLY ONE OF THE FOLLOWING:

☐ **I HAVE PROOF OF PURCHASE (i.e., sales receipt(s) or invoice(s))** showing that I purchased Neuriva between January 1, 2019 and [Date of Preliminary Approval]. I understand that a qualifying Class Member who submits a valid claim form and valid proof of purchase for all qualifying purchases is entitled to receive payment in the amounts above for each purchase **up to $65.00 per Class Member**, limited to one Class Member per household. YOU MUST ATTACH THE PROOF OF PURCHASE WITH YOUR CLAIM FORM.

## OR

☐ **I DO NOT HAVE ANY PROOF OF PURCHASE (i.e., a sales receipt or invoice)** showing that I purchased Neuriva between January 1, 2019 and [Date of Preliminary Approval]. I understand that a qualifying Class Member who submits a valid claim form without proof of purchase is entitled to receive payment in the amounts above for each purchase **up to $20.00 per Class Member**, limited to one Class Member per household.

*I swear and affirm under the penalty of perjury that the above is true to the best of my knowledge.*


_____     _____     _____
Signature of Claimant                     Print Name                                        Date

# EXHIBIT  B

## <u>Notice of Pendency and Proposed Settlement of Class Action</u>

**To: All individuals who purchased Neuriva® Products from January 1, 2019 to [Date of Preliminary Approval].**

*Products Include: Neuriva® Original, Plus, and De-Stress, all sizes.*

Your rights may be affected by this class action lawsuit and the proposed settlement of the lawsuit discussed in this court-authorized notice ("Proposed Settlement"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from, the class, and the effect of exercising your various options.

## <u>You are not being sued</u>.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | If you do nothing, you will be bound by the settlement and its benefits, if it is approved. |
| EXCLUDE YOURSELF | Write to the Settlement Administrator if you do not want to benefit from, or be bound by, this settlement. |
| OBJECT | File an objection with the Court if you are not satisfied with the settlement. |
| GO TO A HEARING | If you file an objection, you may ask for permission to speak in Court about the fairness of the settlement. |
| MAKE A CLAIM | Make a claim for benefits under the settlement. |

Your legal rights and options--**and the deadlines to exercise them**--are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the Settlement Agreement on file with the Court.

### 1. Why did the Court issue this notice?

This Notice is given to inform you that (1) a class action lawsuit is pending in the United States District Court for the Southern District of Florida entitled *Williams, et al. v. Reckitt Benckiser LLC, et al.*, 1:20-cv-23564-MGC (S.D. Fla.) (the "Action"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

### 2. What is this Action about?

Plaintiffs have brought this action against Defendants, on behalf of themselves and all other persons who, from January 1, 2019 up to and including [Date of Preliminary Approval] (the

"Class Period"), purchased in the United States for consumption and not resale bottles of Neuriva® Products, including all variations and sizes of Neuriva Original, Neuriva, Plus, and Neuriva De-Stress.

Plaintiffs alleged that Reckitt Benckiser LLC and RB Health (US) LLC ("Reckitt" or "Defendants") advertised that Neuriva® Products are clinically and scientifically "proven" and such representations are false and misleading. Plaintiffs maintain that Defendants actions constitute violations of various states' consumer protection laws, as well as other laws.

Reckitt denies Plaintiffs' claims and charges, denies that it has violated any laws, and maintains that the labeling, packaging, and marketing of Neuriva® Products have always been truthful and not deceptive.

In addition to this Action, this settlement also resolves all Neuriva Actions (as defined in the settlement agreement) that have been or could have been filed on the same basis as the Action, including *Matthews v. Reckitt Benckiser LLC, et al.,* Case No. 1:20-cv-00854 (E.D. Cal.); *Angeles v. Reckitt Benckiser LLC, et al.,* Case No. 1:20-cv-07138 (S.D.N.Y); and *Clark v. Reckitt Benckiser et al.* (unfiled).

**3. How do I know if I am part of the Settlement Class?**

The Court has conditionally certified a Settlement Class defined as the following:

> All persons who purchased for personal consumption and not for resale, one or more of the Neuriva Products, from Reckitt or an authorized reseller, in the United States, between the dates of January 1, 2019 and the date of Preliminary Approval of the Class Settlement by the Court.

Excluded from the Settlement Class shall be the Honorable Erica P. Grosjean, the Honorable Marcia G. Cooke, the Honorable Jonathan Goodman, the Honorable Ronnie Abrams, counsel to the Parties, Jill Sperber, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Reckitt, any entity in which Reckitt has a controlling interest, any of Reckitt's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

**4. What are the reasons for the Settlement?**

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after extensive negotiations, an exchange of information, and consideration of the risks and benefits of settlement.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the Proposed Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for Defendants. They also considered the value of the immediate benefit to Settlement Class Members versus the

costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years.

## 5. What does the Settlement provide?

**BENEFITS.** If the Proposed Settlement is ultimately approved by the Court, it will provide cash payments and other relief to the Settlement Class. In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against Defendants and related entities concerning or relating to the allegations raised in this Action. The central provisions of the Settlement are as follows:

### Injunctive Relief.

Reckitt shall change all Neuriva Product label and marketing references as follows:

a.   Any references to "Clinically Proven" on the Neuriva Product labels shall be changed to "Clinically Tested" or similar language, such as clinical studies have "shown;"

b.   Any references to "Clinically Proven" in ancillary marketing (including websites, advertising, and social media) shall be changed to "Clinically Tested" or similar language, such as clinical studies have "shown;"

c.   Any references to "Science Proved" on the Product labels or in ancillary marketing (including websites, advertising, and social media) shall be changed to "Science Tested" or similar language, such as scientific studies have "shown."

d.   Such injunctive relief will last for no longer than two (2) years.

### Monetary Relief.

Reckitt shall pay or cause to be paid certain monetary relief to each Class Member who submits a Valid Claim for purchase(s) of Neuriva Product based upon the following two-tier, capped claims-made settlement structure:

a.   Class Members who provide Proof(s) of Purchase may be entitled to recover thirty-two dollars and fifty cents ($32.50) per Valid Claim and may make up to two (2) Claims for a maximum of sixty-five dollars ($65.00). Notwithstanding the preceding, in no circumstance shall Reckitt pay an amount that exceeds the actual purchase amount reflected in a Settlement Class Member's Proof of Purchase.

b.   Class Members who do not provide Proof of Purchase may be entitled to recover five dollars ($5.00) per Claim and may make up to four (4) Claims for a maximum of twenty dollars ($20.00).

150664235.1                          B-3

c.      Valid Claims shall be paid by Reckitt pursuant to a total maximum, or cap, of eight million dollars ($8,000,000.00).

d.      Valid Claims shall be limited to one Settlement Class Member per Household.

**NOTICE AND ADMINISTRATION.** In addition to the above relief, Defendants will also pay for the costs of Notice and to administer the settlement.

**CLAIM PROCEDURE.** To receive a cash payment, Settlement Class Members must complete, sign, and submit a Claim Form ON OR BEFORE [45 Days After Final Approval]. The Claim Form may be filed online or by U.S. mail. For some claims, proof of purchase is required. Please review the claim form for more information.

> **You may visit www. _____.com to file your claim online or obtain a claim form by calling 1-(888) \_\_\_-\_\_\_\_.**

You can also obtain a Claim Form by letter request, enclosing a self-addressed, stamped envelope to *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**RELEASE.** Unless you exclude yourself from the Settlement Class, approval of this Proposed Settlement will result in a release by you of all claims against Defendants and other related entities and individuals concerning or relating to the allegations or claims raised in this Action.

**MORE INFORMATION.** The complete terms of the settlement are in the Settlement Agreement, which is available online at www._____.com or by calling 1-(888)\_\_\_-\_\_\_\_.

### 6. Do I have a lawyer in the case?

The Court has appointed the following counsel as Class Counsel: (1) Whitfield Bryson LLP; (2) Greg Coleman Law PC; (3) Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA; (4) Barbat, Mansour, & Suciu PLLC, (5) Bursor & Fisher PA; and (6) Shub Law Firm LLC. You also have a right to obtain your own attorney. But, if you hire your own attorney, you will have to pay that attorney. You can ask your attorney to appear at the Fairness hearing for you if you want someone other than Class Counsel to represent you.

### 7. How will the lawyers for the Settlement Class be paid?

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement. Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs. Like all class action settlements, the amount of attorneys' fees and costs awarded to class counsel is left to the discretion of the Court presiding over the Action. The Parties have agreed, however, that separate and apart from the monetary relief Defendants will provide to the Settlement Class, and subject to Court approval, Defendants will not object to a collective award of attorneys' fees and costs up to $2,900,000 for Class Counsel as defined in the Settlement Agreement. Further, Defendants have agreed to not

oppose a request for Class Representative awards in the amount of $2,000.00 each to David Williams, Caroll Anglade, Thomas Matthews, Maritza Angeles, and Howard Clark, as further described in the Settlement Agreement.

Class Counsel will file any motion for an award of Class Counsel's Fees on or before [Date of set by the Court].

## 8. What happens if I do nothing after receiving this notice?

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendants and other related entities concerning or relating to the allegations or claims raised in this Action.

As long as you do not request exclusion from the Settlement Class, you may be entitled to the payments described in Section 5 if you submit a valid claim.

**You must complete and submit a Claim Form no later than [45 Days After Final Approval]**, or your claim will not be considered and will be rejected.

## 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a Settlement Class Member and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Proposed Settlement for purposes of damages claims and will not be eligible to receive any money from the Proposed Settlement, but they will retain the right to sue Defendants for damages, at their own cost.

You cannot exclude yourself from the Settlement Class and the Proposed Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the settlement to object or appear.

## 10. How do I request exclusion?

You may exclude yourself from the Settlement Class (for purposes of damages claims only) provided that your request is made in writing and *delivered* before [**21 Days Prior to Final Approval Hearing**]. To exclude yourself, you can download an exclusion form available at www._____.com or send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, and (c) a clear statement communicating that you elect to be excluded from the settlement. Your written request to exclude yourself from the settlement must be sent to the *Williams, et al. v. Reckitt Benckiser LLC, et al.* Settlement Administrator. P.O. Box 58220 Philadelphia, PA 19102.

You will be excluded from the settlement only if your request is *delivered* on or before [**21 Days Prior to Final Approval Hearing**], and includes the required information. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the Proposed Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Proposed Settlement.

In determining whether you want to exclude yourself from the settlement, you are advised to consult your own personal attorney, as there may be issues particular to your circumstances that require consideration.

## 11. What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Proposed Settlement. To object, you must provide the following information in writing: (i) the case name and number *Williams, et al. v. Reckitt Benckiser, LLC*, Case No. 1:20-cv-23564-MGC; (ii) your full name, current address, and current telephone number; (iii) the name, address, and telephone number of your attorney (if any); (iv) documentation or attestation sufficient to establish membership in the Class; (v) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position(s); (vi) provide copies of any other documents that you wish to submit in support of your position; (vii) whether you are requesting an opportunity to appear and be heard at the Final Approval Hearing; (viii) a detailed list of any other objections submit by your (or your attorney) to any other class actions in the past 5 years, or a statement that no prior objections have been made; and (ix) your objection must be signed by you and your attorney (if any).

Your objection must be *delivered* before [**21 Days Prior to Final Approval Hearing**] to *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

Finally, subject to approval of the Court, any objecting Settlement Class Member may appear,

in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendants' Counsel (at the addresses listed below), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before **[21 Days Prior to Final Approval Hearing]**.

1. Class Counsel: Daniel K. Bryson, Esq., Whitfield Bryson LLP, 900 W. Morgan St., Raleigh NC 27603

2. Settling Defendants' Counsel: David T. Biderman, Esq., Perkins Coie LLP, 1888 Century Park East Suite 1700, Los Angeles, CA 90067

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## 12. When and where will the Court determine whether to approve the settlement?

The Court has scheduled a Final Approval Hearing for **[Final Approval Hearing Date]** at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Room 1168, Miami, Florida 33132. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No. You are not required to come to the hearing, but you are welcome to come at your own expense. The hearing may be in person or via video conference, subject to the Court's order.

Settlement Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a Notice of Intention to Appear to the Clerk of the Court at the address set forth in Section 11 above, and serve copies on Class Counsel and counsel for Defendants at the addresses set forth in Section 11 above no later than **[21 Days Prior to Final Approval Hearing]**.

## 14. What if the proposed settlement is not approved?

B-7

If the Proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved will be decertified, this action will proceed without further notice, and none of the agreements set forth in this notice will be valid or enforceable.

**15. How do I get more information about the settlement?**

This Notice only summarizes the Proposed Settlement. The official terms of the Proposed Settlement are available by visiting the Settlement Website at www._____.com, reviewing the public files at the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128 or by calling 1-(888)____-_____and requesting a copy of the Settlement Agreement. In the event of a conflict between the terms of this Notice and the Proposed Settlement, the terms of the Proposed Settlement will govern.

All questions you may have concerning the Settlement Agreement or this Notice should be directed to *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

## Please DO NOT Contact the Court.

# EXHIBIT  C

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

DAVID WILLIAMS, CAROLL
ANGLADE, THOMAS MATTHEWS,
MARITZA ANGELES, and HOWARD
CLARK *individually, and on
behalf of other similarly situated individuals,*

      Plaintiffs,

v.

RECKITT BENCKISER LLC and RB
HEALTH (US) LLC,

      Defendants.

CASE NO. 1:20-cv-23564-MGC

## FINAL ORDER AND JUDGMENT

On_____, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs David Williams, Caroll Anglade, Thomas Matthews, Maritza Angeles, and Howard Clark individually and on behalf of the Settlement Class (hereinafter "Plaintiffs" or "Class Representatives"), on the one hand, and Defendants Reckitt Benckiser LLC and RB Health (US) LLC (collectively, "Reckitt" or "Defendants").[1]

On_____, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative award applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

C-1

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.      The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3.      The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendants have acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of All persons who purchased for personal consumption and not for resale, one or more of the Neuriva Products, from Reckitt or an authorized reseller, in the United States, between the dates of January 1, 2019 and the date of Preliminary Approval of the Class Settlement by the Court. Excluded from the Settlement Class shall be the Honorable Erica P. Grosjean, the Honorable Marcia G. Cooke, the Honorable Jonathan Goodman, the Honorable Ronnie Abrams, counsel to the Parties, Jill Sperber, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Reckitt, any entity in which Reckitt has a controlling interest, any of Reckitt's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $_____ payable pursuant to the terms of the Settlement Agreement. The Court also awards case contribution awards in the amount of $_____ each to the Class Representatives and Additional Plaintiffs.

6.      The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits, whether maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns, or otherwise, on the basis of, arising from, or relating to the allegations or claims in this Action.

7.      The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims:

## VI. RELEASE

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge the Settling Defendants, and all of their present and former parent companies, subsidiaries, special purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Class Representatives, Additional Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the allegations or claims in the *Williams* Action and the Neuriva Actions that the Neuriva Products were misleadingly marketed or sold, or that relate to the labeling and marketing of the Neuriva Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Neuriva

C-3

Products.

8.     This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10.    The Court shall retain continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement Agreement and the Parties agree to cooperate and to take all necessary and appropriate steps to ensure the enforceability of the Settlement Agreement. The Court's continuing jurisdiction includes, but is not limited to, the enforcement and applicability of the injunctive relief provided for in Section IV.A.1. of the Settlement Agreement with respect to any parties who may assert claims against Reckitt that implicate the terms of the Settlement or Agreement, including the injunctive relief agreed to therein. In granting Final Judgment, the court shall enjoin all actions in any jurisdiction against the Discharged Parties as is necessary to preserve the Court's jurisdiction.

11.    This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this_____day of

_____, 2021.


_____
HONORABLE MARCIA G. COOKE
United States District Judge


Copies furnished to all counsel of record.

C-4

# EXHIBIT  D



# EXHIBIT  E







E-3