# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 20-23564-CIV-COOKE/GOODMAN

DAVID WILLIAMS, et al.,

    Plaintiffs,

v.

RECKITT BENCKISER LLC, et al.,

    Defendants.

_____/

### STIPULATED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS

This cause is before the Court upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of the Settlement Class ("Motion for Preliminary Approval") [ECF No. 52]. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court has considered the Settlement Agreement executed on behalf of the Plaintiffs and Defendants Reckitt Benckiser LLC and RB Health (US) LLC ("Defendants"). Upon review of the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval, the Motion for Preliminary Approval is hereby **GRANTED**.

1. The terms of the settlement are within the range of reasonableness and accordingly are preliminarily approved. In addition, this Court finds that certification of the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, and Plaintiffs fairly and adequately represent the interests of the Settlement Class. The Motion for Preliminary Approval of Settlement is therefore **GRANTED**.

2. For the reasons set forth below, subject to final approval, this Court hereby preliminarily certifies the following nationwide Settlement Class:

> All persons who purchased for personal consumption and not for resale, one or more of the Neuriva Products (Neuriva Original, Neuriva Plus, or Neuriva De-Stress), from Defendants or an authorized reseller, in the United States, between the dates of January 1, 2019 and the date of Preliminary Approval of the Settlement by the Court.

Excluded from the Settlement Class shall be the Honorable Erica P. Grosjean, the Honorable Marcia G. Cooke, the Honorable Jonathan Goodman, the Honorable Ronnie Abrams, counsel to the Parties, Jill Sperber, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Defendants, any entity in which Defendants have a controlling interest, any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

3. The Court hereby appoints as Class Counsel: Whitfield Bryson LLP; Greg Coleman Law PC; Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA; Barbat, Mansour, & Suciu PLLC; Bursor & Fisher PA; and Shub Law Firm LLC.

4. The Court finds that, for purposes of this settlement, the class certification prerequisites set forth in Federal Rule of Civil Procedure 23(a), (b)(3), and 23(b)(2) that numerosity, commonality, typicality, and adequacy of representation have been met, that the Settlement Class is ascertainable, that common issues predominate over any possible individual issues that could be raised, that Defendants have acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate, and that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. At the Final Approval Hearing, the Court will consider whether the terms of the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether final orders and judgments in accordance with the terms of the Settlement Agreement should be entered. The definitions set forth in the Settlement Agreement are adopted by and used in this Order.

6. The Court preliminarily finds that the Settlement Agreement (1) was reached after arm's length negotiations before an experienced mediator, and after substantial factual and legal analyses by the parties; and (2) provides substantial benefits to all Class Members, especially in light of the risks associated with this litigation. As

provided in the Settlement Agreement, refunds shall be paid to Settlement Class Members. In addition, the Settlement Agreement provides injunctive relief in the form of label and marketing changes.

7. The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members. The Settlement Administrator shall commence to disseminate the Class Notice within twenty-one days of the date this Order is entered.

8. The Court appoints Angeion Group, who has been approved by the Parties, to serve as the Settlement Administrator.

9. The Settlement Administrator shall take all necessary actions to implement the terms of the Settlement Agreement and facilitate the claims notice and administration process described therein for the benefit of the Settlement Class Members. The fees and costs of the Settlement Administrator shall be paid by Defendants.

10. The Settlement Administrator shall implement the Notice Plan as described in the Declaration of Steven Weisbrot and in accordance with the Settlement Agreement.

11. Class Members will have up to July 27, 2021 to opt out of or exclude themselves from the Settlement for purposes of damages claims only. To opt out or exclude themselves, Class Members can fill out an exclusion form available at www.RBsettlement.com or send a letter that includes (a) the name of the case, (b) the name, current address, telephone number, and signature of the Class Member who wishes to be excluded, and (c) a clear statement communicating that the Class Member elects to be excluded from the settlement. The Class Member's written request to exclude him or herself from the settlement must be sent to the Williams, et al. v. Reckitt Benckiser LLC, et al. Settlement Administrator, P.O. Box 58220, Philadelphia, PA 19102 and be delivered (not just postmarked) by July 27, 2021.

12. A Class Member who does not properly and timely exclude him or herself from the Settlement Class will be bound by the Settlement Agreement and the Releases, as provided for therein, and by any judgments in this action.

13. To object to the Settlement, a Class Member must do so in writing no later than July 27, 2021.  The objecting Class Member must provide the following information in writing: (i) the case name and number (*Williams, et al. v. Reckitt Benckiser, LLC*, Case No. 1:20-cv-23564-MGC); (ii) the Class Member's full name, current address, and current telephone number; (iii) the name, address, and telephone number of the Class Member's attorney (if any); (iv) documentation or attestation sufficient to establish membership in the Class; (v) a statement of the position(s) the Class Member wishes to assert, including

the factual and legal grounds for the position(s); (vi) copies of any other documents that the Class Member wishes to submit in support of his or her position; (vii) whether the Class Member is requesting an opportunity to appear and be heard at the Final Approval Hearing; (viii) a detailed list of any other objections submitted by the Class Member (or the Class Member's attorney) to any other class actions in the past 5 years, or a statement that no prior objections have been made; and (ix) the Class Member's objection must be signed by the Class Member and the Class Member's attorney (if any).

14. The objection must be delivered before July 27, 2021 to *Williams, et al. v. Reckitt Benckiser, et al.* Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  Class Counsel shall be obliged to file all responses to objections with the Court on or before August 10, 2021.

15. Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendants' Counsel (at the addresses listed below), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before July 27, 2021.

| | |
|---|---|
| Class Counsel: | Daniel K. Bryson, Esq., Whitfield Bryson LLP, 900 W. Morgan St., Raleigh NC 27603. |
| Defendants' Counsel: | David T. Biderman, Esq., Perkins Coie LLP, 1888 Century Park East Suite 1700, Los Angeles, CA 90067. |

16. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or their counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

17. Subject to the terms for objections set forth above and in the Settlement Agreement and Notice, a Class Member may appear at the Final Approval Hearing to show cause on the issue of whether any of the terms of the settlement should not be approved as fair, reasonable and adequate, or whether judgment should be entered upon them.

18. Any Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the settlement.

19. Class Counsel shall file their Motion for Attorneys' Fees and Expenses no later than July 16, 2021.

20. The Final Approval Hearing will be held before this Court on August 17, 2021, at 10:30 a.m., at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, 11th Floor, Courtroom 3, Miami, Florida 33132 to consider the fairness, reasonableness, and adequacy of the proposed settlement and to determine whether the settlement should be finally approved. The Final Approval Hearing will either be a traditional, in-Court hearing or a Zoom video hearing, depending on the status of the COVID-19 pandemic. The Court will issue specific instructions approximately three weeks before the final hearing regarding the manner in which the Final Approval Hearing will be conducted. The Parties are directed to update the Settlement Website with these specific instructions within 48 hours of the Court's issuance of same.

21. To preserve the status quo pending the Court's determination of whether to grant final approval of the settlement, it is hereby ordered under 28 U.S.C. § 1651 and Rule 23 of the Federal Rules of Civil Procedure that except as expressly provided in the Settlement Agreement, all Class Members are temporarily enjoined from commencing, continuing, or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against the Defendants with respect to any claims that are subject to the Settlement Agreement, except that any individuals may move this Court at any time for an Order that they have opted out pursuant to the Settlement Agreement so that they can proceed on an individual basis with their own individual litigation. This injunction will terminate at the time the Court determines whether to

grant final approval of the Settlement and, prior to that time, any request for relief from this injunction shall be made to this Court. The Court finds that issuance of this temporary injunction is necessary and appropriate in aid of its jurisdiction over the Action.

22. The Court retains continuing jurisdiction over this action for all purposes.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 23, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record