## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**Case No.: 1:20-cv-23564-MGC**

| |
|---|
| DAVID WILLIAMS and CAROLL ANGLADE, THOMAS MATTHEWS, MARTIZA ANGELES, and HOWARD CLARK, *on behalf of himself and all others similarly situated*, |
| Plaintiffs, |
| v. |
| RECKITT BENCKISER LLC and RB HEALTH (US) LLC, |
| Defendants. |
| Theodore H. Frank, |
| Objector. |

## DECLARATION OF THEODORE H. FRANK

I, Theodore H. Frank, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      My business address is Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006. My telephone number is (703) 203-3848. My email address is ted.frank@hlli.org. I am a 1994 graduate of the University of Chicago Law School and an elected member of the American Law Institute.

3.      Hamilton Lincoln Law Institute and its attorneys, of which I am one, along with local counsel Matthew Sarelson, represent me in this matter.

<h3 align="center">Class Membership</h3>

4.      On February 2, 2021, during the class period, I purchased a 30-count bottle of Neuriva Original from Amazon (sold by Pharmapacks) for $21.95 for personal consumption for delivery in the United States. I am not within any of the classes of persons excluded from the settlement. I have not opted out. A true and correct copy of a receipt showing my purchase is attached as Exhibit 1.

5.      On July 25, 2021, I filed a claim in this case on the settlement website using my home mailing address, submitting a similar copy of my receipt. The website stated that my Submitted Claim ID was RBS5037510, and that my Confirmation Code was an eight-digit code ending in 105.

6.      I therefore am a member of the putative settlement class as defined in the Settlement Agreement and Release and Court's Preliminary Approval Order with standing to object.

7.      The proposed injunctive relief is prospective, and I currently have no plans to purchase any Neuriva Product in the future. The injunctive relief provides me no benefit.

8.      I bring this objection in good faith. I have no intention of settling this objection for any sort of side payment. Unlike objectors who threaten or attempt to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, neither I nor my counsel engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

9.      Thus, if contrary to CCAF's recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by class counsel or defendants paid to me or any person or entity

related to me in any way without court approval, I hereby irrevocably waive any and all defenses to a motion seeking disgorgement to the class of any and all funds paid in exchange for dismissing my objection nor appeal. In addition, if the Court has any skepticism about my motives, I am happy to stipulate to an injunction forbidding me from seeking compensation for settling my objection at any stage without court approval.

10.     The specific reasons for my objection and a detailed statement of the legal basis for such objection is set forth in my contemporaneously filed objection.

11.     My objection applies to the entire class.

### Center for Class Action Fairness

12.     I founded the non-profit Center for Class Action Fairness ("CCAF"), a 501(c)(3) non-profit public-interest law firm based out of Washington, DC, in 2009. In 2015, CCAF merged into the non-profit Competitive Enterprise Institute ("CEI") and became a division within their law and litigation unit. In January 2019, CCAF became part of the Hamilton Lincoln Law Institute ("HLLI"), a new non-profit public-interest law firm I co-founded with Melissa Holyoak in 2018.

13.     CCAF's mission is to litigate on behalf of class members against unfair class action procedures and settlements. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (praising CCAF's work); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (describing CCAF's client's objections as "numerous, detailed and substantive") (reversing settlement approval and certification); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C. 2013) (describing CCAF's client's objection as "comprehensive and sophisticated" and noting that "[o]ne good objector may be worth many frivolous objections in ascertaining the fairness of a settlement") (rejecting settlement approval and certification). The Center has won over 200 million dollars for class members and received national acclaim for its work. *See, e.g.*, Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. Times, Aug. 13, 2013 ("the leading critic of abusive class action settlements"); Roger Parloff, *Should Plaintiffs Lawyers Get 94% of a Class Action Settlement?*, Fortune, Dec. 15, 2015 ("the nation's most relentless warrior against class-action fee abuse"); The Editorial Board, *The Anthem Class-*

*Action Con*, Wall St. J., Feb. 11, 2018 (opining "[t]he U.S. could use more Ted Franks" while covering CCAF's role in exposing "legal looting" in the Anthem data breach MDL).

14.     The Center has been successful, winning reversal or remand in over twenty federal appeals decided to date in courts of appeals and the Supreme Court. *E.g., Frank v. Gaos*, 139 S. Ct. 1041 (2019); *Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021); *Berni v. Barilla S.P.A*, 964 F.3d 141 (2d Cir. 2020); *Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020); *In re Lithium Ion Batteries Antitrust Litig.*, 777 Fed. Appx. 221 (9th Cir. 2019) (unpublished); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316 (3d Cir. 2019); *In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018); *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); *In re EasySaver Rewards Litig.*, 599 Fed. Appx. 274 (9th Cir. 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). While, like most experienced litigators, we have not won every appeal we have litigated, CCAF has won the majority of them.

15.     CCAF has represented clients in the following objections to settlements or fee requests, which I color-code as green for successful or partially successful; red for unsuccessful; and white for pending without interim success. While the Preliminary Approval Order only requires this information for the past 5 years, I provide this information for all CCAF objections, including cases where I or another CCAF attorney objected *pro se*, so there is no dispute over whether we have complied with the disclosure requirements. Note that some cases involve multiple objections to multiple iterations of the settlement. Unless otherwise indicated, we did not receive payment. In the interests of disclosure, I am identifying all objections where HLLI and CCAF attorneys have appeared

as counsel or *pro se* even if those attorneys have not yet worked or will not work on this objection. (For example, former CCAF attorney Melissa Holyoak is now Utah Solicitor General, and will not work on this objection for CCAF.) This list does not include class-action settlement cases where we were appointed or sought amicus status on behalf of class interests without representing an objecting class member, or cases where we sought to be appointed guardian ad litem on behalf of the class.

| Case | Result |
|------|--------|
| *In re Bluetooth Headset Products Liability Litigation*, Case No 2:07-ML-1822-DSF-E (C.D. Cal.) | District court approved the settlement and fee request. On appeal, the Ninth Circuit vacated, 654 F.3d 935 (9th Cir. 2011). On remand, the district court approved the settlement and reduced fees from $800,000 to $232,000. We did not appeal again, and received no payment. |
| *In re TD Ameritrade Account Holder Litigation*, Case No C 07-2852 VRW (N.D. Cal.) | The objection was successful and the district court rejected the settlement. 2009 U.S. Dist. LEXIS 126407 (N.D. Cal. Oct. 23, 2009). A substantially improved settlement was approved. |
| *Fairchild v. AOL*, Case No 09-cv-03568 CAS (PLAx) (C.D. Cal.) | The trial court approved the settlement and fee request. The Center appealed and in November, 2011, the Ninth Circuit reversed, sustaining the Center's objection to the improper *cy pres*. *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). On remand, the parties cured the abusive *cy pres*. |
| *In re Yahoo! Litigation*, Case No 06-cv-2737 CAS (FMOx) (C.D. Cal.) | The district court approved the settlement and fee request. I withdrew from representations of my clients during the appeal, and my former clients chose to voluntarily dismiss their appeal. I received no payment. I believe the appeal was meritorious and would have prevailed and that the plaintiffs' tactic of buying off my clients at the expense of the class was unethical. |
| *True v. American Honda Motor Co.*, Case No. 07-cv-00287 VAP (OPx) (C.D. Cal.) | The objection was successful and the district court rejected the settlement. 749 F. Supp. 2d 1052 (C.D. Cal. 2010). The parties negotiated a substantially improved settlement in California state court, winning the class millions of dollars more in benefit. CCAF attorney Frank Bednarz appeared for the objector *pro hac vice*. |
| *Lonardo v. Travelers Indemnity*, Case No. 06-cv-0962 (N.D. Ohio) | The parties in response to the objection modified the settlement to improve class recovery from $2.8M to $4.8M while reducing attorneys' fees from $6.6M to $4.6M and the district court approved the modified settlement and awarded CCAF about $40,000 in fees. 706 F. Supp. 2d 766 (N.D. Ohio 2010). The "Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving." *Id.* at 804. We did not appeal, and received no payment beyond that ordered by the court. |

| Case | Result |
|---|---|
| *In re Motor Fuel Temperature Sales Practices Litigation*, Case No. 07-MD-1840-KHV (D. Kan.) | We objected to the settlement to Costco; the district court rejected the settlement, but approved a materially identical one after our renewed objection. The district court approved several other settlements that CCAF objected to (including several with me as the objector). The Tenth Circuit affirmed and denied our petition for rehearing *en banc*. |
| *Bachman v. A.G. Edwards*, Cause No: 22052-01266-03 (Mo. Cir. Ct.) | The district court approved the settlement and fee request, and the decision was affirmed by the intermediate appellate court. The Missouri Supreme Court declined further review. |
| *Dewey v. Volkswagen*, Case No. 07-2249(FSH) (D.N.J.) | We objected on behalf of multiple class members, including a law professor. The district court approved the settlement, but reduced the fee request from $22.5 million to $9.2 million. CCAF appealed and the settling parties cross-appealed the fee award. On appeal, the Third Circuit sustained CCAF's objection to the Rule 23(a)(4) determination and vacated the settlement approval. 681 F.3d 170 (3d Cir. 2012). On remand, the parties modified the settlement to address CCAF's objection and make monetary relief available to hundreds of thousands of class members who had been frozen out by the previous settlement. The district court awarded CCAF $86,000 in fees. Other objectors appealed and we defended the district court's settlement approval on appeal. The Third Circuit affirmed the settlement approval and the Supreme Court denied *certiorari*. We received no payment beyond that authorized by the court. |
| *In re Apple Inc. Securities Litig.*, Case No. C-06-5208-JF (N.D. Cal.) | As a result of CCAF's objection, the parties modified the settlement to pay an additional $2.5 million to the class instead of third-party *cy pres*. The district court awarded attorneys' fees to CCAF and approved the settlement and fee request. We did not appeal and received no payment beyond that authorized by the court. |
| *Robert F. Booth Trust v. Crowley*, Case No. 09-cv-5314 (N.D. Ill.) (Rule 23.1) (*pro se* objector) | The district court denied my motion to intervene and dismiss abusive shareholder derivative litigation that sought $930,000 in fees, and then rejected the proposed settlement. I appealed. On appeal, the Seventh Circuit agreed (1) that my motion to intervene should have been granted and (2) my motion to dismiss should have been granted, and remanded with orders to dismiss the litigation. 687 F.3d 314 (7th Cir. 2012). As a result, Sears shareholders saved $930,000 in attorneys' fees. CCAF was awarded a few hundred dollars in costs. |

| Case | Result |
|---|---|
| *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ (W.D. Wash.) | We objected on behalf of law professor Michael Krauss. The district court granted CCAF's objection and rejected the settlement. The parties proposed an improved settlement, and the district court sustained our renewed objection to the settlement. The parties modified the settlement again to pay class members over $2 million more than the original settlement, and the district court agreed with CCAF that the fee request was excessive, reducing the fee request from $1.05 million to $800,000. The district court praised CCAF's work and sanctioned plaintiffs $100,000 (awarded to the class) for its abusive discovery of objectors. 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012). CCAF did not appeal and did not receive any payment. |
| *Ercoline v. Unilever*, Case No. 10-cv-1747 (D. N.J.) (*pro se* objector) | The district court approved the $0 settlement and fee request. I did not appeal, and neither I nor CCAF received any payment. |
| *In re HP Inkjet Printer Litigation*, Case No. 05-cv-3580 (N.D. Cal.) (*pro se* objector) | The district court approved the settlement and reduced the fee request from $2.3 million to $1.5 million. On appeal, the Ninth Circuit vacated the settlement approval and fee award. 716 F.3d 1173 (9th Cir. 2013). On remand, the district court again approved the settlement and reduced the fee request to $1.35 million. We did not appeal, and received no payment. |
| *In re HP Laserjet Printer Litigation,* Case No. 8:07-cv-00667-AG-RNB (C.D. Cal) (*pro se* objector) | The trial court approved the settlement, while lowering the attorneys' fees from $2.75M to $2M. We did not appeal, and received no payment. |
| *In re New Motor Vehicles Canadian Export Antitrust Litigation*, No. MDL 03-1532 (D. Me.) (I was objector represented by CCAF counsel Dan Greenberg) | The trial court agreed with my objection that the *cy pres* was inappropriate, and the parties modified the settlement to augment class recovery by $500,000. The court affirmed the fee request, but awarded CCAF about $20,000 in fees. |
| *Sobel v. Hertz Corp.*, No. 06-cv-545 (D. Nev.) (CCAF attorney Dan Greenberg) | The district court agreed with our objection and refused to approve the coupon settlement. The parties litigated, and the district court granted partial summary judgment in the amount of $45 million, and awarded CCAF fees of $90,000. Hertz won reversal on appeal, and CCAF received nothing. |

| Case | Result |
|---|---|
| *Cobell v. Salazar*, Case No. 1:96-cv-1285 (TFH) (D.D.C.) | The district court approved the settlement, but reduced the requested fees from $224 million to $99 million, and reduced the proposed incentive award by several million dollars, creating over $130 million of additional benefit to the class. On appeal, the D.C. Circuit affirmed the settlement approval. 679 F.3d 909. CCAF's client retained other counsel and petitioned the Supreme Court to hear the case. The Supreme Court denied the writ of certiorari. We received no payment. |
| *Stetson v. West Publishing*, Case No. CV-08-00810-R (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained our objection and rejected the coupon settlement. The parties proposed a modified settlement that improved class recovery by several million dollars. We did not object to the new settlement, and neither sought nor received payment. |
| *McDonough v. Toys "R" Us* and *Elliott v. Toys "R" Us*, Case Nos. 2:06-cv-00242-AB, No. 2:09-cv-06151-AB (E.D. Pa.) | The district court approved the settlement and fee request. CCAF appealed, and the Third Circuit vacated the settlement approval and fee award. *In re Baby Prods Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). On remand, the parties negotiated an improved settlement that improved class recovery by about $15 million. We did not object to the settlement but objected to the renewed fee request. The district court awarded CCAF $742,500 in fees and reduced class counsel's fees by the same amount. CCAF appealed, but voluntarily dismissed the appeal without receiving any payment beyond what was ordered by the court. |
| *Trombley v. National City Bank,* Case No. 10-cv-232 (JDB) (D.D.C.) | We objected to an excessive fee request of ~$3000/hour for every partner, associate, and paralegal in a case that settled in a reverse auction shortly after a complaint was filed; we further objected to an arbitrary allocation process that prejudiced some class members at the expense of others. The district court approved the settlement and fee request. CCAF did not appeal, and received no payment. Later, CCAF won appeals in the Third and Seventh Circuits on some of the issues we raised in this case. |
| *Blessing v. Sirius XM Radio Inc,* Case No. 09-cv-10035 (S.D.N.Y.) | The district court approved the settlement and fee request, and the Second Circuit affirmed in an unpublished order. CCAF petitioned for *certiorari*. The Supreme Court denied *certiorari*, but Justice Alito wrote separately to indicate that, while *certiorari* was inappropriate, the Second Circuit erred in holding CCAF's client did not have standing to challenge the improper class counsel appointment. *Martin v. Blessing,* 134 S. Ct. 402 (2013). |

| Case | Result |
|---|---|
| *Weeks v. Kellogg Co.*, Case No. CV-09-08102 (MMM) (RZx) (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained CCAF's objection and refused settlement approval. The parties modified the settlement to largely address CCAF's concerns, creating extra pecuniary benefit to the class. The Center sought and was awarded attorneys' fees as a percentage of the benefit conferred, and received no other payment beyond that awarded by the court. |
| *In re Dry Max Pampers Litig.*, Case No. 1:10-cv-00301 TSB (S.D. Ohio) | The district court approved the settlement and fee request. On appeal, the Sixth Circuit vacated both orders. 724 F.3d 713 (6th Cir. 2013). On remand, plaintiffs dismissed the meritless litigation, benefiting the class that would not have to pay the higher costs from abusive litigation. We received no payment. |
| *In re Mutual Funds Investment Litig.*, No. 04-md-15862 (D. Md.) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Barber Auto Sales, Inc. v. UPS*, No. 5:06-cv-04686-IPJ (N.D. Ala.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Brazil v. Dell*, No. C-07-1700 RMW (N.D. Cal.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF appealed. After CCAF filed its opening brief in the Ninth Circuit, the trial court modified its opinion approving the settlement and fee award. CCAF chose to voluntarily dismiss its appeal and received no payment. |
| *Fogel v. Farmers*, No. BC300142 (Super. Ct. Cal. L.A. County) | The trial court approved the settlement and reduced the fees from $90M to $72M. The Center was awarded fees and expenses for its objection, and did not appeal, and received no payment beyond what the court ordered. |
| *Walker v. Frontier Oil*, No. 2011-11451 (Harris Cty. Dist. Ct. Tex.) | The trial court approved the settlement and fee award. On appeal, the Texas Court of Appeals agreed that the $612,500 fee award violated Texas law, saving shareholders $612,500. *Kazman v. Frontier Oil,* 398 SW 3d 377 (Tex. App. 2013). We neither sought nor received payment. |
| *In re MagSafe Apple Power Adapter Litig.*, No. C. 09-1911 JW (N.D. Cal.) | We objected on behalf of law professor Marie Newhouse. The trial court approved the settlement and fee award. On appeal, the Ninth Circuit in an unpublished decision vacated both orders and remanded for further proceedings. The Center renewed its objection and the district court approved the settlement but reduced fees from $3 million to $1.76 million. We did not appeal, and received no payment. |

| Case | Result |
|---|---|
| *In re Online DVD Rental Antitrust Litig.,* No 4:09-md-2029 PJH (N.D. Cal.) | I was the objector. The district court approved the settlement and fee award, and the Ninth Circuit affirmed in an appeal I briefed and argued. 779 F.3d 934 (9th Cir. 2015). On remand, class counsel attempted to distribute over $2 million to *cy pres*. I objected to the *cy pres* proposal, and the court agreed with my objection and ordered distribution to the class. We did not seek attorneys' fees. |
| *In re Nutella Marketing and Sales Practices Litig.,* No 11-1086 (FLW)(DEA) (D.N.J.) (CCAF attorney Dan Greenberg) | The district court approved the settlement, but reduced the fee award by $2.5 million. We did not appeal, and received no payment. |
| *In re Groupon, Inc., Marketing and Sales Practices Litig.,* No. 3:11-md-2238-DMS-RBB (S.D. Cal.) (pro se objection; separately retained in private capacity on appeal) | The district court sustained the objection to the settlement; the parties presented a materially identical settlement and the district court approved that settlement and fee award. I did not appeal and received no payment. Other objectors appealed. After briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. On remand, the parties proposed a new settlement, and I did not object. |
| *In re Johnson & Johnson Derivative Litig.,* No. 10-cv-2033-FLW (D.N.J.) | The district court approved the settlement. CCAF appealed and successfully moved to stay the appeal while the fee request was litigated. The district court reduced the fee request from $10.45 million to about $5.8 million, saving shareholders over $4.6 million. CCAF voluntarily dismissed its appeal, and received no payment. |
| *Pecover v. Electronic Arts Inc.,* No. C 08-02820 CW (N.D. Cal.) (I objected, represented by CCAF attorney Melissa Holyoak) | The district court honored our objection to the excessive *cy pres* and encouraged modifications to the settlement that addressed my objection. As a result of the Center's successful objection, the class recovery improved from $2.2 million to $13.7 million, an improvement of over $11.5 million. The Center did not appeal the decision. The district court awarded $33,975 in attorneys' fees to the Center. The Center received no payment not ordered by the Court. |

| Case | Result |
|---|---|
| *In re EasySaver Rewards Litigation*, No. 3:09-cv-2094-AJB (WVG), No. 3:09-cv-2094-BAS (S.D. Cal.) | The district court approved the settlement and the fee request. On appeal, the Ninth Circuit vacated the settlement approval and remanded for further consideration. We renewed our objection, and the district court approved the settlement and fee request again. On appeal, the Ninth Circuit vacated and remanded the fee award, but affirmed the settlement approval. We sought *certiorari* on the settlement approval, but a defendant obtained a bankruptcy stay, and the Supreme Court denied *certiorari* after plaintiffs argued that *certiorari* should be denied because of the stay. Our client objected to the renewed fee request, and the district court upheld the objection, denying the motion without prejudice. We objected to a new fee request, and the district court substantially reduced fees. The district court then granted our request for attorneys' fees. |
| *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS) (S.D.N.Y.) (*pro se* objection; then represented by CCAF attorneys) | The parties agreed to correct the defective notice. Upon new notice, I restricted my objection to the excessive fee request. The district court agreed to reduce the fee request (and thus increase the class benefit) by $26.7 million. 965 F. Supp. 2d 369 (S.D.N.Y. 2013). I was awarded costs. I appealed the fee decision, but voluntarily dismissed my appeal without further payment. My objection to the *cy pres* proposal was overruled; I won a stay of the *cy pres* order and appealed. While the appeal was pending, in 2017, class counsel agreed to distribute the proposed *cy pres* to the class, and the appeal was remanded to district court after a Rule 62.1 indicative ruling. The district court granted our request for attorneys' fees. |
| *City of Livonia Employees' Retirement System v. Wyeth*, No. 1:07-cv-10329 (RJS) (S.D.N.Y.) | The district court approved the settlement and reduced fees (and thus increased class benefit) by $3,037,500. Though the court ultimately agreed in part with our objection to fees, it was critical of our objection, though it mischaracterized the argument we made. The district court criticized the objection as "frivolous" but the First Circuit recently held in a non-CCAF case that the issue of a minimum distribution threshold does indeed make a settlement problematic. We did not appeal, and received no payment. |
| *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y.) (I objected, represented by CCAF attorney Adam Schulman) | Upon my objection, the parties modified the settlement to provide for direct distribution to about a million class members, increasing class recovery from about $0.5 million to about $5 million. The district court agreed with my objection to one of the *cy pres* recipients, but otherwise approved the settlement and the fee request. CCAF was awarded attorneys' fees. I did not appeal, and neither I nor CCAF received any payment not awarded by the court. |

| Case | Result |
|---|---|
| *In re Southwest Airlines Voucher Litig.*, No. 11-cv-8176 (N.D. Ill.) | The district court approved the settlement, but reduced fees by $1.67 million. We appealed, and the plaintiffs cross-appealed; the Seventh Circuit affirmed, but reduced fees further. On remand, class counsel asserted rights to additional fees, and we objected again. The court denied the fee request in part, and, on motion for reconsideration, vacated the fee order on the grounds notice was required. We negotiated a settlement that tripled relief to the class. We moved for attorneys' fees, which the district court denied. We appealed the denial and won reversal and attorneys' fees. |
| *Fraley v. Facebook, Inc.*, No. 11-cv-01726 (RS) (N.D. Cal.) (*pro se* objection) | The district court approved the settlement, which was modified after our objection by increasing class distributions by 50%. The district court further reduced fees by $2.8 million, which increased the *cy pres* distribution by the same amount. We did not appeal the settlement approval or fee award, and did not receive any payment. Our request for attorneys' fees was denied, and our appeal of that decision was denied. We did not seek *certiorari*. |
| *Pearson v. NBTY*, No. 11-CV-07972 (N.D. Ill) (I objected, represented by CCAF attorneys Melissa Holyoak and Frank Bednarz) | The district court approved the settlement, but reduced fees by $2.6 million. On appeal, the Seventh Circuit reversed the settlement approval, praising the work of the Center. 772 F.3d 778 (7th Cir. 2014). On remand, the settlement was modified to increase class recovery from $0.85 million to about $5.0 million. The second settlement was approved, and CCAF was awarded attorneys' fees of $180,000. Other objectors appealed; we cross-appealed to protect our rights. When the other objectors dismissed their appeals, we dismissed our cross-appeal without any payment beyond that ordered by the court. We moved the district court for relief requiring other objectors who received under-the-table payments to be required to disgorge those payments to the class, an action that was covered by the *Wall Street Journal*. The district court held it did not have jurisdiction over the action, and we appealed that decision and won in the Seventh Circuit. The district court denied the motion to disgorge extortionate objector fees, and we appealed that decision and won again in the Seventh Circuit. 968 F.3d 827 (7th Cir. 2020). |

| Case | Result |
|------|--------|
| *Marek v. Lane,* 134 S. Ct. 8, 571 US – (2013). | In 2013 an objector retained the Center to petition the Supreme Court for a writ of *certiorari* from *Lane v. Facebook.*, 696 F.3d 811 (9th Cir. 2012), *rehearing denied* 709 F.3d 791 (9th Cir. 2013), a case we had not previously been involved in. Although the Supreme Court declined to hear the case, Chief Justice Roberts wrote an opinion respecting denial of *certiorari* declaring the Court's interest in the issue of *cy pres* that has been influential in improving many settlements for class members. |
| *Dennis v. Kellogg, Inc.*, No. 09-cv-01786 (IEG) (S.D. Cal.) | On remand from a Ninth Circuit decision, the district court approved a modified settlement and the fee request. Law professor Todd Henderson was the objector to the modified settlement. The district court initially issued an opinion erroneously criticizing CCAF, but vacated and corrected that opinion. CCAF did not appeal or receive any payment. |
| *Berry v. LexisNexis.*, No. 11-cv-754 (JRS) (E.D. Va.) (CCAF attorney Adam Schulman *pro se*) | The district court approved the settlement and the fee request. The Fourth Circuit affirmed, and the Supreme Court denied *certiorari*. |
| *In re BankAmerica Corp. Secs. Litig.*, No. 13-2620 (8th Cir.) | CCAF was retained as appellate counsel on behalf of a class representative objecting to a *cy pres* distribution and supplemental fee award, and prevailed. 775 F.3d 1060 (8th Cir. 2015). As a result, the class will receive an extra $2.6 to $2.7 million, plus any proceeds from pending collateral litigation against third parties. CCAF did not seek or receive any payment beyond costs. |
| *Redman v. Radioshack Corp.*, No. 11-cv-6741 (N.D. Ill.) | The district court approved the settlement and the fee request. On appeal, the Seventh Circuit reversed, upholding our objection. 768 F.3d 622 (7th Cir. 2014). The case is pending on remand, but is presumably extinguished by RadioShack's bankruptcy. We were awarded costs. |
| *Richardson v. L'Oreal USA,* No. 13-cv-508-JDB (D.D.C.) (CCAF attorney Adam Schulman) | The district court sustained our objection to the settlement. 991 F. Supp. 2d 181 (D.D.C. 2013). We received no payment. |
| *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436 (S.D. Ohio) | We represented law professor Josh Blackman. The district court approved the settlement and fee request. The Sixth Circuit affirmed in a 2-1 decision, and denied *en banc* review. The Supreme Court denied *certiorari*. |
| *Steinfeld v. Discover Financial Services*, No. 3:12-cv-01118-JSW (N.D. Cal.) | We withdrew the objection upon assurances from the parties about the interpretation of some ambiguous settlement terms. We received no payment. |

| Case | Result |
|---|---|
| *In re Aetna UCR Litigation*, No. 07-3541, MDL No. 2020 (D.N.J) (I was a *pro se* objector with assistance from local counsel) | While our objection was pending, the defendant invoked its contractual right to withdraw from the settlement. The litigation is pending. |
| *Poertner v. The Gillette Co.*, No. 6:12-cv-00803 (M.D. Fla.) (I objected, represented by CCAF attorney Adam Schulman) | The district court approved the settlement and the fee award, and the Eleventh Circuit affirmed in an unpublished order, and the Supreme Court denied *certiorari*, despite the circuit split with *Pearson*. |
| *In re Google Referrer Header Privacy Litigation*, No. 10-cv-04809 (N.D. Cal.) (I was a *pro se* objector and also represented HLLI attorney Melissa Holyoak) | The district court approved the settlement and the fee award. The Ninth Circuit affirmed in a 2-1 decision. On April 30, 2018, the Supreme Court granted *certiorari* for the October 2018 Term in *Frank v. Gaos*, No. 17-961. I argued the case in the Supreme Court October 31, 2018. In 2019, the Supreme Court vacated the decision and remanded for consideration of the question of Article III standing. The Ninth Circuit remanded to the district court. The parties withdrew the settlement and are litigating in the district court. |
| *Delacruz v. CytoSport, Inc.*, No. 4:11-cv-03532-CW (N.D. Cal.) (I was a *pro se* objector) | I joined in part the *pro se* objection of William I. Chamberlain. The district court approved the settlement and the fee award. We did not appeal, and received no payment. |
| *In re American Express Anti-Steering Rules Antitrust Litigation*, No. 11-md-2221 (E.D.N.Y.) | We objected and the district court rejected the settlement. We have neither sought nor received payment. |
| *In re Capital One Telephone Consumer Protection Act Litigation*, 12-cv-10064 (N.D. Ill.) | Our objection was only to the fee request, and the district court agreed to a reduction of about $7 million in fees. We appealed seeking further reductions of fees, but plaintiffs offered to pay our client $25,000 to dismiss his appeal, and he accepted the offer against our recommendation and his earlier promise to us. Ethics rules prohibited us from interfering with the client's decision. CCAF received no payment. Seventh Circuit law requires the court to investigate before granting a motion to voluntarily dismiss an appeal of a class action settlement approval, but no investigation was performed, despite extensive press coverage of our protest of class counsel's unethical behavior. |

| Case | Result |
|---|---|
| *Lee v. Enterprise Leasing Company-West*, LLC, No. 3:10-cv-00326 (D. Nev.) (CCAF attorney Melissa Holyoak) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. |
| *Jackson v. Wells Fargo*, No. 2:12-cv-01262-DSC (W.D. Pa.) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. CCAF attorney Adam Schulman represented the objector. |
| *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 3:07-cv-05634-CRB (N.D. Cal.) | The district court approved the settlement, but reduced the Rule 23(h) request for fees and expenses by over $5.1 million, for the benefit of the class. The district court awarded CCAF fees. In a 2-1 decision, the Ninth Circuit affirmed settlement approval. CCAF attorney Anna St. John argued at the district court and appellate level. |
| *Careathers v. Red Bull N. Am., Inc.*, No. 1:13-cv-0369 (KPF) (S.D.N.Y.) (I objected, represented by CCAF attorney Erin Sheley) | The district court approved the settlement, but reduced the fee request by $1.2 million. We did not appeal, and received no payment. |
| *In re Riverbed Securities Litigation*, Consolidated C.A. No. 10484-VCG (Del. Ch.) | CCAF assisted *pro se* objector Sam Kazman, a CEI attorney, before CCAF merged with CEI. The court approved the settlement and reduced the fee request. We did not seek further review, and received no payment. |
| *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.) | The district court denied our objection. We successfully appealed to the Eighth Circuit. On limited remand, the district court denied our objection again. We appealed to the Eighth Circuit, which ordered supplemental briefing, and then affirmed. |
| *In re Polyfoam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio) (CCAF attorney Anna St. John) | We objected to the fees and the *cy pres* proposal, and the district court reduced fees and rejected plaintiffs' proposed *cy pres* recipient. We did not appeal and received no payment. Our request for attorneys' fees was denied, and we did not appeal. |
| *Hays v. Walgreen Co.*, No. 14-C-9786 (N.D. Ill.) | We objected to a $0 settlement that provided only worthless disclosures to the shareholder class. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |
| *In re Subway Footlong Sandwich Mktg. & Sales Pract. Litig.*, No. 2:13-md-2439-LA (E.D. Wisc.) | I objected, represented by CCAF attorney Adam Schulman. The district court approved the settlement and fee request over my objection. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |

| Case | Result |
|------|--------|
| *In re Colgate-Palmolive SoftSoap Antibacterial Hand Soap Mktg. & Sales Pract. Litig.*, No. 12-md-2320 (D.N.H.) | CCAF attorney Anna St. John objected *pro se*. The district court approved the settlement and fee request over her objection. She filed an appeal relating to the *cy pres* provision of the settlement and dismissed the appeal without payment once the *cy pres* issue became moot. |
| *Doe v. Twitter, Inc.*, No. CGC-10-503630 (Cal. Sup. Ct. S.F. Cty.) | The district court approved the settlement over our objection, but reduced attorneys' fees. We did not appeal and received no payment. |
| *Rodriguez v. It's Just Lunch Int'l*, No. 07-cv-9227 (SHS)(SN) (S.D.N.Y.) | CCAF attorney Anna St. John successfully represented an objector to an abusive settlement; the court rejected the settlement. An improved settlement was approved. We appealed the settlement approval, and, upon further evaluation, chose to voluntarily dismiss the appeal. We received no payment. |
| *Rougvie v. Ascena Retail Group*, No. 15-cv-724 (E.D. Pa.) | CCAF attorney Adam Schulman appeared on behalf of two objectors; the parties modified the settlement in part, and district court agreed with our objection that CAFA applied and governed attorneys' fees. We did not appeal, but other objectors appealed. The appeals were voluntarily dismissed. We were ultimately awarded $78,000 in attorneys' fees for our work improving the settlement that provided $702,640 in additional class benefit. |
| *Allen v. Similasan Corp.*, No. 3:12-cv-0376-BAS (JLB) (S.D. Cal.) | CCAF's objection on behalf of an objector to a $0 settlement was upheld. The parties negotiated a new settlement proposing to pay about $500,000 to the class. We did not object to the new settlement, and neither sought nor received payment. |
| *In re PEPCO Holdings, Inc., Stockholder Litig.*, C.A. No. 9600-VCMR (Del. Ch.) | In response to our proposed objection on *Walgreen* grounds, class counsel voluntarily dismissed the lawsuit and proposed settlement, saving the shareholders a substantial amount of money. We were awarded attorneys' fees by the Court. |
| *In re Pharmacyclics, Inc. Shareholder Litig.*, No. 1-15-CV-278055 (Santa Clara County, Cal.) | Law professor Sean J. Griffith, an objector with an unsuccessful objection to a $0 shareholder settlement, retained CCAF for the appeal. The California Court of appeal affirmed, and the California Supreme Court denied further review. |
| *Williamson v. McAfee, Inc.*, No. 5:14-cv-00158-EJD (N.D. Cal.) | CCAF attorney Anna St. John represented an objector. After we objected, the parties disclosed that the settlement claims rate was higher than we anticipated, and the district court approved the settlement. We did not appeal, and did not receive any payment. |
| *Edwards v. National Milk Producers Fed'n*, No. 11-cv-04766-JSW (N.D. Cal.) | CCAF attorney Anna St. John represented an objector who objected to fees only. The district court reduced the requested fees by over $4.3 million, to be distributed to the class. We were awarded attorneys' fees by the court. We did not appeal. |

| Case | Result |
|---|---|
| *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-MD-2358 (D. Del.) | I objected in this case, represented by CCAF attorney Adam Schulman. The district court overruled our objection to the settlement, but reduced attorneys' fees. Our appeal to the Third Circuit was successful, vacating the settlement and remanding. 936 F.3d 316 (3d Cir. 2019). The case is pending in district court. |
| *Saska v. The Metropolitan Museum of Art*, No. 650775/2013 (Sup. Ct. N.Y. Cty., N.Y.) | CCAF attorney Anna St. John objected *pro se*. The court approved the settlement and attorneys' fee award over her objection. We did not appeal, and have neither sought nor received payment. |
| *Birbrower v. Quorn Foods, Inc.*, No. 2:16-cv-01346-DMG (AJW) (C.D. Cal.) | I objected on behalf of a class member to a claims-made settlement and fee request. The district court approved the settlement and fee award over the objection. We did not appeal, and received no payment. |
| *Aron v. Crestwood Midstream Partners L.P.*, No. 16-20742 (5th Cir.) | An unsuccessful *pro se* objector retained us to prosecute his appeal of approval of a $0 settlement where the court refused to follow *Walgreen*. The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because the objector filed his objection past the deadline in the district court. |
| *Kumar v. Salov N. Am. Corp.*, No. 14-cv-02411-YGR (N.D. Cal.) | Represented by CCAF attorneys, I objected to a lop-sided settlement and fee request. The district court approved the settlement, and the Ninth Circuit affirmed. |
| *Campbell v. Facebook, Inc.*, No. 13-cv-5996-PJH (N.D. Cal) | Former CCAF attorney William Chamberlain represented a class member, CCAF attorney Anna St. John, objecting to an abusive settlement and fee request. The district court overruled the objection and approved the settlement. We appealed and the Ninth Circuit affirmed. 951 F.3d 1106 (9th Cir. 2020). We did not petition the Supreme Court. |
| *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO (N.D. Cal.) | Another CCAF attorney and I represented a class member objecting to a settlement and fee request. The district court approved the settlement but agreed with us that fees should be awarded only after the redemption rate of the coupon relief was known. We objected to the resubmitted attorney fee request and won a reduction in attorneys' fees. |

| Case | Result |
|---|---|
| *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 YGR (DMR) | On behalf of class member Frank Bednarz, I objected to a settlement and fee request. The court overruled the objection and approved the settlement, but reduced the attorneys' fees. We appealed the class certification and settlement approval to the Ninth Circuit and won remand. 777 Fed. Appx. 221, 223 (9th Cir. 2019). The parties improved the settlement. We then objected to the class attorneys' fees only. The district court overruled our objection to the class attorneys' fees, but awarded us and co-counsel fees of $250,000 for our role in improving the settlement. Our appeal to the Ninth Circuit on the fee issues is pending. |
| *Ma v. Harmless Harvest, Inc.*, No. 16-cv-7102 (JMA) (SIL) (E.D.N.Y.) | CCAF attorney Adam Schulman appeared on behalf of objector Anna St. John to a $0 settlement. The district court rejected the settlement. We did not seek fees. |
| *In re Anthem Inc. Data Breach Litigation*, 15-md-02617-LHK (N.D. Cal) | I represented an objector, CCAF attorney Adam Schulman, who objected to fees and asked the court to investigate overbilling. The district court agreed and appointed a special master to investigate, and ultimately reduced fees. In response to our objection to *cy pres* provisions in the settlement, the parties agreed to increase recovery to the class. We did not seek fees and did not appeal. |
| *Leung v. XPO Logistics, Inc.*, No. 15-cv-03877 (N.D. Ill.) | On behalf of a class member, CCAF attorney Frank Bednarz objected to the fee request. The district court reduced fees slightly. We did not appeal. |
| *Cannon v. Ashburn Corp*, No. 16-cv-1452 (D.N.J.) | On behalf of an objector, CCAF attorney Adam Schulman objected to an abusive settlement through local counsel. The parties agreed to modify the settlement to improve class recovery, and the district court rejected the modified settlement. We did not seek fees |
| *Farrell v. Bank of Am., N.A.*, No. 3:16-cv-00492-L-WVG (S.D. Cal.) | I represent an objector who objected to fees, a *cy pres* provision, and the class certification in the alternative. The attorneys reduced their fee request in response to our objection, and the court approved the modified fee request and settlement. Our appeal to the Ninth Circuit was rejected in a split decision, and we have just filed a petition for certiorari with the Supreme Court. |
| *In re Petrobras Securities, Litigation*, No. 14-cv-9662 (S.D.N.Y.). | CCAF represented an objector who objected to fees and class certification. The district court reduced fees by over $96 million and affirmed the settlement. We did not appeal. CCAF requested attorneys' fees, which were granted in part and denied in part. We appealed the denial of our attorneys' fees in the Second Circuit and won. On remand, the court again granted in part CCAF's request for fees, which we appealed to the Second Circuit; that appeal was denied. |

| Case | Result |
|---|---|
| *Berni v. Barilla*, No. 16-cv-4196 (E.D.N.Y.) | CCAF attorney Adam Schulman objected *pro se* to a $0 class-action settlement. The district court approved the settlement. On appeal, the Second Circuit vacated settlement approval. 964 F.3d 141 (2d Cir. 2020) |
| *In re Domestic Airline Travel Antitrust Litigation*, No. 15-mc-1404 (D.D.C.) | CCAF attorney Ted Frank represented class members and CCAF attorneys Ted Frank and Frank Bednarz in objecting to the lack of a distribution plan and a class notice suggesting that the settlement proceeds would go to *cy pres*. The district court approved the settlement and deferred any ruling on fees. The D.C. Circuit held that it does not have jurisdiction over an appeal because the district court declined to enter a Rule 54(b) final judgment while litigation was pending against two non-settling defendants. |
| *Cowen v. Lenny & Larry's*, No. 17-cv-1530 (N.D. Ill.) (I objected, represented by CCAF attorney Frank Bednarz) | CCAF attorney Frank Bednarz represented class member and CCAF attorney Ted Frank in objecting to the disproportion in this coupon settlement. The parties modified the settlement to make relief more proportional to attorneys' fees, providing $537,950 more to the class (over original cap of $350,000) and mooting our objection. The district court granted our motion for $20,000 in attorneys' fees on August 20, 2019. |
| *In re Samsung Top-Load Washing Machine Marketing Sales Practices and Prod. Liability Litig.*, No. 17-ml-2792-D (W.D. Okla.) | CCAF attorney Frank Bednarz represented a class member objecting to the disproportion attorneys' fees and actual relief, which consists of duplicative injunctive relieve and a claims-made settlement that provides only coupons to most class member. The district court reduced attorneys' fees by about $2.1 million and approved the settlement. The Tenth Circuit affirmed. We did not seek or obtain any payment. |
| *Littlejohn v. Ferrara Candy Co.*, No. 17-cv-1530 (S.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this $0 settlement. The district court approved the settlement, and the Ninth Circuit affirmed. |
| *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (N.D. Cal.) | CCAF attorney Ted Frank objected to the fee request on behalf of a class member. The district court reduced the attorneys' fee award by $15.2 million. The court awarded us attorneys' fees of $98,473. We did not appeal. |
| *In re Stericycle Securities Litigation*, No. 16-cv-7145 (N.D. Ill.) | CCAF attorneys represent a shareholder class member objecting to the fee request in this settlement. The district court approved the settlement and awarded a reduced attorneys' fee award. Our appeal of the fee award to the Seventh Circuit is pending. |

| Case | Result |
|------|--------|
| *In re Volkswagen Clean Diesel MDL*, No. 3:15-md-02672-CRB (N.D. Cal.) | CCAF attorneys objected to the settlement and fee request on behalf of a client in this case; the district court approved both. We appealed the fee award, but did not appeal the settlement approval. The Ninth Circuit dismissed the appeal on the grounds that our client's acceptance of the benefits of the settlement included the signature of a release that released him from any further claims and deprived him of appellate standing, and we did not appeal further. |
| *In re ConAgra Foods, Inc.*, No. 2:11-cv-05379-CJC-AGR (C.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to the disproportion attorneys' fees and actual relief including worthless injunctive relief. The district court approved the settlement. On appeal, the Ninth Circuit reversed settlement approval and remanded. |
| *Mckinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-cv-6450-MMC (N.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this coupon settlement. The district court approved the settlement and attorney's fee request. Our appeal to the Ninth Circuit is pending. |
| *Rael v. The Children's Place*, No. 3:16-cv-00370-GPC-LL (S.D. Cal.) | CCAF attorney Ted Frank represented CCAF attorney Anna St. John in objecting to this coupon settlement. The district court agreed with our objection regarding certain deficiencies in the settlement approved the settlement with modifications, while holding jurisdiction over the fee request until coupons are redeemed. That process is still pending. |
| *Exum v. National Tire and Battery*, No. 9:19-cv-80121 (S.D. Fla.) | CCAF attorney Melissa Holyoak objected to the settlement and attorneys' fee award. The district court approved the settlement and fee request. We did not appeal |
| *Gold v. Lumber Liquidators*, No. 14-cv-05373 (N.D. Cal.) | CCAF attorneys represented a class member objecting to this coupon settlement. Plaintiffs amended their attorneys' fee request following our objection. The case is pending in district court. |
| *In re Google LLC Street View Electronic Communications Litigation*, No. 10-md-02184 (N.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this *cy pres* settlement. The district court approved the settlement, and our appeal to the Ninth Circuit is pending. |
| *In re Equifax, Inc. Customer Data Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.) | CCAF attorney Melissa Holyoak represented CCAF attorney Ted Frank and another class member in objecting to an unfair settlement, inadequate representation of the class, and the fee request. The Eleventh Circuit affirmed. Our petition for *en banc* review is pending. |
| *Hyland v. Navient Corp.*, No. 1:18-cv-09031-DLC (S.D.N.Y.) | CCAF attorney Anna St. John represented a class member objecting to this *cy pres* settlement and attorneys' fee award. The district court approved the settlement but denied the entire fee request. Our appeal to the Second Circuit is pending |

| Case | Result |
|------|--------|
| *In re Apple, Inc. Device Performance Litigation*, No. 18-md-02827-EJD (N.D. Cal.) | CCAF attorney Ted Frank represented CCAF attorney Anna St. John objecting to the attorneys' fee request accompanying this settlement. The district court awarded less than plaintiffs requested. Our appeal to the Ninth Circuit is pending. |
| *Jones v. Monsanto Co.*, No. 19-cv-0102-BP (W.D. Mo.) | CCAF attorney Adam Schulman represented CCAF attorney Anna St. John objecting to this settlement and accompanying attorneys' fee award. The district court approved the settlement and fee request. Our appeal to the Eighth Circuit is pending. |
| *In re Flint Water Cases*, No. 5:16-cv-10444-JEL-MKM (E.D. Mich.) | CCAF attorney Michael Frank Bednarz represented class members objecting to the attorneys' fee request in this settlement. The objection is pending in district court. |
| *Fruitstone v. Spartan Race, Inc.*, No. 1:20-CV-20836-BLOOM/Louis (S.D. Fla.) | CCAF represented a class member objecting to the proposed settlement and requesting deferment of the fee award until the settlement vouchers were redeemed. The district court approved the settlement and fee request. We did not appeal. |

8.      As the chart shows, HLLI and CCAF achieve success or partial success in the vast majority of their objections, and have won hundreds of millions of dollars for class members, as well as numerous landmark appeals. We regularly represent law professors in court, and have been appointed *amicus* in district court and appellate court proceedings where there was no adversary presentation.

9.      I've also objected at times or represented objectors outside of my work at CCAF. In 2008, before I started CCAF, I objected *pro se* (after dismissing the attorney I initially retained) to the class action settlement in *In re Grand Theft Auto Video Game Consumer Litigation*, No. 1:06-md-1739 (SWK) (S.D.N.Y.) because of the disproportionate recovery it gave to class counsel against the class. The district court refused to certify the class and approve the settlement. 251 F.R.D. 139 (S.D.N.Y. 2008). In the six cases which I list below, I was retained in my private capacity to represent appellants or objectors in cases where CCAF did not have a client. In each case, my retainer was for a flat fee with a right to a percentage of court-awarded fees, and if the lead attorney or client chose to settle an appeal or objection, I received no additional payment. I would only accept the work if I believed the appeal was meritorious. I have a 2-0 record in these cases where my clients chose to see the appeal

through to its conclusion. One of these appeals was in the *Groupon* case in the Ninth Circuit listed above.

| Case | Result |
|------|--------|
| *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). | I was retained on a flat-fee basis for briefing and argument of the appeal. The Seventh Circuit reversed settlement approval and ordered the reinstatement of defrocked class representatives. On remand, the settlement was substantially improved. I retained counsel to seek fees on my behalf, and the court awarded me fees in 2019. |
| *In re Toyota Motor Corp. Unintended Acceleration Litigation*, Nos. 13-56458 (L), 13-56468 (9th Cir.) | I was retained on a flat-fee basis to participate in the appeal and assist with the successful opposition to a motion for an appeal bond. The objecting client chose to voluntarily dismiss his appeal in response to a settlement offer, and I withdrew from representation before the dismissal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious, and the arguments that I planned to make on behalf of the objector were later adopted by the Eighth Circuit in *BankAmerica Corp.* |
| *In re Deepwater Horizon Economic and Property Settlement Appeals* (No. 13-30095) and *In re Deepwater Horizon Medical Settlement Appeals* (No. 13-30221) (5th Cir.) | I was retained by counsel for five appellants on a flat-fee basis while the appeals were pending. After oral argument in 13-30095 and after briefing in 13-30221, three of the appellants retained new counsel who voluntarily dismissed their appeals; I do not know what deal they made, and I received no payment. The two remaining appellants chose to voluntarily move to dismiss their appeals without recompense. I received no payment from the plaintiffs or defendants or objectors. I believe the appeals were meritorious, and many of the arguments I made in the briefing were adopted by the Seventh Circuit in *Eubank*. |
| *In re CertainTeed Fiber Cement* (No. 14-1882) (3d Cir.) | I was retained on a flat-fee basis to work on the appeal after assisting counsel for the objector in the district court on an hourly basis. (In response to the district-court objection, the parties modified the settlement to bar reversion to the defendant, which was worth some amount of money to the class, but the district court denied a motion for attorneys' fees for the objector.) As cross-motions were pending in the Third Circuit, the parties settled, and I withdrew from representation, and the objectors dismissed their appeal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious because the district court failed to comply with *Baby Products Antitrust Litigation*'s requirement to determine the actual payment to the class. The settlement approved by the district court was akin to that rejected by the Seventh Circuit in *Eubank*. |

| Case | Result |
|---|---|
| *Fladell v. Wells Fargo Bank*, No. 13-cv-60721 (S.D. Fla.) | I was retained on an hourly-fee basis to provide a draft objection to the attorneys for a pair of objectors, and then a declaration in support of the objection. After I submitted the declaration, a current CCAF client contacted me and suggested that I had a conflict of interest, and asked me to withdraw from the *Fladell* case. I disagreed that there was a conflict of interest, but received permission to withdraw to avoid any collateral dispute with my clients, and waived my hourly fee. I believe the objection was meritorious, and the district court's decision approving the settlement and overruling objections without determining actual benefit to the class contradicted *In re Baby Products* and *Pearson v. NBTY*, among other decisions. I did not participate in the appeal, and did not receive any money from its settlement. |
| *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 3:11-md-2238-DMS-RBB (S.D. Cal.) | Discussed above. After appellate briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. |

10.    There were several other cases where CCAF did not have a client where I consulted in my private capacity with attorneys representing objecting class members in cases about legal strategy for objections on an hourly basis or flat-fee basis, sometimes providing draft objections or outlines or draft briefs or draft responses to motions for appeal bonds or sanctions, sometimes providing copies of relevant public filings I had previously made, sometimes recommending that no objection be pursued. Because I did not file an objection as either counsel or objector in those cases, because I had no attorney-client relationship with the objector, because I was not the ultimate legal decisionmaker in those cases, because the ultimate legal decisionmaker in those cases did not always follow my advice or keep me apprised of the status of the case, because I withdrew from continued participation in several pending cases in June 2015, and because of contractual confidentiality obligations, I do not list them in this declaration. I similarly do not list numerous cases where objectors or attorneys or settling parties or experts have discussed pending settlements, client representations, objections, appeals, or collateral litigation with me and/or I have provided copies of public CCAF filings as a favor without payment or creating an attorney-client relationship. State attorneys general offices and the Department

of Justice occasionally telephone me or meet with me from time to time to discuss class action settlements or certifications, and I do not track or list those cases either.

11.     I no longer accept paid representation in such cases in my private capacity with attorneys who do not agree in advance to avoid dismissing appeals for *quid pro quo* payment because CCAF engages in litigation to create precedent requiring objectors and their counsel to equitably disgorge payments received without court approval for withdrawing objections or appeals, and I want to avoid conflicts of interest while CCAF engaged in such litigation. I note that it would be simple enough for the settling parties to stipulate to settlement procedures definitively deterring bad-faith objectors by including an order forbidding payment to objectors without disclosure and court approval. Instead they have imposed abusively burdensome requirements on objection that will do little to deter bad-faith objectors while forcing attorneys for good-faith objectors to waste untold hours on a declaration of dozens of pages. I have expressed a willingness to be bound by an injunction barring us from settling this objection for payment without court approval if there is any doubt as to our good-faith intentions in objection to an unfair settlement and fee request.

12.     A website purporting to list other cases where I acted as an attorney or objector is inaccurate, listing me in several cases where I had no role, made no appearances, and had no attorney-client relationship with the objector, and falsely attributing to me filings I had nothing to do with. The website is further inaccurate in omitting dozens of my successful objections, falsely characterizing successful objections as having been overruled entirely, and misrepresenting the substance of court filings and testimony. Though I have notified the website of its errors, and though I frequently submit declarations such as this one providing a full resume of my cases and results, they refuse to provide accurate information about my record.

13.     A number of objectors I have no affiliation with have filed briefs plagiarizing my work or CCAF's work in other cases without consulting with me. At least one objector has incorrectly represented to a court that I have agreed to represent him before a retainer agreement was signed.

14.     HLLI pays me on a salary basis that does not vary with the result in any case. HLLI and CCAF attorneys do not receive a contingent bonus based on success in any case, a structure that would be contrary to I.R.S. restrictions.

15.     CCAF has won more than $200 million dollars for class members by driving the settling parties to reach an improved bargain or by reducing outsized fee awards. Andrea Estes, *Critics hit law firms' bills after class-action lawsuits*, Boston Globe (Dec. 17, 2016) (more than $100M at time). *See also, e.g., McDonough v. Toys "R" Us*, 80 F. Supp. 3d 626, 661 (E.D. Pa. 2015) ("CCAF's time was judiciously spent to increase the value of the settlement to class members") (cleaned up); *In re Citigroup Inc. Secs. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing fees, and thus increasing class recovery, by more than $26 million to account for a "significantly overstated lodestar"); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) (parties nullify objection by eliminating *cy pres* and augmenting class fund by $2.5 million).

### Pre-empting *Ad Hominem* Attacks

16.     In my experience, class counsel often responds to CCAF objections by making a variety of *ad hominem* attacks, often wildly false. The vast majority of district court judges do not fall for such transparent and abusive tactics. Because the objection deadline is so close to the fairness hearing, we might not have a chance to supplement the record if class counsel engages in such tactics to distract from the merits of the objection. In an effort to anticipate such attacks and to avoid collateral litigation over a right to file a reply, I discuss and refute the most common *ad hominems* below. If the Court is inclined to disregard the *ad hominem* attacks, it can avoid these collateral disputes entirely and the discussion below will be irrelevant.

17.     Class counsel often try to tar CCAF as "professional objectors" or "serial objectors" and then cite court opinions criticizing for-profit attorneys who threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees. But this is not the non-profit CCAF's *modus operandi*, so the court opinions class counsel rely upon to tar CCAF are inapposite. *See* Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U. Chi. Legal F. 403, 437 n. 150 (public interest groups are not professional objectors); Paul Karlsgodt & Raj Chohan, *Class*

*Action Settlement Objectors: Minor Nuisance or Serious Threat to Approval*, BNA: Class Action Litig. Report (Aug. 12, 2011) (distinguishing CCAF from professional objectors). CCAF refuses to engage in *quid pro quo* settlements and has never withdrawn an objection in exchange for payment. Instead, it is funded entirely through charitable donations and court-awarded attorneys' fees. The difference between a for-profit "professional objector" and a public-interest objector is a material one. As the federal rules are currently set up, "professional objectors" have an incentive to file objections regardless of the merits of the settlement or the objection. In contrast, a public-interest objector such as myself has to triage dozens of requests for pro bono representation and dozens of unfair class action settlements, loses money on every losing objection (and most winning objections) brought, can only raise charitable donations necessary to remain afloat by demonstrating success, and has no interest in wasting limited resources and time on a "baseless objection." CCAF objects to only a small fraction of the number of unfair class action settlements and fee requests it sees.

18.     While one district court called me a "professional objector" in a broader sense, that court stated that it was not meant pejoratively, and awarded CCAF fees for a successful objection and appeal that improved the settlement for the class. *Dewey v. Volkswagen*, 909 F. Supp. 2d 373, 396 n.24 (D.N.J. 2012). Similarly, the Seventh Circuit in *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017) referred to me non-pejoratively as a "professional objector" in an opinion agreeing with my objection and reversing a settlement approval and class certification.

19.     In *In re Equifax, Inc. Customer Data Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.), the district court's approval order stated that I am a "serial objector" who objected merely to benefit myself or my attorney. It further accused me of making "misleading" statements about the settlement. The order did not cite any evidence or reason to support this finding, and I have reason to believe the court used this language only because it adopted nearly verbatim a proposed order that was submitted *ex parte* by plaintiffs' counsel, without exercising independent judgment to make these findings. The allegation made by the district court is false. I still believe that our objection in *Equifax* was meritorious, similar to successful objections we've made elsewhere that have won millions of dollars for class members, and supported on appeal by an amicus brief by a prominent plaintiffs' attorney that agreed

with our analysis. I did not make any false or misleading statements about the settlement, and on appeal, plaintiffs failed to identify any false or misleading statements I made and admitted that I have never engaged in extortion. The Eleventh Circuit recognized that the district court did not draft these findings, which, because they were *dicta*, it did not opine upon.

20.     In *Exum v. National Tire and Battery*, No. 9:19-cv-80121 (S.D. Fla.), one of HLLI's attorneys mistakenly misconstrued the release clause in the settlement agreement and filed an objection with an argument that relied on that erroneous reading. Once she became aware of the error, she withdraw that portion of the objection and has publicly expressed contrition and embarrassment that her work did not live up to the high standards we set for ourselves. The district court issued an order to show cause why she should not be sanctioned, stating that the "false statements and representations" "appear[] to be reckless or negligent." The court also referred to the HLLI attorney as a "serial" or "professional" objector but made no finding that she or any other HLLI attorney has ever withdrawn an objection in exchange for payment. HLLI filed a response to the order explaining that this error was made in good faith, with no intent to delay or otherwise interfere with the court proceedings and again expressing contrition. The court subsequently issued an order discharging the order to show cause in which it stated that "it is clear to the Court that [the HLLI attorney] does hold herself to high standards" and the court was "satisfied and impressed" by HLLI's "prompt and candid response." The court found that the HLLI attorney "did not engage in bad faith conduct and did not knowingly or intentionally make a false statement or misrepresentation to the Court."

21.     CCAF feels strongly enough about the problem of bad-faith objectors profiting at the expense of the class through extortionate means that it successfully initiated litigation to require such objectors to disgorge their ill-gotten gains to the class. *See Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020); *see generally* Jacob Gershman, *Lawsuits Allege Objector Blackmail in Class Action Litigation*, Wall St. J., Dec. 7, 2016.

22.     Before I joined CEI, I had a private practice unrelated to my non-profit work. One of my former clients, Christopher Bandas, is a professional objector who has settled objections and withdrawn appeals for cash payments. I withdrew from representation of Mr. Bandas in 2015 when

he undertook steps that interfered with my non-profit work. Mr. Bandas was criticized by the Southern District of New York after I ceased to represent him, and class counsel in other cases often cites that language and attempts to attribute it to me. Class counsel in multiple cases, using boilerplate language, has tried to make it seem like my paid representation of Mr. Bandas was somehow scandalous, using language like "forced to disclose" and "secret." The sneering is false: my representation of Mr. Bandas was not secret, as I filed declarations in my name on his behalf in multiple cases, noting under oath that I was being paid to perform legal work for him; I filed notices of appearances in cases where he had previously appeared; and my declaration in the *Capital One* case ending the relationship was filed voluntarily at great personal expense to myself, as I had been offered and refused to take a substantial sum of money to accede to a Lieff Cabraser fee award of over $3400/hour. I only worked for Mr. Bandas in cases where I believed there was a meritorious objection to be made, had no role in any negotiations he made to settle appeals, and my pay was flat-rate or by the hour and not tied to his ability to extract settlements. I argued two appeals for Mr. Bandas, and won both of them. There is nothing scandalous about that, unless one believes it is scandalous for an attorney to be paid to perform successful high-quality legal services for a client. CCAF had no attorney-client relationship with Mr. Bandas, and Mr. Bandas never paid CCAF, other than for his share of printing expenses when he was an independent co-appellant representing clients unrelated to CCAF.

23.     Firms whose fees we have objected to have previously cited to *City of Livonia Employees' Ret. Sys. v. Wyeth*, No. 07 Civ 10329 (RJS), 2013 WL 4399015 (S.D.N.Y. Aug. 7, 2013), in efforts to tar CCAF. While the *Wyeth* court did criticize our client's objection (after mischaracterizing the nature of that objection), it ultimately agreed with our client that class counsel's fee request was too high and reduced it by several million dollars to the benefit of shareholder class members.

24.     Adversaries frequently cite a decade-old case, *Lonardo v. Travelers Indemnity C*o., 706 F. Supp. 2d 766, 804 (N.D. Ohio 2010), where the district court criticized a policy-based argument by CCAF as supposedly "short on law"; however, CCAF ultimately was successful in the Seventh and Ninth Circuits on that same argument. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) (agreeing that reversionary clauses are a problematic sign of self-dealing); *Pearson v. NBTY,*

*Inc.*, 772 F.3d 778 (7th Cir. 2014) (same). Moreover, the court in *Lonardo* stated its belief that "Mr. Frank's goals are policy-oriented as opposed to economic and self-serving" and even awarded CCAF about $40,000 in attorneys' fees for increasing the class benefit by $2 million. *Lonardo*, 706 F. Supp. 2d at 813-17.

25.     CCAF has no interest in pursuing "baseless objections," because every objection we bring on behalf of a class member has the opportunity cost of not having time to pursue a meritorious objection in another case. We are confronted with many more opportunities to object (or appeal erroneous settlement approvals) than we have resources to use, and make painful decisions several times a year picking and choosing which cases to pursue, and even which issues to pursue within the case. CCAF turns down the opportunity to represent class members wishing to object to settlements or fees when CCAF believes the underlying settlement or fee request is relatively fair. This is especially true now that HLLI has expanded into successful litigation over other issues that our attorneys care about, such as freedom of speech and regulatory abuse. *See, e.g., Greenberg v. Haggerty*, No. 20-cv-3822, 2020 U.S. Dist. LEXIS 229731 (E.D. Pa. Dec. 8, 2020) (preliminarily enjoining rule of professional conduct that would chill free speech, which the defendant appealed but subsequently dismissed).

26.     While I am often accused of being an "ideological objector," the ideology of CCAF's objections is merely the correct application of Rule 23 to ensure the fair treatment of class members. Likewise, I have often seen class counsel assert that I oppose all class actions and am seeking to end them, not improve them. The accusation—aside from being utterly irrelevant to the legal merits of any particular objection—has no basis in reality. I have been writing and speaking about class actions publicly for nearly a decade, including in testimony before state and federal legislative subcommittees, and I have never asked for an end to the class action device, just proposed reforms for ending the abuse of class actions and class-action settlements. That I oppose class action abuse no more means that I oppose class actions than someone who opposes food poisoning opposes food. As a child, I admired Ralph Nader and consumer reporter Marvin Zindler (whose autographed photo was one of my prized childhood possessions), and read every issue of *Consumer Reports* from cover to cover. I have focused my practice on conflicts of interest in class actions because, among other reasons, I saw a

need to protect consumers that no one else was filling, and as a way to fulfill my childhood dream of being a consumer advocate. I have frequently confirmed my support for the principles behind class actions in declarations under oath, interviews, essays, and public speeches, including a January 2014 presentation in New York that was broadcast nationally on C-SPAN and in my briefing in *Frank v. Gaos*. On multiple occasions, successful objections brought by CCAF have resulted in new class-action settlements where the defendants pay substantially more money to the plaintiff class without CCAF objecting to the revised settlement. And I was the putative class representative in a federal class action, represented by a prominent plaintiffs' firm. *Frank v. BMOCorp., Inc.*, No. 4:17-cv-870 (E.D. Mo.).

27.     On October 1, 2015, after consultation with its board of directors and its donors, CCAF merged with the much larger Competitive Enterprise Institute ("CEI"). Prior to its merger with CEI, CCAF never took or solicited money from corporate donors other than court-awarded attorneys' fees. CEI, which is much larger than CCAF, does take a percentage of its donations from corporate donors. As part of the merger agreement, I negotiated a commitment that CEI would not permit donors to interfere with CCAF's case selection or case management. In the event of a breach of this commitment, I was permitted to treat the breach as a constructive discharge entitling me to substantial severance pay. CCAF attorneys made several filings in several cases opposed by CEI donors.

28.     CEI was willing to merge with CCAF because it supported CCAF's pro-consumer mission and success in challenging abusive class-action settlements and fee requests. But it is a large organization affiliated with dozens of scholars who take a variety of controversial positions. Neither I nor CCAF's clients agree with all of those positions, and they should not be ascribed to me, my clients, or this objection, any more than my support for a Pigouvian carbon tax should be ascribed to CEI scholars who have publicly opposed that position.

29.     CCAF has since left CEI, and is now part of the Hamilton Lincoln Law Institute, which receives no corporate funding. We did not consult any of our donors about our objection to this settlement.

30.     Some class counsels have accused us of improper motivation because CCAF has on occasion sought attorneys' fees. While CCAF is funded entirely through charitable donations and

court-awarded attorneys' fees, the possibility of a fee award never factors into the Center's decision to accept a representation or object to an unfair class-action settlement or fee request.

31.     CCAF's history in requesting attorneys' fees reflects this approach. Despite having made dozens of successful objections and having won over $200 million on behalf of class members, CCAF has not requested attorneys' fees in the majority of its cases or even in the majority of its appellate victories. CCAF regularly passes up the opportunity to seek fees to which it is legally entitled. In *Classmates*, for example, CCAF withdrew its fee request and instead asked the district court to award money to the class; the court subsequently found that an award of $100,000 "if anything" "would have undercompensated CCAF." *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 WL 3854501, at *11 (W.D. Wash. June 15, 2012). In other cases, CCAF has asked the court for a fraction of the fees to which it would be legally entitled based on the benefit CCAF achieved for the class and asked for any fee award over that fractional amount be returned to the class settlement fund. In *Petrobras*, despite winning tens of millions of dollars for the class, we requested less than $200,000 in fees. In *Wells Fargo*, our good-faith objection on behalf of a shareholder aided the court in increasing benefit to shareholders by $15 million, and we requested only $250,000 (and received under $100,000) in fees through a court approval process—even though a fellow objector in the same case negotiated and received a payment of $1.75 million from Wells Fargo directly for settling his objections.

32.     Moreover, under federal non-profit law, attorney fees cannot be used to support more than 50% of our program expenses. None of our attorneys' salaries are tied to fee awards in any case, and all of our attorneys have salaries that are a fraction of what they could make in private practice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 25, 2021, in Houston, Texas.

Theodore H. Frank

# EXHIBIT 1

← | Q  Search Amazon | 📷 🎤

# View order details

Order date | Feb 2, 2021
Order # | 114-5165564-4265822
Order total | $21.95 (1 item)

## Shipment details

Standard Shipping

### Delivered

Delivery Estimate
**Saturday, February 6, 2021 by 8pm**

 **Brain Support Supplement - Neuriva Original (30 count in a bottle),...** | $21.95

Qty: 1

Sold By: Pharmapacks

Contact Seller

## Payment information

### Payment Method

Amazon.com Visa Signature ending in 8210