**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 20-cv-23564-MGC

|  |  |
|---|---|
| DAVID WILLIAMS, et al., | : |
| Plaintiffs, | : |
| vs. | : |
| RECKITT BENCKISER LLC, et al., | : |
| Defendants. | : |

**SUPPLEMENTAL BRIEF**

Truth in Advertising, Inc. ("TINA.org") submits this supplemental brief pursuant to the Court's August 5, 2021 Order (D.E. 84) directing objectors to submit additional information that addresses whether consumers appreciate any substantive difference between a health-related product marketed as clinically or scientifically "proven" and one marketed as clinically or scientifically "tested." The following information is provided in addition to that provided in TINA.org's July 26, 2021 Brief of Amicus Curiae.

**Federal Trade Commission**

The Federal Trade Commission, the U.S. government agency that is responsible for protecting consumers by stopping unfair, deceptive or fraudulent practices in the marketplace, treats "clinically tested" and "clinically proven" as synonymous terms. As Richard Cleland, Assistant Director of Advertising Practices at the Bureau of Consumer Protection at the FTC, recently stated:

> a significant number of consumers would not see any difference between the statement "clinically or scientifically proven" and the statement "clinically or scientifically tested." Both statements, one express and the other implied, convey that there is substantial scientific evidence supporting the underlying claim. With regard to the tested claim, whatever reason would there be for the advertiser to claim that a product had been "clinically or scientifically tested" if those tests did not support the underlying claim.

*See* August 9, 2021 email from R. Cleland to TINA.org (attached hereto as Exhibit A). This statement is consistent with others made by the FTC.

In the Commission's Advertising Guide for the Dietary Supplements Industry, for example, the FTC states:

> If an advertiser asserts that it has a certain level of support for an advertised claim, it must be able to demonstrate that the assertion is accurate. Therefore, as a starting point, advertisers must have the level of support that they claim, expressly or by implication, to have. … Example []: An advertiser claims that its product has been "studied for years abroad" and is now the "subject of U.S. government-sponsored research." In addition to the explicit claim that the product has been studied, such phrases likely convey to consumers an implied claim that there exists a substantial body of competently-conducted scientific research supporting the efficacy of the product. The advertiser would be responsible for substantiating both claims."

*See* FTC's Dietary Supplements: An Advertising Guide for Industry, available at https://www.ftc.gov/tips-advice/business-center/guidance/dietary-supplements-advertising-guide-industry.

Similarly, in an analysis by the FTC of trends in weight-loss advertising, the Commission stated:

> Many marketers attempt to bolster the credibility of their claims by asserting that the advertised product has been scientifically tested and proven to work. Phrases like "the clinically proven healthy way to lose weight," "clinically tested," "scientifically proven," and "studies confirm" bestow products with an aura of scientific legitimacy and aim to persuade consumers that they should feel confident that a product will work.

*See* An Analysis of Current Trends, Sept. 2002, available at https://www.ftc.gov/sites/

2

default/files/documents/reports/weight-loss-advertisingan-analysis-current-trends/weightloss_0.pdf.

Finally, in administrative decisions, the FTC has held that advertisers must be able to substantiate implicit establishment claims, such as "clinic tested ingredients," in the same way it must be able to substantiate explicit establishment claims. *See In the Matter of Porter & Dietsch, Inc.,* 90 F.T.C. 770, 865 (finding that the statement "clinic tested ingredients" "not only implied the existence of substantiation but . . . also represented that this substantiation consisted of competent scientific proof."); *In the Matter of Bristol-Myers Co., et al.,* 102 F.T.C. 21, 321, 331 (1983) (finding that "[a]lthough an establishment claim may be made by such words and phrases as 'established,' 'here's proof,' and 'medically proven' . . . the representation of establishment need not be made explicitly in an ad but may be implicit" (citations omitted), and explaining that "when an advertiser represents that there is scientific proof or support for a claim, such proof—proof that is generally accepted by the relevant scientific community—must exist.")

### American Bar Association

Likewise, the American Bar Association, the largest voluntary association of lawyers in the world and the national voice of the legal profession, stated, in a publication regarding consumer protection law developments:

> A scientific basis is required for advertising claims such as "laboratory science has perfected … ," "clinic tested ingredients …," "clinically tested and endorsed," or "research proves …" The FTC generally will require advertisers to possess the level of evidence sufficient to satisfy the relevant scientific community of the claim's truth. This type of claim, referred to as an "establishment" claim, is essentially two separate claims: a claim regarding the stated benefits for the product, and a second claim concerning the amount and nature of substantiation that exists."

Antitrust Law Section of A.B.A., Consumer Protection Law Developments, ch. I.B.1.c.1 (Editor 2nd ed. 2016).

### Academic Studies

Moreover, any alleged distinction one might be able to make between "clinically tested" and "clinically proven" is further nullified when considering one of the primary audiences targeted by RB in its marketing of Neuriva – older Americans concerned about age-related cognitive changes. "Compared with younger populations, older populations … tend to focus more on the gist of presented information." Vanessa Boudewyns et al, Social Science and Price Transparency in Direct-to-Consumer Prescription Drug Advertisements, 16 Res. Soc. & Admin. Pharmacy 733, 734 (June 2020). *See also* Brian Southwell et al, Aging and the Questionable Validity of Recognition-Based Exposure Measurement, 37 Comm. Res. 603, 605 (Oct. 2010) (reporting that "[o]lder adults, in fact, tend to depend on gist-based, rather than verbatim, memory more than their younger adult peers."); Carolyn Yoon et al., Consumer Decision Making and Aging: Current Knowledge and Future Directions, 19 J. of Consumer Psychol. 2 (Jan. 22, 2009) (finding that "people may remember the semantic or perceptual gist of an experience but not the specific details.")

### CONCLUSION

In sum, for the reasons stated herein, as well as those stated in TINA.org's July 26, 2021 amicus curiae brief, the proposed settlement should be rejected because, among other things, it provides defendants with court-sanctioned approval for their continued use of deceptive marketing claims.

Dated: August 13, 2021          Respectfully,

                                                        By: */s/ Jon Polenberg*
                                                             Jon Polenberg, Esq.
                                                              Florida Bar No.: 653306
                                                              Becker & Poliakoff
                                                              1 East Broward Blvd., Suite 1800
                                                             Ft. Lauderdale, FL 33301
                                                              Telephone: (954) 987-7550
                                                              jpolenberg@beckerlawyers.com

                                                              Laura Smith, Legal Director
                                                              (District of Conn. Bar No. ct28002, not admitted in Florida)
                                                              Truth in Advertising, Inc.
                                                              115 Samson Rock Drive, Suite 2
                                                              Madison, CT 06443
                                                              Telephone: (203) 421-6210
                                                              lsmith@truthinadvertising.org

                                                              Attorneys for Truth in Advertising, Inc.

## **CERTIFICATE OF SERVICE**

I certify on August 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all parties registered to receive electronic notices via the Court's CM/ECF System.

                                                               */s/ Jon Polenberg*
                                                              Jon Polenberg