# EXHIBIT A

**From:** Cleland, Richard L. RCLELAND@ftc.gov
**Subject:** RE: Question
**Date:** August 9, 2021 at 12:58 PM
**To:** smueller@truthinadvertising.org
**Cc:** Levine, Samuel slevine1@ftc.gov

Shana,

Sam has asked me to respond to your email of August 6th.  The short answer is that a significant number of consumers would not see any difference between the statement "clinically or scientifically proven" and the statement "clinically or scientifically tested."  Both statements, one express and the other implied, convey that there is substantial scientific evidence supporting the underlying claim.  With regard to the tested claim, whatever reason would there be for the advertiser to claim that a product had been "clinically or scientifically tested" if those tests did not support the underlying claim.

Example 12 of the Dietary Supplement Guide is analogous.  That example states:

An advertiser claims that its product has been "studied for years abroad" and is now the "subject of U.S. government-sponsored research." In addition to the explicit claim that the product has been studied, <u>such phrases likely convey to consumers an implied claim that there exists a substantial body of competently-conducted scientific research supporting the efficacy of the product.</u> The advertiser would be responsible for substantiating both claims.  (Emphasis added.) Available at:

In Bristal-Myers Company, 102 F.T.C. 21, 321 (1983), the Commission said, "Although an establishment claim may be made by such words and phrases as "established here's proof" and "medically proven" . . . the representation of establishment need not be made explicitly in an ad but may be implicit." (Citations omitted.)  The Commission explained that "when an advertiser represents that there is scientific proof or support for a claim, such proof—proof that is generally accepted by the relevant scientific community—must exist."  *Id*. at 331.

In addition, in Porter Dietsch, Inc., 90 F.T.C. 770, 865, the Commission found that the statement "clinic tested ingredients" "not only implied the existence of substantiation but . . . also represented that this substantiation consisted of competent scientific proof."

Rich Cleland


I was wondering if you or anyone at the FTC had any insights on the issue below regarding the proposed Neuriva class-action settlement:

**Document Number:** 84(No document attached)
**Docket Text:**
**PAPERLESS ORDER re [58] Order**
**The Undersigned has reviewed the comprehensive and**

detailed submissions filed by those objecting to the proposed settlement, including Mr. Frank. In addition, I have reviewed the supplemental memoranda submitted separately by Plaintiff and Defendant in response to the Order [ECF No. 58] requiring briefing on pinpointed questions.

I appreciate all of the points made in these submissions, but I would like some additional information. Specifically, I am interested in learning about whether there are any studies (e.g., market research reports, customer confusion surveys, research by professional pollsters) and/or authority (including legal authority) discussing whether consumers (or potential consumers) appreciate any substantive difference between a health-related product which is said to be clinically or scientifically "proven" and a health-related product which is represented to be clinically or scientifically "tested." Presumably, the parties who want the revised settlement approved will submit materials validating the view that consumers appreciate, understand and value the distinction. And I expect that those objecting to the settlement will submit materials supporting the contrary view (i.e., consumers do not discern any significant difference between "proven" or "tested" in marketing materials).

Submissions from the parties and objectors are due by noon on August 16, 2021. This Order does not specify the nature of type of submission which can be filed. For example, the submissions can include declarations, references/quotes from text books or treatises, studies, perceptions articulated by judges in written opinions, government pamphlets, poll results, transcripts from TED talks, journal and magazine articles, etc.)

Signed by Magistrate Judge Jonathan Goodman on 8/5/2021. (JG)

Thanks,

**Shana Mueller**
Director of Communication, Public Policy and Advocacy
203.421.6210 | smueller@truthinadvertising.org
truthinadvertising.org | @TruthinAd | facebook.com/truthinad


