**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| DAVID WILLIAMS, CAROLL ANGLADE, THOMAS MATTHEWS, MARITZA ANGELES, and HOWARD CLARK, *individually, and on behalf of other similarly situated individuals*,<br><br>         Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC and RB HEALTH (US) LLC,<br><br>         Defendants. | CASE NO. 1:20-cv-23564-MGC |

**SUPPLEMENTAL DECLARATION OF DANIEL K. BRYSON IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

I, DANIEL K. BRYSON, hereby declare as follows:

1.       I am Co-Lead Settlement Class Counsel for Plaintiffs in this action.  I make this Supplemental Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards. I have actively participated in the conduct of this litigation, have personal knowledge of the matters set forth herein, and if called to testify, could and would testify competently thereto.

2.       My firm, Milberg Coleman Bryson Phillips Grossman, PLLC,[1] along with Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A., Barbat Mansour Suciu & Tomina PLLC, Shub Law Firm LLC, and Bursor & Fisher, P.A. (collectively "Class Counsel") have principally litigated this case.

---

[1] The firms Whitfield Bryson LLP, and Greg Coleman Law, PC, recently merged to form Milberg Coleman Bryson Phillips Grossman, PLLC.

3.       In my previous Declaration [DE 69-1] I described Class Counsel's experience in representing consumers in complex class actions, the background of the litigation, and the steps leading to the proposed Settlement. I continue to believe that the Class Settlement is, in the opinion of the undersigned and the other Class Counsel, fair, reasonable, and adequate, and worthy of final approval.

4.       On July 27, 2021, the Court requested Class Counsel to submit copies of their retainers with Plaintiffs, as well as their billing and cost records.

5.       In this Supplemental Declaration, Class Counsel provides the information requested in the July 27 Order, as well as an update for the Court on the amount of claims received to date.

6.       Plaintiffs' retainer agreements are attached to this Supplemental Declaration as Exhibit A.

7.       During the pendency of this action, a total of five firms worked on this case and contributed to the Settlement. I actively exercised due care to avoid excessive, duplicative, and unnecessary work by ensuring that necessary tasks were openly discussed and assigned to specific attorneys. However, it is important to recognize that the present action had its genesis with separate firms representing separate plaintiffs who ultimately worked together in what became this consolidated action. This decision to work cooperatively with other firms litigating over the same subject matter against the same defendants ultimately led to greater efficiencies and avoided unnecessary and duplicative litigation. Indeed, it was chiefly because Class Counsel opted to cooperate with one another (rather than engage in drawn-out leadership battles) that they were able to efficiently negotiate the nationwide class settlement currently before the Court for final approval.

8.       In order to comply with the Court's July 27, 2021 Order, I requested each firm provide their billing records through August 11, 2021, which were collected from the contemporaneous time records that each firm maintains. Upon receipt, I consolidated the hours contained in the table below:

| Firm | 1-3 Years | 4-7 Years | 8-10 Years | 11-19 Years | 20+ Years | Paralegal / Law Clerk | Total hours |
|---|---|---|---|---|---|---|---|
| Milberg Coleman Bryson Phillips Grossman, PLLC | 6.4 | 268.3 | - | 54.5 | 680.9 | 357.9 | 1368 |
| Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | - | - | - | 14.6 | - | - | 14.6 |
| Barbat Mansour Suciu & Tomina PLLC | - | - | - | 126.4 | - | - | 126.4 |
| Shub Law Firm LLC | - | 78.1 | - | - | 63.75 | 26.8 | 168.65 |
| Bursor & Fisher, P.A. | 10 | 88.8 | - | 26.3 | 66.3 | 24.7 | 216.1 |
| Total hours | 16.4 | 435.2 | - | 221.8 | 810.95 | 409.4 | **1893.75** |

9.      While Plaintiffs are seeking an award of attorneys' fees based on the monetary benefits made available to the class as well as the injunctive relief provided under the Settlement, I have also considered the appropriate market rate to use for each attorneys' rate in this case. Defendants advertised and sold the Neuriva Products nationwide; accordingly, Plaintiffs sought to represent a nationwide class. When considering the appropriate market rate for class action services, especially those that involve nationwide complex class actions, I believe the appropriate market to consider is a national market. *See Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-CV-890-PGB-LRH, 2021 WL 1186811, at *3 (M.D. Fla. Mar. 19, 2021) (finding that relevant market rate for class actions should be based on the legal services provided, not the locality where the action is pending, and finding that class actions have a national market).

10.     One helpful source of determining reasonable hourly rates is the Laffey Matrix, available at www.laffeymatrix.com. While developed to determine market rates for attorneys in the Baltimore-D.C. metro area, the Laffey Matrix has been favorably cited to determine the hourly rates both in the Southern District of Florida and Middle District of Florida. *See Figueroa v. Maximum Recovery Sols., Inc.*, No. 12-60098-CIV, 2012 WL 13134301, at *7 (S.D. Fla. Dec. 12, 2012); *Sos*, 2021 WL 1186811 at *2-4. In addition, other federal courts have

approved use of the Laffey Matrix in determining a reasonable hourly rate. *See Carlotti v. ASUS Computer Int'l*, No. 18-CV-03369-DMR, 2020 WL 3414653, at *5 (N.D. Cal. June 22, 2020) (noting that the Laffey Matrix may fall below reasonable rates in geographic area); *Bond v. Ferguson Enterprises, Inc.*, No. 1:09-CV-1662 OWW MJS, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) (applying Laffey Matrix).

11.     After applying the Laffey Matrix rates to the attorneys who worked on the present case, I compiled the table below:

| Firm | 1-3 Years | 4-7 Years | 8-10 Years | 11-19 Years | 20+ Years | Paralegal / Law Clerk | Total lodestar |
|---|---|---|---|---|---|---|---|
| Milberg Coleman Bryson Phillips Grossman, PLLC | $2,419.20 | $124,759.50 | - | $41,365.50 | $622,342.60 | $73,727.40 | $864,614.20 |
| Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | - | - | - | $11,081.40 | - | - | $11,081.40 |
| Barbat Mansour Suciu & Tomina PLLC | - | - | - | $95,937.60 | - | - | $95,937.60 |
| Shub Law Firm LLC | - | $36,316.50 | - | - | $58,267.50 | $5,520.80 | $100,104.80 |
| Bursor & Fisher, P.A. | $3,780.00 | $41,292.00 | - | $19,961.70 | $60,598.20 | $5,088.20 | $130,720.10 |
| Total lodestar | $6,199.20 | $202,368.00 | - | $168,346.20 | $741,208.30 | $84,336.40 | **$1,202,458.10** |

12.     Class Counsel's time records include their pre-suit investigation and interactions with potential class representatives, researching and interviewing potential consulting experts, reviewing and collecting scientific studies and related material, researching potential causes of action (including caselaw regarding substantiation of supplements), researching and analyzing Defendants' marketing efforts, drafting complaints,

writing and filing an opposition to Defendants' motion to stay or transfer, and preparing to respond to Defendants' Rule 12 motions. Class Counsel also spent considerable time in preparing for and participating in settlement negotiations, drafting and negotiating a comprehensive settlement agreement, effectuating the settlement through filing for preliminary approval, working with the settlement administrator to design and implement an effective notice program, and overseeing the claims process. In addition to the work already performed, Class Counsel anticipates expending further time and resources in obtaining final approval of the settlement (including through any potential appeal), monitoring claim reports, and responding to questions from Settlement Class members about their claims. Upon request, Class Counsel will provide their detailed time records for *in camera* review.

13.     Notwithstanding the above information, I continue to believe that the appropriate method of determining attorneys' fees in the present case is the common fund approach, not a lodestar analysis. *See Montoya v. PNC Bank, N.A.*, Civ. No. 1420474, 2016 WL 1529902, at *16 (S.D. Fla. Apr. 13, 2016) (citing cases within Eleventh Circuit approving common fund approach for awarding attorneys' fees); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) ("The lodestar approach should not be imposed through the back door via a 'cross-check.'").

14.     As reflected below, Class Counsel incurred a total of $27,413.68 in expenses for which they seek reimbursement in connection with the prosecution of this litigation. These expenses were reasonable and necessarily incurred on behalf of the Settlement Class. The expenses pertaining to this case are reflected in the books and records of each firm. These books and records are an accurate record of Class Counsel's expenses. A detailed breakdown is set forth below:

| Category | Expenses |
|---|---|
| Court fees | $4,175.00 |
| Service fees | $247.40 |
| Expert fees | $8,500.00 |
| Mediation expenses | $12,625.00 |
| Conference Calls | $11.16 |
| Postage / Printing | $13.80 |
| Research | $1,818.26 |
| Meals | $23.06 |
| Total | $27,413.68 |

15.     Class Counsel has incurred additional expenses in connection with the prosecution of this litigation, but have determined in their billing judgment not to seek reimbursement for those expenses.

16.     Class Counsel paid these expenses for this litigation without receiving any reimbursement to date. And, likewise, Class Counsel has not received any compensation for the work performed to investigate, bring, and prosecute this Action.

17.     It is important to reiterate that Class Counsel's requested attorneys' fees, costs, and incentive awards were negotiated only after agreement was reached on relief for the Settlement Class so as to ensure that Settlement Class Members' benefits were not impacted by negotiations over attorneys' fees, costs, and incentive payments. Defendants are obligated under the Settlement Agreement to pay these amounts separate and apart from the $8,000,000 Settlement fund. Settlement Class Members will receive full benefits under the Settlement Agreement if the Court approves these amounts irrespective of the Court's determination on attorneys' fees, expenses, and incentive awards.

18.     Class Counsel, with the assistance of the Settlement Administrator, has actively monitored status of claims filed in the present case. As of August 13, 2021, there have been a total of 22,368 claims submitted online and 338 claims mailed to the Settlement Administrator for a total of 22,706 claims. It may assist the Court to have a snapshot of the pace of claims being submitted by Class Members; in that regard, there have been a total of 5,728 claims that have been submitted since August 2, 2021, leaving an average of approximately 477 claims per day (5,728 claims / 12 days). Additionally, in my experience having participated and overseen numerous class action settlements, there tends to be an uptick in the number of

claims filed shortly preceding the claims deadline. Here, class members will have forty-five (45) days following entry of an order finally approving the Settlement to file a claim.

19.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 13th day of August, 2021.

*/s/ Daniel K. Bryson*
Daniel K. Bryson
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
900 West Morgan Street
Raleigh, NC 27603
(919) 600-5000
dbryson@milberg.com

# EXHIBIT A

## CLASS  REPRESENTATIVE/ATTORNEY REPRESENTATION AGREEMENT

WHITFIELD BRYSON LLP, GREG COLEMAN LAW PC, and BARBAT, MANSOUR, SUCIU & TOMINA PLLC (collectively referred to as "Attorneys") hereby agree to represent Thomas Matthews ("Client"), in connection with claims against Schiff Nutrition International, Inc., ("Defendant") and any associated persons or entities that may be asserted on behalf of Client and a class of persons similarly situated who have claims against Defendants arising from Client's purchase of Neuriva brain enhancement supplements (the "Litigation").

1.      **Authority to Pursue the Litigation**.

Client authorizes Attorneys to take all steps in this matter deemed by the Attorneys to be advisable for the investigation and prosecution of Client's claim(s), which may include hiring investigators, expert witnesses, and/or other attorneys, and filing any legal action they deem necessary. Client specifically authorizes Attorneys to associate co-counsel if they believe it advisable or necessary for the proper handling of Client's claim(s).

2.      **Client's Duties in the Litigation**.

Client agrees to pursue the Litigation individually and on behalf of a class. Client agrees to cooperate in the preparation and trial of the Litigation, to provide documents and answer interrogatories as necessary, to comply with all reasonable requests made of Attorneys in connection with the preparation and presentation of this case, and to appear, upon reasonable notice, for depositions and Court appearances. Client further agrees that he/she has read, understood, and agrees to the following duties as a class representative in the Litigation:

a.  A class representative represents the interests of all members of his/her class in litigation to obtain appropriate relief and/or recover money damages for the class. A class representative must adequately and fairly represent the class. This means that a class representative always considers the interests of the class just as he/she would consider his/her own interests.

b.  A class representative is not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit. However, he/she should remain interested in the progress of the lawsuit and must make every effort to provide his/her lawyer and the court with all relevant facts of which he/she is aware.

c.  A class representative participates actively in the lawsuit, such as by reading the complaint and understanding it to the best of his/her ability, cooperating fully in any discovery that is permitted of the class representative, such as by testifying at deposition and trial, answering written interrogatories, producing documents and by keeping generally aware of the status and progress of the lawsuit. His/her lawyer will keep the class representative informed of major events during the litigation in order to ensure that all class representatives are well informed. The class representative should confer with his/her lawyer any time he/she feels it is appropriate to do so.

d.  The class representative is required to vigorously prosecute the litigation. This means that the class representative must authorize his/her lawyer to do what is necessary to successfully prosecute the case on behalf of the class and to consult with counsel concerning the prosecution of the litigation.

e.  The class representative may be responsible for providing appropriate notice to the class, depending on whether the legal rules or the judge requires such notice. His/her lawyer will undertake this task on the class representative's behalf and be responsible for all costs, the reimbursement of which will be contingent on the outcome of the litigation. Notice is usually accomplished by mailing a copy of the notification to identifiable class members and/or publishing a copy of the notification in newspapers, magazines, or via electronic media.

f.  A class representative recognizes and accepts that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole. His/her lawyer will consult with the class representative before recommending a settlement. The class representative will not participate in any settlement negotiations without his/her lawyer's consent. The class representative further recognizes and accepts that he/she is not promised or entitled to any additional award or special treatment beyond that which may be afforded to other class members.

g.  A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class lawsuit will save time, money and effort, and thus will benefit all parties and the court, and because he/she believes that the class action is an important tool to assure protection of people or businesses injured in a similar way as the class representative.

### 3.    Settlement of the Litigation.

Client understands that the Attorneys may recommend a class action settlement to the Court and that this suit may be handled as part of a larger number of cases which may be aggregated for settlement and/or trial preparation. Client authorizes the Attorneys to enter into aggregate settlement negotiations and to disclose the amount of the proposed settlement values to other Clients whose cases are included in the aggregate of cases. With regard to any matters relating to settlement, Client will be guided by the views and advice of the Attorneys.

Client understands and agrees that because this matter is to be brought as a class action, Client may not settle or compromise Client's individual claim(s) without regard for the interests of the class Client seeks to represent. Client understands that if his/her claim is settled in a class action context, Court approval of any such settlement is necessary before any settlement becomes final. Also, Client understands the Court may grant final approval to a class action settlement if it is fair, reasonable and adequate, even if Client does not approve of the settlement. Client understands that in the event he/she disagrees that a settlement is appropriate, Client's counsel in a class action context represents both Client and the class, and the Attorneys may have a duty to

pursue settlement of the action even if Client disagrees. In the event Client disagrees with a class action settlement, the Court may grant Client a right to exclude himself/herself from the settlement and pursue his/her claim independently. If the Court does not certify the Litigation as a class action, the Client will have authority to accept or reject any final settlement amount offered to them individually after receiving the advice of the Attorneys.

4.      **Payment of Attorneys' Fees and Expenses.**

Client is not responsible at all for Attorneys' fees and Client agrees that out of any settlement, verdict, or judgment, Attorneys have the right to receive Attorneys' fees and expenses. If this action is certified and/or settled as a class action, Attorneys' fees will be paid from an award of attorneys' fees by the Court, to be paid by the Defendant(s) as allocated by the Court. The fee awarded by the Court may include payment for other firms with whom we may work on the matter or who may file similar lawsuits. The division of work among these firms and the amount of attorneys' fees that might be awarded by the Court cannot be determined at this stage of the Litigation.

In the event that the Litigation is not certified as a class action, Attorneys may continue to represent Client on an individual basis. In that scenario, Attorneys will handle the Litigation based upon a contingent fee arrangement wherein our collective fee will be 33.33% of any recovery obtained in the Litigation, whether it be through settlement or judgment. This arrangement would not include any appeal that may be subsequently taken by either party. Although atypical, there may be a statutory basis for us to recover attorneys' fees from the defendant(s) on your behalf. Should we be successful doing so, our fee shall be the greater of (1) total attorney's fees awarded by the Court; or (2) 33.33% of the total recovery (including attorneys' fees). If a "like-kind" settlement is reached with any adverse party, whereby actual repairs, or extended warranty coverage, replacement materials or products, are made by or at the request of such party or its insurer in lieu of a monetary settlement, then Clients agree to pay attorneys the applicable percentage under this paragraph of the fair market value of the total cost of design and construction of such "like-kind" repairs, demolition costs, replacement or remediation, including general conditions and other related costs, as of the date of Client's agreement to such settlement. Such fee will be due and owing at the time of any such "like-kind" settlement is reached by the Client, whether by written agreement, a settlement on the record in court, or otherwise.

During the course of this litigation, we will incur expenses for copies, long distance telephone calls, legal research, travel, etc. Typically, these costs are paid by the client. However, we will advance all costs incurred by our firm(s), such as copies, postage, express delivery charges, legal research (e.g., Westlaw, LexisNexis, PACER), travel expenses, etc. We will be reimbursed for these costs if, and only if, we ultimately obtain a recovery. However, the client will still be responsible for the costs that are not generated by our firm(s), such as the filing fees with the Court, costs of the experts, legal process outsourcing companies (i.e., service of process, document production, trial exhibits), and deposition costs (including transcripts). In the event of a settlement or judgment of this action as a certified Class, the Court may award these costs to Attorneys, and require payment of the costs by the Defendant. In the event the Client's claim is settled on an individual basis, the advanced costs are deducted from the recovery after the calculation of the contingent fee.

5.      **Right to Withdraw.**

The Attorneys reserve the right to withdraw as counsel and terminate this agreement if Client does not fulfill his/her obligations under the terms of the Agreement, or if the continued prosecution of this litigation is not legally or economically feasible. Client may discharge the Attorneys from individual representation of the Client for any reason whatsoever. However, and as an exception to the foregoing, during the period prior to the Court's deciding whether to certify this Litigation as a class action and following certification of a class action, Client agrees to not discharge the Attorneys and enter into settlement discussions with the defendant(s). In the event that Client discharges Attorneys, the Attorneys reserve their rights to obtain a reasonable fee for the work performed to date in the Litigation.

6.      **Attorneys Do Not Guarantee Success.**

Attorneys do not make any guarantee or assurance regarding the likelihood of success of Client's claims.

7.      **Case File Retention.**

The Client's file, and any materials compiled by Attorneys during the course of representation in the Litigation will remain the property of the Attorneys' upon conclusion of the representation. We will cooperate fully in furnishing a copy of relevant materials from the file to any successor attorney that you may retain. Additionally, we will maintain the file on this matter for at least six years. Should you wish to obtain any information or materials from the file, including personal items furnished to us in the handling of your case (i.e. documents, photographs), these will be returned to you by request if the request is made within six years after the conclusion of the representation.

8.      **Scope of Agreement.**

This agreement states the entire agreement between the Client and the Attorneys and takes the place of any prior oral or written agreements. The terms of this agreement may be changed only by a separate written agreement signed and dated by the Client and the Attorneys. If a provision of this agreement is, or may be, held by a court to be invalid, void, superseded, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way. The section headings herein contained are for purposes of identification only and shall not be considered in construing this agreement.

**WE HAVE READ AND UNDERSTAND THIS CONTRACT AND AGREE AS STATED ABOVE.**

AGREED TO:

*Thomas J Matthews*
Thomas J Matthews (Jun 12, 2020 11:20 PDT)

Date: 06/12/2020

By:  Thomas J Matthews

AGREED TO:

_Dan Bryson (Jun 13, 2020 11:25 EDT)_                Date: 06/13/2020

By: Daniel K. Bryson
WHITFIELD BRYSON LLP
900 West Morgan Street
Raleigh, NC 27603
(919) 600-5000


AGREED TO:

_Greg Coleman_                Date: 06/13/2020
Greg Coleman (Jun 13, 2020 21:23 EDT)

By: Gregory F. Coleman
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
(865) 247-0080


AGREED TO:

_Nick Suciu III_                Date: 06/15/2020

By: Nick Suciu III
BARBAT, MANSOUR, SUCIU & TOMINA PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
nicksuciu@bmslawyers.com
(313) 303 3472

**CLASS REPRESENTATIVE/ATTORNEY REPRESENTATION AGREEMENT**

WHITFIELD BRYSON LLP, GREG COLEMAN LAW PC, and BARBAT, MANSOUR, SUCIU & TOMINA PLLC (collectively referred to as "Attorneys") hereby agree to represent David Williams ("Client"), in connection with claims against Reckitt Benckiser LLC and RB Health (US) LLP ("Defendant") and any associated persons or entities that may be asserted on behalf of Client and a class of persons similarly situated who have claims against Defendants arising from Client's purchase of Neuriva brain enhancement supplements (the "Litigation").

1.    **Authority to Pursue the Litigation**.

Client authorizes Attorneys to take all steps in this matter deemed by the Attorneys to be advisable for the investigation and prosecution of Client's claim(s), which may include hiring investigators, expert witnesses, and/or other attorneys, and filing any legal action they deem necessary. Client specifically authorizes Attorneys to associate co-counsel if they believe it advisable or necessary for the proper handling of Client's claim(s).

2.    **Client's Duties in the Litigation**.

Client agrees to pursue the Litigation individually and on behalf of a class. Client agrees to cooperate in the preparation and trial of the Litigation, to provide documents and answer interrogatories as necessary, to comply with all reasonable requests made of Attorneys in connection with the preparation and presentation of this case, and to appear, upon reasonable notice, for depositions and Court appearances. Client further agrees that he/she has read, understood, and agrees to the following duties as a class representative in the Litigation:

a.   A class representative represents the interests of all members of his/her class in litigation to obtain appropriate relief and/or recover money damages for the class. A class representative must adequately and fairly represent the class. This means that a class representative always considers the interests of the class just as he/she would consider his/her own interests.

b.   A class representative is not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit. However, he/she should remain interested in the progress of the lawsuit and must make every effort to provide his/her lawyer and the court with all relevant facts of which he/she is aware.

c.   A class representative participates actively in the lawsuit, such as by reading the complaint and understanding it to the best of his/her ability, cooperating fully in any discovery that is permitted of the class representative, such as by testifying at deposition and trial, answering written interrogatories, producing documents and by keeping generally aware of the status and progress of the lawsuit. His/her lawyer will keep the class representative informed of major events during the litigation in order to ensure that all class representatives are well informed. The class representative should confer with his/her lawyer any time he/she feels it is appropriate to do so.

d. The class representative is required to vigorously prosecute the litigation. This means that the class representative must authorize his/her lawyer to do what is necessary to successfully prosecute the case on behalf of the class and to consult with counsel concerning the prosecution of the litigation.

e. The class representative may be responsible for providing appropriate notice to the class, depending on whether the legal rules or the judge requires such notice. His/her lawyer will undertake this task on the class representative's behalf and be responsible for all costs, the reimbursement of which will be contingent on the outcome of the litigation. Notice is usually accomplished by mailing a copy of the notification to identifiable class members and/or publishing a copy of the notification in newspapers, magazines, or via electronic media.

f. A class representative recognizes and accepts that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole. His/her lawyer will consult with the class representative before recommending a settlement. The class representative will not participate in any settlement negotiations without his/her lawyer's consent. The class representative further recognizes and accepts that he/she is not promised or entitled to any additional award or special treatment beyond that which may be afforded to other class members.

g. A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class lawsuit will save time, money and effort, and thus will benefit all parties and the court, and because he/she believes that the class action is an important tool to assure protection of people or businesses injured in a similar way as the class representative.

**3.      Settlement of the Litigation.**

Client understands that the Attorneys may recommend a class action settlement to the Court and that this suit may be handled as part of a larger number of cases which may be aggregated for settlement and/or trial preparation. Client authorizes the Attorneys to enter into aggregate settlement negotiations and to disclose the amount of the proposed settlement values to other Clients whose cases are included in the aggregate of cases. With regard to any matters relating to settlement, Client will be guided by the views and advice of the Attorneys.

Client understands and agrees that because this matter is to be brought as a class action, Client may not settle or compromise Client's individual claim(s) without regard for the interests of the class Client seeks to represent. Client understands that if his/her claim is settled in a class action context, Court approval of any such settlement is necessary before any settlement becomes final. Also, Client understands the Court may grant final approval to a class action settlement if it is fair, reasonable and adequate, even if Client does not approve of the settlement. Client understands that in the event he/she disagrees that a settlement is appropriate, Client's counsel in a class action context represents both Client and the class, and the Attorneys

may have a duty to pursue settlement of the action even if Client disagrees. In the event Client disagrees with a class action settlement, the Court may grant Client a right to exclude himself/herself from the settlement and pursue his/her claim independently. If the Court does not certify the Litigation as a class action, the Client will have authority to accept or reject any final settlement amount offered to them individually after receiving the advice of the Attorneys.

### 4.      Payment of Attorneys' Fees and Expenses.

Client is not responsible at all for Attorneys' fees and Client agrees that out of any settlement, verdict, or judgment, Attorneys have the right to receive Attorneys' fees and expenses. If this action is certified and/or settled as a class action, Attorneys' fees will be paid from an award of attorneys' fees by the Court, to be paid by the Defendant(s) as allocated by the Court. The fee awarded by the Court may include payment for other firms with whom we may work on the matter or who may file similar lawsuits. The division of work among these firms and the amount of attorneys' fees that might be awarded by the Court cannot be determined at this stage of the Litigation.

In the event that the Litigation is not certified as a class action, Attorneys may continue to represent Client on an individual basis. In that scenario, Attorneys will handle the Litigation based upon a contingent fee arrangement wherein our collective fee will be 33.33% of any recovery obtained in the Litigation, whether it be through settlement or judgment. This arrangement would not include any appeal that may be subsequently taken by either party. Although atypical, there may be a statutory basis for us to recover attorneys' fees from the defendant(s) on your behalf. Should we be successful doing so, our fee shall be the greater of (1) total attorney's fees awarded by the Court; or (2) 33.33% of the total recovery (including attorneys' fees). If a "like-kind" settlement is reached with any adverse party, whereby actual repairs, or extended warranty coverage, replacement materials or products, are made by or at the request of such party or its insurer in lieu of a monetary settlement, then Clients agree to pay attorneys the applicable percentage under this paragraph of the fair market value of the total cost of design and construction of such "like-kind" repairs, demolition costs, replacement or remediation, including general conditions and other related costs, as of the date of Client's agreement to such settlement. Such fee will be due and owing at the time of any such "like-kind" settlement is reached by the Client, whether by written agreement, a settlement on the record in court, or otherwise.

During the course of this litigation, we will incur expenses for copies, long distance telephone calls, legal research, travel, etc. Typically, these costs are paid by the client. However, we will advance all costs incurred by our firm(s), such as copies, postage, express delivery charges, legal research (e.g., Westlaw, LexisNexis, PACER), travel expenses, etc. We will be reimbursed for these costs if, and only if, we ultimately obtain a recovery. However, the client will still be responsible for the costs that are not generated by our firm(s), such as the filing fees with the Court, costs of the experts, legal process outsourcing companies (i.e., service of process, document production, trial exhibits), and deposition costs (including transcripts). In the event of a settlement or judgment of this action as a certified Class, the Court may award these costs to Attorneys, and require payment of the costs by the Defendant. In the event the Client's claim is

settled on an individual basis, the advanced costs are deducted from the recovery after the calculation of the contingent fee.

      **5.**      **Right to Withdraw.**

The Attorneys reserve the right to withdraw as counsel and terminate this agreement if Client does not fulfill his/her obligations under the terms of the Agreement, or if the continued prosecution of this litigation is not legally or economically feasible. Client may discharge the Attorneys from individual representation of the Client for any reason whatsoever. However, and as an exception to the foregoing, during the period prior to the Court's deciding whether to certify this Litigation as a class action and following certification of a class action, Client agrees to not discharge the Attorneys and enter into settlement discussions with the defendant(s). In the event that Client discharges Attorneys, the Attorneys reserve their rights to obtain a reasonable fee for the work performed to date in the Litigation.

      **6.**      **Attorneys Do Not Guarantee Success.**

Attorneys do not make any guarantee or assurance regarding the likelihood of success of Client's claims.

      **7.**      **Case File Retention.**

The Client's file, and any materials compiled by Attorneys during the course of representation in the Litigation will remain the property of the Attorneys' upon conclusion of the representation. We will cooperate fully in furnishing a copy of relevant materials from the file to any successor attorney that you may retain. Additionally, we will maintain the file on this matter for at least six years. Should you wish to obtain any information or materials from the file, including personal items furnished to us in the handling of your case (i.e. documents, photographs), these will be returned to you by request if the request is made within six years after the conclusion of the representation.

      **8.**      **Scope of Agreement.**

This agreement states the entire agreement between the Client and the Attorneys and takes the place of any prior oral or written agreements. The terms of this agreement may be changed only by a separate written agreement signed and dated by the Client and the Attorneys. If a provision of this agreement is, or may be, held by a court to be invalid, void, superseded, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way. The section headings herein contained are for purposes of identification only and shall not be considered in construing this agreement.

**WE HAVE READ AND UNDERSTAND THIS CONTRACT AND AGREE AS STATED ABOVE.**

AGREED TO:

*David Williams*
David Williams (Jul 10, 2020 14:44 EDT)
By:

Date: _____Jul 10, 2020_____

AGREED TO:

*Dan Bryson*
Dan Bryson (Jul 10, 2020 17:43 EDT)

Date: _____
Jul 10, 2020

By: Daniel K. Bryson
WHITFIELD BRYSON LLP
900 West Morgan Street
Raleigh, NC 27603
(919) 600-5000

AGREED TO:

Greg Coleman (Jul 10, 2020 17:44 EDT)

Date: _____
Jul 10, 2020

By: Gregory F. Coleman
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
(865) 247-0080

AGREED TO:

*Nick Suciu III*

Date: _____
Jul 10, 2020

By: Nick Suciu III
BARBAT, MANSOUR, SUCIU & TOMINA PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
(313) 303 3472

## CLASS REPRESENTATIVE/ATTORNEY REPRESENTATION AGREEMENT

WHITFIELD BRYSON LLP, GREG COLEMAN LAW PC, and BARBAT, MANSOUR, SUCIU & TOMINA PLLC (collectively referred to as "Attorneys") hereby agree to represent Caroll Anglade ("Client"), in connection with claims against Reckitt Benckiser LLC and RB Health (US) LLP ("Defendant") and any associated persons or entities that may be asserted on behalf of Client and a class of persons similarly situated who have claims against Defendants arising from Client's purchase of Neuriva brain enhancement supplements (the "Litigation").

**1.  Authority to Pursue the Litigation**.

Client authorizes Attorneys to take all steps in this matter deemed by the Attorneys to be advisable for the investigation and prosecution of Client's claim(s), which may include hiring investigators, expert witnesses, and/or other attorneys, and filing any legal action they deem necessary. Client specifically authorizes Attorneys to associate co-counsel if they believe it advisable or necessary for the proper handling of Client's claim(s).

**2.  Client's Duties in the Litigation**.

Client agrees to pursue the Litigation individually and on behalf of a class. Client agrees to cooperate in the preparation and trial of the Litigation, to provide documents and answer interrogatories as necessary, to comply with all reasonable requests made of Attorneys in connection with the preparation and presentation of this case, and to appear, upon reasonable notice, for depositions and Court appearances. Client further agrees that he/she has read, understood, and agrees to the following duties as a class representative in the Litigation:

a.  A class representative represents the interests of all members of his/her class in litigation to obtain appropriate relief and/or recover money damages for the class. A class representative must adequately and fairly represent the class. This means that a class representative always considers the interests of the class just as he/she would consider his/her own interests.

b.  A class representative is not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit. However, he/she should remain interested in the progress of the lawsuit and must make every effort to provide his/her lawyer and the court with all relevant facts of which he/she is aware.

c.  A class representative participates actively in the lawsuit, such as by reading the complaint and understanding it to the best of his/her ability, cooperating fully in any discovery that is permitted of the class representative, such as by testifying at deposition and trial, answering written interrogatories, producing documents and by keeping generally aware of the status and progress of the lawsuit. His/her lawyer will keep the class representative informed of major events during the litigation in order to ensure that all class representatives are well informed. The class representative should confer with his/her lawyer any time he/she feels it is appropriate to do so.

d.  The class representative is required to vigorously prosecute the litigation. This means that the class representative must authorize his/her lawyer to do what is necessary to successfully prosecute the case on behalf of the class and to consult with counsel concerning the prosecution of the litigation.

e.  The class representative may be responsible for providing appropriate notice to the class, depending on whether the legal rules or the judge requires such notice. His/her lawyer will undertake this task on the class representative's behalf and be responsible for all costs, the reimbursement of which will be contingent on the outcome of the litigation. Notice is usually accomplished by mailing a copy of the notification to identifiable class members and/or publishing a copy of the notification in newspapers, magazines, or via electronic media.

f.  A class representative recognizes and accepts that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole. His/her lawyer will consult with the class representative before recommending a settlement. The class representative will not participate in any settlement negotiations without his/her lawyer's consent. The class representative further recognizes and accepts that he/she is not promised or entitled to any additional award or special treatment beyond that which may be afforded to other class members.

g.  A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class lawsuit will save time, money and effort, and thus will benefit all parties and the court, and because he/she believes that the class action is an important tool to assure protection of people or businesses injured in a similar way as the class representative.

**3.      Settlement of the Litigation.**

Client understands that the Attorneys may recommend a class action settlement to the Court and that this suit may be handled as part of a larger number of cases which may be aggregated for settlement and/or trial preparation. Client authorizes the Attorneys to enter into aggregate settlement negotiations and to disclose the amount of the proposed settlement values to other Clients whose cases are included in the aggregate of cases. With regard to any matters relating to settlement, Client will be guided by the views and advice of the Attorneys.

Client understands and agrees that because this matter is to be brought as a class action, Client may not settle or compromise Client's individual claim(s) without regard for the interests of the class Client seeks to represent. Client understands that if his/her claim is settled in a class action context, Court approval of any such settlement is necessary before any settlement becomes final. Also, Client understands the Court may grant final approval to a class action settlement if it is fair, reasonable and adequate, even if Client does not approve of the settlement. Client understands that in the event he/she disagrees that a settlement is appropriate, Client's counsel in a class action context represents both Client and the class, and the Attorneys

may have a duty to pursue settlement of the action even if Client disagrees. In the event Client disagrees with a class action settlement, the Court may grant Client a right to exclude himself/herself from the settlement and pursue his/her claim independently. If the Court does not certify the Litigation as a class action, the Client will have authority to accept or reject any final settlement amount offered to them individually after receiving the advice of the Attorneys.

**4.      Payment of Attorneys' Fees and Expenses.**

Client is not responsible at all for Attorneys' fees and Client agrees that out of any settlement, verdict, or judgment, Attorneys have the right to receive Attorneys' fees and expenses. If this action is certified and/or settled as a class action, Attorneys' fees will be paid from an award of attorneys' fees by the Court, to be paid by the Defendant(s) as allocated by the Court. The fee awarded by the Court may include payment for other firms with whom we may work on the matter or who may file similar lawsuits. The division of work among these firms and the amount of attorneys' fees that might be awarded by the Court cannot be determined at this stage of the Litigation.

In the event that the Litigation is not certified as a class action, Attorneys may continue to represent Client on an individual basis. In that scenario, Attorneys will handle the Litigation based upon a contingent fee arrangement wherein our collective fee will be 33.33% of any recovery obtained in the Litigation, whether it be through settlement or judgment. This arrangement would not include any appeal that may be subsequently taken by either party. Although atypical, there may be a statutory basis for us to recover attorneys' fees from the defendant(s) on your behalf. Should we be successful doing so, our fee shall be the greater of (1) total attorney's fees awarded by the Court; or (2) 33.33% of the total recovery (including attorneys' fees). If a "like-kind" settlement is reached with any adverse party, whereby actual repairs, or extended warranty coverage, replacement materials or products, are made by or at the request of such party or its insurer in lieu of a monetary settlement, then Clients agree to pay attorneys the applicable percentage under this paragraph of the fair market value of the total cost of design and construction of such "like-kind" repairs, demolition costs, replacement or remediation, including general conditions and other related costs, as of the date of Client's agreement to such settlement. Such fee will be due and owing at the time of any such "like-kind" settlement is reached by the Client, whether by written agreement, a settlement on the record in court, or otherwise.

During the course of this litigation, we will incur expenses for copies, long distance telephone calls, legal research, travel, etc. Typically, these costs are paid by the client. However, we will advance all costs incurred by our firm(s), such as copies, postage, express delivery charges, legal research (e.g., Westlaw, LexisNexis, PACER), travel expenses, etc. We will be reimbursed for these costs if, and only if, we ultimately obtain a recovery. However, the client will still be responsible for the costs that are not generated by our firm(s), such as the filing fees with the Court, costs of the experts, legal process outsourcing companies (i.e., service of process, document production, trial exhibits), and deposition costs (including transcripts). In the event of a settlement or judgment of this action as a certified Class, the Court may award these costs to Attorneys, and require payment of the costs by the Defendant. In the event the Client's claim is

settled on an individual basis, the advanced costs are deducted from the recovery after the calculation of the contingent fee.

5.      **Right to Withdraw.**

The Attorneys reserve the right to withdraw as counsel and terminate this agreement if Client does not fulfill his/her obligations under the terms of the Agreement, or if the continued prosecution of this litigation is not legally or economically feasible. Client may discharge the Attorneys from individual representation of the Client for any reason whatsoever. However, and as an exception to the foregoing, during the period prior to the Court's deciding whether to certify this Litigation as a class action and following certification of a class action, Client agrees to not discharge the Attorneys and enter into settlement discussions with the defendant(s). In the event that Client discharges Attorneys, the Attorneys reserve their rights to obtain a reasonable fee for the work performed to date in the Litigation.

6.      **Attorneys Do Not Guarantee Success.**

Attorneys do not make any guarantee or assurance regarding the likelihood of success of Client's claims.

7.      **Case File Retention.**

The Client's file, and any materials compiled by Attorneys during the course of representation in the Litigation will remain the property of the Attorneys' upon conclusion of the representation. We will cooperate fully in furnishing a copy of relevant materials from the file to any successor attorney that you may retain. Additionally, we will maintain the file on this matter for at least six years. Should you wish to obtain any information or materials from the file, including personal items furnished to us in the handling of your case (i.e. documents, photographs), these will be returned to you by request if the request is made within six years after the conclusion of the representation.

8.      **Scope of Agreement.**

This agreement states the entire agreement between the Client and the Attorneys and takes the place of any prior oral or written agreements. The terms of this agreement may be changed only by a separate written agreement signed and dated by the Client and the Attorneys. If a provision of this agreement is, or may be, held by a court to be invalid, void, superseded, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way. The section headings herein contained are for purposes of identification only and shall not be considered in construing this agreement.

**WE HAVE READ AND UNDERSTAND THIS CONTRACT AND AGREE AS STATED ABOVE.**

AGREED TO:

*Caroll Anglade*
Caroll Anglade (Jul 16, 2020 11:34 EDT)

By: _____

Date: _____ Jul 16, 2020


AGREED TO:

Dan Bryson (Jul 16, 2020 16:25 EDT)

By: Daniel K. Bryson
WHITFIELD BRYSON LLP
900 West Morgan Street
Raleigh, NC 27603
(919) 600-5000

Date: _____ Jul 16, 2020


AGREED TO:

By: Gregory F. Coleman
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
(865) 247-0080

Date: __7-16-2020_____


AGREED TO:

*Nick Suciu III*

By: Nick Suciu III
BARBAT, MANSOUR, SUCIU & TOMINA PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
(313) 303 3472

Date: _____ July 16, 2020

DocuSign Envelope ID: 982C950B-F070-4B5B-8FAC-E6A750100A9D



Senders E-mail: jshub@shublawyers.com

August 17, 2020

**Privileged and Confidential**


<u>**Via E-mail**</u>

Ms. Maritza Angeles

Dear Ms. Angeles:

This is a class action retention agreement (the "Agreement") between Ms. Maritza Angeles (hereafter referred to as "Client") and Shub Law Firm LLC (hereafter referred to as "Law Firm"), whereby if Law Firm files a Class Action lawsuit on Client's behalf, Client agrees to serve as a class representative pursuant to the terms set forth hereinafter. Unless a different Agreement is made in writing, this Agreement alone shall govern Law Firm's and Client's respective rights and responsibilities.

1.      Scope of Services:

    (a)      This Engagement

    Client has agreed to retain the services of Law Firm in connection with the prosecution of class claims for damages against Reckitt Benckiser LLC and RB Health (US) LLC ("Defendant"), and perhaps others arising out of Client's and similarly situated individuals' (the proposed "Class") purchase Neuriva Original and Neuriva Plus supplements. Law Firm will perform the following legal services, if necessary or appropriate, with respect to the claims described above:

- investigation of claim(s);

- determining responsible parties;

- preparing and filing a lawsuit;

- settlement procedures and negotiations;

- prosecution of claim(s) by arbitration or legal action until settlement, award, or judgment

DocuSign Envelope ID: 982C950B-F979-4B5B-8FAC-E6A750100A9D

Shub Law Firm LLC                    Continuation Sheet No. 2                    Ms. Maritza Angeles
                                                                                 August 17, 2020

is obtained, or dismissal occurs;[1] and

- if judgment is obtained in Client's and the Class' favor, opposing an opposing party's motion for new trial (if any).

      (b)      Law Firm is authorized to enter into negotiations regarding possible settlement, but will not settle or compromise this matter without the express consent of Client.

      (c)      Services Not Included in This Engagement

      This Agreement encompasses only services required in connection with a class action setting. Additional services that may be necessary or appropriate subsequent to, or in lieu of, a litigated class action trial court setting are not included within the scope of this Agreement. For example, such additional services may be required:

- if the judgment obtained is not in Client's or the Class' favor, or the amount thereof is unsatisfactory to Client;

- if a retrial is ordered after a motion for new trial or mistrial, or after reversal of the judgment on appeal;

- in judgment enforcement proceedings;

- in the event Client's or the Class' claims are judicially dismissed by dispositive motion or for any other reason; or

- in the event that the Class is not certified or is decertified, or the Client is not selected as the Lead Plaintiff and the Client chooses to pursue an individual claim by opting out or otherwise.

      If additional legal services are necessary in connection with Client's and the Class' claim(s), and Client requests Law Firm to perform such services, such additional services will only be performed pursuant to a separate written agreement between Client and Law Firm setting out such additional services and the additional fees payable in connection therewith. In the absence of such an agreement, and subject to Law Firm's lien as set forth in Section 10 below, Client will have the right to engage other counsel to perform such additional services. Client understands that Law Firm is under no obligation to provide such additional services.

      (d)      Investment Advice Not Covered Under This Engagement

---

[1] As set forth in paragraph 1(c) below, excluded from this Agreement is any appeal of any judicial dismissal of Client's and the Class' claims; it being understood that Law Firm shall have no obligation to pursue any such appeal on behalf of Client or the Class. In the event that Client and Law Firm shall mutually agree upon the pursuit of such an appeal, all rights and obligations between them shall be governed exclusively by separate written agreement.

DocuSign Envelope ID: 982C950B-F970-4B5B-8FAC-E6A750100A9D

Shub Law Firm LLC                Continuation Sheet No. 3              Ms. Maritza Angeles
                                                                      August 17, 2020

This Agreement does not cover any legal advice or other counseling with respect to the investment or other application of any monetary recovery, whether by way of settlement or judgment following a trial. Client understands that Law Firm will provide no such advice or services.

> (e)  No Guarantee as to Result

Client acknowledges that Law Firm has made no guarantees as to the outcome or the amounts recoverable in connection with Client's claim(s).

> (f)  Client will not be responsible for any costs, expenses, disbursements or fees unless client withdraws without legal cause.

2.      <u>Your Participation in the Class Action</u>:

This will confirm that if Law Firm files a Class Action lawsuit on Client's behalf, Client agrees to serve as a representative of a class or classes of plaintiffs in a class action to be brought against Defendant(s). By agreeing to serve as a class representative, Client understands that Client has obligations to the class of plaintiffs Client purports to represent. By signing the letter in the place provided below, Client represents that Client understands that if the Court permits this action to proceed as a class action, Law Firm will not be able to put Client's interests ahead of those of other class members. Law Firm will have to respect equally the interests of all class members.

Client further understands that Law Firm may seek Court approval to appoint Client, possibly in conjunction with others, as class representative(s) in the action which Law Firm proposes to file on Client's behalf, or in connection with subsequently filed actions. By signing this letter in the place provided below, Client agrees to serve as a class representative if so appointed by the Court. Client further understands that Law Firm may determine that it is in the best interest of the class as a whole that others — either alone, together with Client, or possibly in conjunction with others who may make similar requests — serve as the class representative(s) in the class action or in other related actions that may be commenced. Law Firm, in consultation with Client, shall make all determinations concerning the combination of Client's claims with other named plaintiffs for the purpose of the selection of a class representative(s).

3.      <u>Law Firm's Right to Withdraw After Investigation</u>:

It is agreed that Law Firm is prosecuting Client's claim(s) subject to its investigation of the facts and that if Law Firm determines in its sole judgment that Client's claim(s) are being presented for any improper purpose; are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, do not have or are not likely to have evidentiary support, Law Firm should cease representation, or it is not feasible to prosecute Client's claim(s), Law Firm is permitted to cease all work on the Client's claim(s) and is authorized to discontinue the prosecution of such claim(s), upon written notice to Client at Client's last known address by regular mail.  Law Firm's right to withdraw will be subject to the ethical restrictions imposed upon Law Firm by the

DocuSign Envelope ID: 982C950B-F970-4B5B-8FAC-E6A750100A9D

applicable Code of Professional Responsibility. In the event of such withdrawal by Law Firm, Law Firm shall promptly return Client's file to Client and Client shall not be obligated to pay any Law Firm fee. Law Firm and Client agree that upon such withdrawal, Law Firm shall cease to be Client's counsel, and Client will have the right to seek new counsel, subject to Law Firm's lien as per Section 11. The aforesaid right to withdraw is in addition to the Law Firm's rights to withdraw as set forth in Paragraph 7(c) below.

    4.    <u>Contingency Fee to Law Firm</u>:

        (a)    Pursuant to this retainer, Law Firm agrees to represent you and other class members in this litigation on a fully contingent basis. Law Firm will advance all costs and expenses that it deems necessary to prosecute the case. If the lawsuit generates a fund for the class, Law Firm will seek its fees as well as its costs and expenses exclusively by application to the Court.

        All attorneys' fees are fully contingent – Law Firm and the other lawyers will only recover fees if we settle or win. In the event there is no recovery, Law Firm and Client shall receive nothing and Client will pay nothing. If there is a class-wide settlement, Law Firm and any co-counsel will seek to either: (1) be paid by an award of fees from the Court, to be paid by Defendant and not out of any award to the class members or (2) to be paid by an award of fees from the Court that is taken out of "common fund" that results from the settlement. In either scenario, Client is not responsible at all for Law Firm's fees and Client agrees that out of any settlement, verdict or judgment, Law Firm has the right to receive Law Firm's fees and costs. In the event of a class settlement, Law Firm and co-counsel may seek to obtain fees based on the number of hours the lawyers worked on the case, multiplied by our hourly rates at the time the fee award is approved (the "lodestar approach"), or based on a percentage of the value of the settlement (the "percentage of recovery method"), or a combination of both. Currently, Law Firm's maximum hourly rate is $795.00, but such rates may change over time. In approving any such award under the lodestar approach, the Court may also decide to use other rates that it deems appropriate. Once the Court decides on hourly rates, Law Firm may apply for application of a "multiplier" of the lodestar. This means that the Court could increase Law Firm's hourly rates by a number that takes into account such things as the quality of the legal work we performed, the complexity of the issues involved, the risk of recovering nothing, the benefits conferred by the outcome of the litigation, and awards in similar cases. Multipliers can range from less than one to four, or even higher, although one and a half to two is far more common. Alternatively, the Court could decide to apply a negative multiplier, which, in essence, means that the award would be less than Law Firm's hourly rates. By signing this Agreement, Client agrees that if attorney fees are awarded pursuant to this hourly rate lodestar approach, they belong to Law Firm and the other lawyers.

        The percentage of recovery method bases the size of the fee award on a percentage of the recovery sufficient to provide Law Firm with a reasonable fee. The percentage of recovery method is typical in "common fund" cases, where a settlement or award creates a large pool of money for distribution to the class. Courts apportion the fund between the class and counsel so as to reward counsel for its success. Benchmarks to a reasonable fee under this method may range anywhere from 25%-40%. By signing this Agreement, Client agrees that if attorney fees are

DocuSign Envelope ID: 982C950B-F070-4B5B-8FAC-E6A750100A9D

awarded pursuant to this percentage of recovery approach, they belong to Law Firm and the other lawyers.

    (b) <u>Form of recovery as affecting contingency fee</u>: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally-recognized accounting standards. The contingency fee shall be paid out of the first funds or property received by Client and/or Class. Client understands that, because Law Firm's fee shall be paid out of the first funds or property received, Client's receipt of Client's portion of any recovery may be delayed.

    (c) <u>Sanctions awards not part of recovery</u>: Monetary sanctions awarded to Law Firm during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a cost item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Law Firm.

    (d) <u>Discharge of Law Firm</u>: If Law Firm is discharged, Law Firm will receive, at the election of Law Firm, either (1) the reasonable and fair value of the services provided by Law Firm prior to such discharge, as determined by the Court, provided that Client acknowledges that in connection with the determination of the fair and reasonable value of such services, the Law Firm's current normal hourly billing rates range from $295.00 to $795.00 for attorneys and $150.00 to $450.00 for legal assistants and support staff, and Client agrees that such rates are fair and reasonable; or (2) a proportional share of the contingency fee portion of the ultimate recovery by the Client, such proportional share to be determined by comparing the amount or value of work done by Law Firm to the amount or value of work performed by other counsel, or as otherwise determined by the Court. If no election is made by the Law Firm at the time of discharge, Law Firm shall be presumed to have elected option (2). In no event shall Client have any personal responsibility to pay Law Firm's fees.

   5. <u>Litigation Costs and Expenses</u>:

    Law Firm is authorized to incur reasonable costs and expenses in performing legal services under this Agreement.

    (a) Advancement of costs: Law Firm shall advance such costs and expenses on Client's behalf.

    (b) Particular costs and expenses: The costs and expenses necessary in this case may include any or all of the following items: court filing fees; process serving fees; witness fees; private investigator fees; photographer/graphic artist fees; fees to experts for consultation and/or appearance at deposition or trial; mail, messenger and other delivery charges; parking and other local travel; transportation, meals, lodging and all other costs of necessary out-of-town travel; long distance telephone charges; photocopying, imaging, and faxing charges; and

DocuSign Envelope ID: 982C950B-E070-4B5B-8FAC-E6A750100A9D

Shub Law Firm LLC                    Continuation Sheet No. 6              Ms. Maritza Angeles
                                                                          August 17, 2020

computerized legal research charges. This list is not exclusive. In addition to the foregoing expenses, other charges may be incurred in connection with the performance of the services described herein by Law Firm. Law Firm, with the approval of Client, may employ such technical experts or investigators who, in its opinion, are necessary to investigate the facts surrounding Client's case or claim. All such experts shall report exclusively to Law Firm. It is agreed that Law Firm may decline, in its sole discretion, to advance such costs and disbursements for expert testimony, investigation or other services.

6.      Assignment of Firm Personnel and Associate Counsel:

(a)      Law Firm will designate a Contact Person(s) who shall be primarily responsible for the supervision of Client's matter, but Client is engaging Law Firm, not any attorney individually. As and when necessary, Law Firm will draw upon the talent and expertise of other partners and associates within the firm and use paralegal and other staff to handle ministerial tasks.

Client understands that Law Firm may associate with counsel from other firms in connection with the prosecution of Client's claim. Client agrees that the Law Firm may petition the court for a fee award that will take into consideration the work performed by associate counsel, which fees shall be divided between Law Firm and associate counsel in compliance with the applicable provisions of the Code of Professional Responsibility. Client will pay no more in fees with the inclusion of associate counsel than Client would pay pursuant to this agreement if Law Firm solely represented Client. Client agrees that Law Firm will not be financially responsible for any deliberate, willful and/or intentional misconduct of associate counsel, associate attorneys, and/or associate counsel employees, and in no event will Law Firm and/or Law Firm's employees be financially responsible for any punitive damages arising out of the conduct of associate counsel, associate counsel attorneys, and/or associate counsel employees, and/or anyone acting on the behalf of associate counsel.

7.      Duties and Conduct:

(a)      Law Firm's Duties

(i)      It shall be Law Firm's duty to represent Client diligently in the course of its representation of Client in this matter.

(ii)      Law Firm will keep Client informed of material developments in the matter and consult with Client when appropriate. In the event that Client needs to reach Law Firm and the person sought is unavailable, Client should leave a message for the person concerned disclosing the nature and urgency of the call.

(b)      Client's Duties

In order for Law Firm to effectively advocate Client's interests, it is important for Client to understand, and Client agrees that Client has an affirmative duty to assist and to cooperate with Law Firm as fully as possible during this engagement. Law Firm will rely on the

DocuSign Envelope ID: 982C950B-F979-4B5B-8FAC-E6A750100A9B

Shub Law Firm LLC                  Continuation Sheet No. 7              Ms. Maritza Angeles
                                                                        August 17, 2020

completeness and accuracy of the information given to it by Client when performing services under this Agreement. In addition, Client will:

- Promptly furnish Law Firm with information relative to the case history and financial and other aspects of the case, as well as other documents in Client's possession or control when required;

- Be fully candid and truthful regarding all information and documents provided to Law Firm;

- Be available to work with Law Firm in preparation for depositions and court appearance and to discuss issues as they arise throughout this matter;

- Promptly notify Law Firm in the event of any communication with Defendant(s), including any proposed settlement or offer to compromise; and

- Not sign documents without prior review by Law Firm.

Lastly, because this matter is to be brought as a class action, Client understands and agrees that Client may not settle or compromise Client's individual claim(s) without regard for the interests of the class Client seeks to represent. Client understands that from the very first proceeds, if any, coming into Law Firm's possession by way of class or individual settlement or judgment, Client authorizes Law Firm to deduct their own fees and to deduct all costs of litigation as enumerated above, and to pay the balance of the proceeds attributable to Client's individual case to Client. In the event that circumstances demonstrate that the Lawsuit is unlikely to be certified as a class action and Client and Law Firm decide to proceed with the Lawsuit on an individual basis, Client understands that Law Firm has the right to receive, after reimbursement of our costs, the greater of our lodestar or fifty percent (50%) of any settlement, verdict or judgment.

(c)     Law Firm's Right to Withdraw

In addition to Law Firm's right to withdraw as set forth in paragraph 3 above, Law Firm reserves the right to withdraw from the engagement and from the representation of Client, subject to the ethical restrictions imposed upon Law Firm by the applicable Code of Professional Responsibility, if Client fails to cooperate, including but not limited to failure to perform Client's duties as described above, if Client misrepresents material facts, if Client fails to follow the advice of Law Firm (other than with respect to settlement, which is solely for the Client to decide), or if Client requests Law Firm to take any position or action that in Law Firm's good faith opinion requires or permits our withdrawal because of professional duties imposed upon us by the applicable Code of Professional Responsibility. If Law Firm seeks to terminate this engagement for any reason, written notice will be given to Client.

8.      Retention of File:

DocuSign Envelope ID: 982C950B-F079-4B5B-8FAC-F6A750100A9D

Shub Law Firm LLC                    Continuation Sheet No. 8          Ms. Maritza Angeles
                                                                      August 17, 2020

Client understands that Law Firm will not retain the Client's file indefinitely. After the disposition of the case, Law Firm will only retain the Client's file for a period of seven (7) years. After the seven-year period, the entire file may be discarded, and Law Firm will not retain a copy of any portion of the file. Consequently, it is Client's responsibility to seek the return of all original documents, as well as any other portion of the file that Client wishes to retain, immediately after the case is completed. Any delay in such request beyond that seven-year retention period may result in the destruction of the Client's file.

9.      Discharge by Client:

Subject to Law Firm's rights to a fee set forth in Section 4 above, and to assert a lien, as set forth in Section 10 below, Client shall have the right to discharge Law Firm at any time and for any reason upon written notice to Law Firm. If Client discharges Law Firm, Client understands that in consideration for the services Law Firm shall have provided up to the time of such discharge Law Firm will be entitled to be reimbursed for all costs and disbursements advanced by Law Firm on behalf of Client with respect to Client's claim(s) immediately following such discharge, and to be paid a fee in accordance with Section 4(d).

10.     Law Firm's Lien:

To secure payment to Law Firm of all sums due under this Agreement for legal services rendered and/or costs advanced, Client hereby grants Law Firm a lien to the extent permitted by law on Client's claim(s) and any cause of action or lawsuit filed thereon, and on any recovery Client may obtain, whether by settlement, judgment, compromise or otherwise.

11.     Arbitration of Disputes:

Any controversy or claim arising out of or relating to this engagement letter, or the breach thereof, shall be settled by arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in the County of New York administered by JAMS in accordance with its applicable rules, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. In any arbitration hereunder, to the extent permitted by the rules governing such arbitration, the arbitrators shall have the power, but not the obligation, to award all costs and fees to the prevailing party, including, without limitation, Law Firm's fees and arbitrators' fees.

BY SIGNING THIS AGREEMENT, CLIENT ACKNOWLEDGES THAT CLIENT IS AGREEING TO HAVE ANY ISSUE OF ARISING OUT OF OR RELATING TO THIS ENGAGEMENT LETTER DECIDED BY BINDING NEUTRAL ARBITRATION, AND THAT BY AGREEING TO ARBITRATION CLIENT IS GIVING UP VARIOUS RIGHTS CLIENT OTHERWISE MIGHT HAVE IN A LEGAL ACTION, INCLUDING THE RIGHT TO A JURY TRIAL AND THE RIGHT TO APPEAL.

{00201120 }

Shub Law Firm LLC                    Continuation Sheet No. 9              Ms. Maritza Angeles
                                                                          August 17, 2020

12.    Construction:

In case any provision contained in this Agreement shall for any reason be held to be invalid, illegal, and/or unenforceable in any respect, such invalidity, illegality and/or unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid, illegal and/or unenforceable provision or portion thereof was never contained herein.

13.    Binding Agreement; Client's Acknowledgment of Terms:

This Agreement represents the entire agreement between Client and Law Firm. No change or waiver of any of the provisions of this Agreement shall be binding on Client or on Law Firm unless the change is in writing and signed by both Client and Law Firm. By signing below, Client acknowledges that this Agreement has been carefully read and reviewed and its contents understood, and that Client agrees to be bound by all of its terms and conditions. Client acknowledges that Law Firm has made no representations to Client regarding the outcome of the matter for which Law Firm has been engaged hereunder. Client acknowledges that Law Firm has not represented Client in connection with Client's decision to enter into this Agreement and Client has the right to separate counsel for consultation in connection with this Agreement. Client acknowledges that Client has received a copy of this Agreement upon execution thereof

SHUB LAW FIRM LLC                              CLIENT

By: _____                    By: _____
    Jonathan Shub                                  Maritza Angeles
    134 Kings Highway E., 2nd Floor
    Haddonfield, NJ 08033
    Phone: (856) 772-7200

DATED: August 17, 2020                         DATED: _____8/22/2020_____

{00201120 }

# BURSOR & FISHER
P.A.

1990 NORTH CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

April 24, 2020

Dear Mr. Clark:

This letter is to confirm that you (the "Client") have retained Bursor & Fisher, P.A. to represent you in pursuing class action claims related to your purchase of Neuriva.

Our firm has thoroughly investigated this matter and we believe there is a valid legal and factual basis to prosecute this action. We agree to represent you on a fully contingent basis and to advance all costs and expenses. This means that regardless of the result, we will never ask you to pay any of the costs of the case. We may, however, ask the court to award us attorneys' fees, costs and/or expenses to be paid by the defendants or as a portion of any monetary class benefit.

This will also confirm that you agree to provide us with reasonable cooperation as required of a class representative to prosecute this action. You understand that we may, at our discretion, employ and/or work with other attorneys or firms to prosecute this case. You also understand that the materials compiled by our firm and the lawyers working with us constitutes the work product and property of our firm, over which our firm will retain complete control with respect to its use and/or disclosure.

Very truly yours,

L. Timothy Fisher

**PLEASE SIGN TO CONFIRM YOUR AGREEMENT, AND RETURN THIS LETTER BY EMAIL OR FAX TO 925-407-2700**

Signature *HOWARD C CLARK*
HOWARD C CLARK (Apr 24, 2020)                          Date Apr 24, 2020

Name HOWARD C CLARK

Address 350 Laguna St. Apt #7

City San Francisco          State Ca.          ZIP 94102-5642

Phone Number 415-710-4656          Email howardclarksf@gmail.com