UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

| | |
|---|---|
| DAVID WILLIAMS, CAROLL ANGLADE, THOMAS MATTHEWS, MARITZA ANGELES, and HOWARD CLARK, *individually, and on behalf of other similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC and RB HEALTH (US) LLC,<br><br>Defendants. | CASE NO. 1:20-cv-23564-MGC<br><br>**SUPPLEMENTAL DECLARATION OF BRIAN DEVERY, ESQ. OF ANGEION GROUP REGARDING CLAIM FILING** |

I, Brian Devery, declare as follows:

1. I am a Project Manager with Angeion Group, LLC ("Angeion"), the Settlement Administrator retained in this matter, located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I have seen the Order entered on August 14, 2021, requesting Plaintiffs' Counsel to provide a more-detailed breakdown of the 22,706 claims that have been submitted as of August 13, 2021.[1] Because Angeion is responsible for claims administration in this case, I was requested to assist in providing a response.

3. It is important to note that the claim filing period for this Settlement will not

---

[1] Docket Entry 95, *Williams et al. v. Reckitt Benckiser LLC* et al., Case No. 1:20-cv-2356.

terminate until 45 days after the Court issues Final Approval, and that additional supplemental Notice is in the process of being implemented as described in the Supplemental Declaration of Steven Weisbrot, Esq. of Angeion Group Regarding the Supplemental Notice Program which was executed August 9, 2021, and was filed on August 10, 2021 at DE 86-2.

### Claims As of August 13, 2021

4. As of the time of the report on August 13, 2021, 22,706 claims have been filed online and/or mailed and received by Angeion[2]. Angeion has captured the information from these claims; however, Angeion has not completed the review of all documentation for completeness or performed a deduplication or fraud determination as of this time. To perform a complete deduplication and fraud determination Angeion must be possession of all claims that will be filed. Furthermore, these tasks are time and labor intensive utilizing not only programmatic comparisons of the data but a final manual review of claims data to locate those details that may not be detected by a programmatic review and to correct any associations incorrectly applied by the programmatic review. For example, in a case such as this, where claims are not limit to a "household" a programmatic review may not associate claims filed by William Claimant, Will Claimant, W. Claimant, Bill Claimant, B Claimant, W.Claim Ant and so forth as duplicative or fraudulent even though they are at the same address. Once a new claim is filed, the entire process must be repeated. Therefore, these processes are generally completed after the claim filing deadline has passed and all claims have been received. This declaration will provide information based on the claims filed assuming claimants have provided accurate information and not submitted multiple or fraudulent claims.

5. Under the Settlement, class members with proof of purchase may file two claims for a maximum benefit of $65.00, while class members without proof of purchase may file a total of four claims for a maximum benefit of $20.00 ($5.00 per claim). After applying the requested benefits per claim, Angeion's records show 80,771 product purchases for a total of $425,057.60 are currently requested. A summary chart is below:

---

[2] 21,966 claims filed through the settlement website (https://rbsettlement.com) and 338 filed by submitting a claim via the USPS.

| Claims Types | Total Claims | Total Neuriva Products | Monetary Benefits Requested To Date |
|---|---|---|---|
| With Documentation | 433 | 771 | $25,057.50 |
| W/Out Documentation | 22,273 | 80,000 | $400,000.00 |
| Total | 22,706 | 80,771 | $425,057.60 |

## Claims Without Proof of Purchase – As of August 13, 2021

6.  As reflected in the chart below, Angeion has received 22,273 claims that do not purport to contain proof of purchase. Of the 22,273 claims filed without proof of purchase, 17,611 stated they had purchased the maximum of products (4) available for benefits under the settlement.

| Number of Products Purchased | Claims | Percentage of Claims | Total Value Requested | Percentage of Benefits |
|---|---|---|---|---|
| 4 | 17,611 | 79% | $352,220.00 | 88% |
| 3 | 1,902 | 9% | $28,530.00 | 7% |
| 2 | 1,532 | 7% | $15,320.00 | 4% |
| 1 | 786 | 4% | $3,930.00 | 1% |
| 0 | 442 | 2% | 0.00 | 0% |
| Total | 22,273 | 100% | $400,000.00 | 100% |

7.  As reflected in the chart above, there have been 442 claimants who selected "0" for the number of products purchased. In my experience, it is common for claimants to complete a claim form without selecting or providing the products purchased. Generally, claimants who select "0" will either have an opportunity to correct their error through a deficiency process, or claimants realize their error and file a separate claim (with the "0" claim being removed in a standard deduplication process.

### Claims With Proof of Purchase – As of August 13, 2021

8. As reflected in the chart below, Angeion has received 433 claims that purport to contain proof of purchase. Of the 433 claims, claiming to have proof of purchase, 348 stated they had purchased 2 or more products and requested the maximum award.

| Number of Products Purchased | Claims | Percentage of Claims | Total Value Requested | Percentage of Benefits |
|---|---|---|---|---|
| 2 or More | 348 | 80% | $22,620.00 | 90% |
| 1 | 75 | 18% | $2,437.50 | 10% |
| 0 | 10 | 2% | $0.00 | 0% |
| Total | 433 | 100% | $25,057.50 | 100% |

9. As with the previous table, some claimants selected "0" for the number of products purchased. Whereas these claims purport to have documented proof of purchase for the products claimed, Angeion will review the documentation and if proof of purchase is present, will update these claims as documented. In the case where these individuals (and any class members who similarly submit a claim for "0" products purchased) did not provide adequate proof of purchase, they will either receive a deficiency letter with an opportunity to cure or will have already filed a different claim that will be picked up in the deduplication process.

### Updated Claims as of August 16, 2021

10. In an effort to provide as up-to-date information as possible, I was instructed to supplement the August 13 claims figures with recent claims that have been filed. As of August 16, 2021, a total of 23,569 claims have been filed, which is an increase of 863 claims from

those reported by Mr. Bryson on August 13, 2021. Of the 863 new claims, 857[3] were submitted without proof of purchase and 6[4] were submitted claiming to have proof of purchase. In order for the Court to understand the categorization of the newly-filed claims, I have updated the above tables to reflect the claims filed as of August 16, 2021.

*No proof of purchase claims – as of August 16, 2021*

| Number of Products Purchased | Claims | Percentage of Claims | Total Value Requested | Percentage of Benefits |
|---|---|---|---|---|
| 4 | 18,380 | 80% | $367,600.00 | 88% |
| 3 | 1,935 | 8% | $29,025.00 | 7% |
| 2 | 1,556 | 7% | $15,560.00 | 4% |
| 1 | 806 | 3% | $4,030.00 | 1% |
| 0 | 453 | 2% | 0.00 | 0% |
| Total | 23,130 | 100% | $416,215.00 | 100% |

*Proof of purchase claims – as of August 16, 2021*

| Number of Products Purchased | Claims | Percentage of Claims | Total Value Requested | Percentage of Benefits |
|---|---|---|---|---|
| 2 or More | 352 | 80% | $22,880.00 | 90% |
| 1 | 77 | 18% | $2,502.50 | 10% |
| 0 | 10 | 2% | $0.00 | 0% |
| Total | 439 | 100% | $25,382.50 | 100% |

---

[3] Of the 857 "no proof of purchase" claims, 769 were for four products, 33 were for three products, 24 were for two products, 20 were for 1 product, and 11 were for zero products.
[4] Of the 6 claims filed claiming to have proof of purchase, 4 were for two products, and 2 were for one product.

## Undocumented Claims

11. While each settlement is unique, generally speaking, in consumer product administrations such as the instant matter, Angeion typically sees disproportionately large numbers of claims that do not provide proof of purchase documentation. Generally, class members do not keep receipts for retail purchases of small value products such as the ones at issue here or, do not, or cannot, retrieve proof of purchase documentation from order histories or loyalty card memberships. Class members most often opt instead for the default payment option. Please see the below 2 cases as examples:

- *In re: Dial Complete Marketing and Sales Litigation,* United States District Court for the District of New Hampshire, MDL Docket No. 11-md-2263-SM, Class members could submit a claim for up to 30 products without proof of purchase and were required to submit proof of purchase for any claim with 31 or more products. Angeion received 332,815 claims. Of these claims 332,164 claims were for 30 products or less and did not contain proof of purchase documents, 651 claims were for 31 or more products. Of these 651 claims only 8 claims contained the required proof of purchase documentation.

- *Carmen Andrews v. The Gap Inc., Et Al.*, San Francisco Superior Court, Case No. CGC-18-567237, Class members would receive a single voucher without the need to provide proof of purchase for $90.00 at the retail establishments at issue in this matter. If, however, a class member provided proof of purchase documentation, the class member would receive 2 vouchers, doubling their recovery. After deduplication and fraud review Angeion Approved 307,014 claims. Of these 291,391 did not provide eligible proof of purchase.

**Future Claims**

12. It also my experience that claim filing patterns in most administrations-- regardless of the subject matter of the settlement-- tend to follow a fairly typical bell curve. Generally, many claims are filed when the claim period opens, concurrent with the implementation of the Notice Program. This is generally followed by a lull where claim filing slowly tapers off until a few weeks before the claim filing deadline when an uptick in claim filing begins again.

13. We would anticipate that in the instant matter, we will see increased claim filing activity when the supplemental notice as referenced above is implemented, followed by a lull, and an additional uptick in claim filing as the claim filing deadline approaches. While it is impossible to estimate the final number of claims that will be submitted or precisely when they will be filed, this model is prevalent, albeit not universal, in the normal course of claims administration.

14. The deadline to submit Claim Forms under the settlement is 45 days from the entry of the Final Order in this matter. As referenced above, Angeion will implement the supplemental notice campaign described in the supplemental declaration of Steven Weisbrot, which was designed and anticipated to generate new claims. In addition, Angeion will continue to maintain the settlement website, toll-free phone number and dedicated email inbox, receive and process Claim Forms, respond to Class Member inquiries, and report to the Court and Counsel as required.

15. Following the entry of Final Approval Order from the Court Angeion shall cause the settlement website to be updated to reflect the established claim filing deadline and shall accept claims to that time or until otherwise directed. Upon the achievement of the Effective Date, and the claims deadline, Angeion shall commence a review of all

documentation submitted, perform a duplication and fraudulent claim review of the claims received and perform a final calculation of the settlement awards. Angeion will cause Distribution of the Settlement Funds in accordance with the terms of the Settlement Agreement and the directives and Orders of the Court.

16. I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 16, 2021

_____
Brian Devery