**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-23564-MGC-JG**

DAVID WILLIAMS, CAROLL ANGLADE, THOMAS MATTHEWS, MARTIZA ANGELES, and HOWARD CLARK, *individually and on behalf of all others similarly situated*,

    Plaintiffs,

v.

RECKITT BENCKISER LLC and RB HEALTH (US) LLC,

    Defendants.

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs' counsel wish to sincerely apologize to the Court for not filing an independent supplemental submission addressing the Court's August 18, 2021, order. [ECF No. 105] Plaintiffs' counsel recognize, upon reflection, that they owed the Court a direct response to the Court's August 18 order, and their failure to do so was error. Plaintiffs' counsel take full responsibility for this error and offer their sincere apologies.

Without seeking to excuse their error, Plaintiffs' counsel wish to explain to the Court their reasoning for not submitting briefing in response to the Court's August 18 order. Plaintiffs' counsel understood the August 18 order to be asking the parties to submit additional briefing as to what a reasonable consumer (or potential consumer) would understand from a change in the label or marketing reference of a Neuriva Product from "clinically proven" to "clinically shown." Plaintiffs' counsel based their understanding that the order exclusively concerned the "shown" language on the Court's reference to past orders requesting briefing on the value of the injunctive relief as a whole [ECF No. 58] and briefing addressing

specifically the "clinically tested" language in the Settlement [ECF No. 84]. Because the original Settlement (subject to entry of an order finally approving the Settlement) permitted Defendants to advertise the Neuriva Products using both "tested" and "shown" language, and because the Court previously requested briefing on the "tested" language, Plaintiffs' counsel understood the August 18 Order to be limited to additional briefing on what a reasonable consumer's understanding would be of marketing that referenced what clinical studies have "shown."

Immediately upon receipt of the Court's August 18 order, Plaintiffs' counsel and Defendants' counsel engaged in negotiations over whether Defendants would agree to amend the settlement agreement to modify the injunctive relief. After vigorous negotiations involving multiple calls following the August 18 order, Defendants reluctantly agreed to amend the settlement agreement to eliminate their right to use the "shown" language previously authorized under the original settlement. Defendants' counsel acknowledged during negotiations that Defendants had previously decided, prior to any objection by Mr. Frank and TINA, to use labeling that employed only "clinically tested" language and not the "shown" language that was otherwise permitted. However, this voluntary decision would not bind Defendants under the original Settlement, and so Plaintiffs' counsel fought for and obtained an amended settlement that was submitted to the Court on September 13, 2021.[1] If approved, the amended settlement would remove Defendants' ability to market the Neuriva Products using the "shown" language. *See* ECF No. 116-1, at IV.A.1.d ("Reckitt shall not use the term

---

[1] Defendants were unable to secure one of two signatures by September 13, and on September 15 Defendants submitted the signature page containing the missing signature. [ECF No. 119]

2

'Clinically Tested and Shown,' 'clinical studies have shown' or similar 'shown' claims on Neuriva Products labels or in ancillary marketing.").

After reaching this agreement, the parties worked to revise and execute the amended settlement agreement in time to meet the Court's September 13, 2021, deadline. Plaintiffs' counsel believed that by removing Defendants' ability to market the Neuriva Products using "shown" language, the amended settlement agreement was their response to the Court's August 18 order. In other words, Plaintiffs' counsel believed that the amended settlement agreement's prohibition on Defendants' use of "shown" language resolved the issue of what a reasonable consumer would think about brain supplements that do use "shown" language.

While working to execute the amended settlement agreement, the parties also discussed how they were going to introduce it to the Court. In addition to the amended settlement agreement, Defendants' counsel explained to Plaintiffs' counsel that Defendants wished to stress the substantiation for the Neuriva Products in their submission to the Court. Plaintiffs' counsel opted to allow Defendants to submit the amended settlement based on the understanding that the amended settlement was Plaintiffs' response to the Court's August 18 order and because Plaintiffs did not want to join Defendants' comments regarding substantiation. In addition, Plaintiffs had previously addressed [ECF No. 99] the remaining "clinically tested" language in response to the Court's August 5, 2021, order and believed that Plaintiffs' prior filings in conjunction with the filing of the amended settlement agreement would be sufficient to address concerns about the actual value of the injunctive relief.

Plaintiffs' counsel offers the above explanation in addition to their sincere apology for not submitting additional material addressing the Court's August 18 order. Upon reflection and with the benefit of hindsight, Plaintiffs' counsel should have filed their own submission

specifically addressing the amended settlement agreement and its impact on the proposed injunctive relief and will remedy that omission in compliance with the order dated September 14, 2021. [ECF No. 105]

Dated: September 16, 2021

Respectfully submitted,

/s/ *Jonathan B. Cohen*
Jonathan B. Cohen (Fla. Bar No. 27620)
Rachel Soffin (Fla. Bar No. 18054)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
jcohen@milberg.com
rsoffin@milberg.com

Daniel K. Bryson*
Martha A. Geer*
Patrick M. Wallace*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: 919-600-5035
dbryson@milberg.com
mgeer@milberg.com
pwallace@milberg.com

Matthew D. Schultz (Fla. Bar No. 640326)
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, PA**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6140
mschultz@levinlaw.com

Jonathan Shub*
**SHUB LAW FIRM LLC**
134 Kings Highway East, Second Floor
Haddonfield, NJ 08033
Telephone: 856-772-7200
jshub@shublawyers.com

Nick Suciu*
**BARBAT, MANSOUR, & SUCIU PLLC**
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Telephone:(313) 303-3472
nicksuciu@bmslawyers.com

L. Timothy Fisher
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ltfisher@bursor.com


*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 16, 2021, I caused the foregoing to be filed via the Court's electronic filing system which will notify all counsel of record of the same.

              */s/ Jonathan B. Cohen*

              Jonathan B. Cohen