UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-cv-23564-MGC

DAVID WILLIAMS, et al.,

    Plaintiffs,

vs.

RECKITT BENCKISER LLC, et al.,

    Defendants.

**TRUTH IN ADVERTISING, INC.'S MEMORANDUM
IN RESPONSE TO COURT'S SEPTEMBER 18, 2021 ORDER**

  Truth in Advertising, Inc. ("TINA.org") submits this supplemental brief pursuant to the Court's September 18, 2021 Order (D.E. 121) permitting the parties, objector, and TINA.org to submit a memorandum of law regarding the parties' First Amended Settlement Agreement (D.E. 116).

  The First Amended Settlement Agreement attempts to convince this Court that the parties have made material changes to the proposed settlement in response to the issues raised in TINA.org's (and objector's) briefs, when, in reality, all they have done is temporarily ban[1] one additional word from defendants' marketing of Neuriva – "shown" – bringing the total number of prohibited words to two – "shown" and "proven." The amended agreement still allows defendants to use "Clinically Tested" or "similar

---

[1] Defendants would only be banned from using these two words for a period of two years if the proposed revised settlement is approved. *See* First Revised Settlement Agreement (D.E. 116), ¶ IV.A.3.

language," meaning that the same arguments and data TINA.org has provided in its prior briefs apply with equal force to the parties' First Amended Settlement Agreement. That is because, as previously outlined, if the proposed revised settlement is approved, defendants will be permitted to use any synonymous terms in their marketing of the supplement they choose, including, for example, "clinically tested" and "backed by science," as defendants currently do, or even "confirmed by science," "demonstrated," "validated," "verified," and any other equivalent terminology.



https://www.schiffvitamins.com/pages/neuriva-brain-health-supplement-research
Screen shot taken on September 24, 2021

Thus, the authority that TINA.org has provided from the Federal Trade Commission, the U.S. Department of Health and Human Services, the Global Council on Brain Health, the National Advertising Division, the American Bar Association, and Health Canada, as well as federal case law and several academic studies, all still – and overwhelmingly – support the conclusion that the temporary elimination of two specific words from Neuriva's marketing materials is merely cosmetic and will have no impact on the deceptive message communicated to consumers.

Thus, for the reasons stated herein, as well as those stated in TINA.org's July 26, 2021 Brief of Amicus Curiae (D.E. 74), its August 13, 2021 Supplemental Brief (D.E. 92),

and its September 9, 2021 Supplemental Brief (D.E. 114), the proposed revised settlement should be rejected because, among other things, it would provide defendants with court-sanctioned approval for their continuing use of deceptive marketing claims.

Dated: September 24, 2021

Respectfully,

By: _____s/ Jon Polenberg_____
Jon Polenberg, Esq.
Florida Bar No.: 653306
Becker & Poliakoff
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 987-7550
jpolenberg@beckerlawyers.com

Laura Smith, Legal Director
(District of Conn. Bar No. ct28002, not admitted in Florida)
Truth in Advertising, Inc.
115 Samson Rock Drive, Suite 2
Madison, CT 06443
Telephone: (203) 421-6210
lsmith@truthinadvertising.org

*Attorneys for Truth in Advertising, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all parties registered to receive electronic notices via the Court's CM/ECF System.

_____/s/ Jon Polenberg_____
By:   Jon Polenberg, Esq.