UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

Case No. 1:20-23564-CIV-SMITH/GOODMAN

DAVID WILLIAMS and CAROLL ANGLADE,
THOMAS MATTHEWS, MARTIZA ANGELES,
and HOWARD CLARK,
*individually and on behalf of all others
similarly situated*,

                Plaintiffs,

vs.

RECKITT BENCKISER LLC and
RB HEALTH (US) LLC,

                Defendants.
                                                                       /

## PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

      Plaintiffs David Williams, Caroll Anglade, Thomas Matthews, Martiza Angeles, and Howard Clark ("Plaintiffs"), on behalf of themselves and all others similarly situated, pursuant to Fed. R. Civ. P. 15(a)(2) and the Court's Post-Hearing Administrative Order (ECF No. 156), hereby move for leave to file the attached Second Consolidated Amended Complaint. In support of this motion, Plaintiffs submit the following Memorandum of Law. This matter is before this Court on remand following the Eleventh Circuit's opinion vacating final approval of a previous class action settlement and remanding to this Court for further proceedings. *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1258 (11th Cir. 2023). The Eleventh Circuit concluded that the District Court did not have jurisdiction to approve the injunctive relief included as part of the class action settlement because the named Plaintiffs

lacked Article III standing to pursue such relief. *Id.* at 1254-55. In addition, the Eleventh Circuit highlighted three concerns "relevant to the district court on remand[,]" including a "question as to whether any Named Plaintiff has standing to raise certain claims of misrepresentations regarding *one* of the three Neuriva Products: Neuriva De-Stress." *Id.* at 1258-59. Plaintiffs seek leave to amend the Consolidated Amended Class Action Complaint (ECF No. 51) consistent with the Eleventh Circuit's rulings.

## **PLAINTIFFS' MEMORANDUM OF LAW**

## **BACKGROUND**

On January 7, 2021, Plaintiffs filed a Notice of Settlement and a Joint Motion to Stay this case. (ECF No. 47). Two weeks later, in conjunction with the Parties' settlement, Plaintiffs filed an unopposed Motion for Leave to File the Consolidated Amended Class Action Complaint. (ECF No. 49). The Court granted Plaintiffs' motion, and Plaintiffs filed the Consolidated Amended Class Action Complaint ("CAC") on January 27, 2021. (ECF No. 51). In the CAC, Plaintiffs alleged, on behalf of consumers nationwide and state subclasses, that Defendants deceptively advertised and marketed three Neuriva-branded products—Neuriva Original, Neuriva Plus, and Neuriva De-Stress—as "clinically proven" and backed by science to fuel certain brain-performance benefits. On February 8, 2021, Plaintiffs filed an Unopposed Motion for Preliminary Approval of the Class Action Settlement and Certification of the Settlement Class. (ECF No. 52). The attached settlement agreement encompassed claims for purchases of "Neuriva Products" defined as including Neuriva Original, Neuriva Plus, and Neuriva De-Stress. (ECF No. 52-1 p. 5).

On April 23, 2021, Magistrate Judge Jonathan Goodman entered a Stipulated Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement

and Certification of the Settlement Class. (ECF No. 57). The Order specifically approved the proposed Class Notice (Exhibit B to the Settlement Agreement), which included notice to purchasers of Neuriva De-Stress. (ECF No. 57 p. 4 ¶ 7; ECF No. 52-1 p. 42). The Settlement Agreement's Claim Form also specifically stated that consumers could make a claim for purchases of Neuriva De-Stress. (ECF No. 52-1 p. 37). Class members were provided notice of the settlement and were given the opportunity to file claims, object, or seek exclusion from the class. The Settlement Agreement provided that the Class Period would run from January 1, 2019, through Preliminary Approval of the Settlement—the close of the Class Period was, therefore, April 23, 2021. (ECF No. 116-1 p. 3 ¶ L).

Following an objection to the settlement filed by Theodore Frank (ECF No. 75), briefing and declarations by the Parties and Mr. Frank, and a final approval hearing before Magistrate Judge Goodman, Plaintiffs and Defendants entered into a First Amended Settlement Agreement and Release. (ECF No. 116-1). Following additional briefing by the Parties, Judge Goodman recommended on December 15, 2021, that Judge Marcia G. Cooke approve the settlement. (ECF No. 133). On March 17, 2022, over Mr. Frank's objection (ECF No. 135), Judge Cooke entered an Order Adopting Judge Goodman's Report and Recommendation and granted final approval of the settlement. (ECF No. 140). Pursuant to the settlement, the "Claims Period" permitted class members, which included purchasers of Neuriva De-Stress, to file claims up until 45 days after the date of final approval of the settlement (April 1, 2022). (ECF No. 116-1 ¶ H).

On April 15, 2025, Mr. Frank filed his Notice of Appeal to the Eleventh Circuit from Judge Cooke's Order Adopting Magistrate's Report and Recommendation and approving the class settlement. (ECF No. 141). The Eleventh Circuit vacated the District Court's order and

3

remanded for further proceedings. *Williams*, 65 F.4th at 1247. The Court concluded that the named Plaintiffs lacked standing to seek the injunctive relief included within the settlement, and the District Court was without jurisdiction to grant the requested injunctive relief, which the Court concluded required setting aside the District Court's conclusions that the settlement was fair, reasonable, and adequate. *Id.*; *see also id.* at 1258.

In addition, the Court noted three other issues to be addressed on remand. *Id.* at 1258. As relevant to this motion, the Court pointed out that none of the named Plaintiffs had purchased Neuriva De-Stress. *Id.* at 1260. The Court stated, however, that "[it] is true that some of [Reckitt Benckiser's] alleged falsehoods and misrepresentations are common to all three Neuriva Products, and the Named Plaintiffs may well have standing to assert claims based on those misrepresentations on behalf of all absent class members—even those who only purchased Neuriva De-Stress." *Id.* The Court also noted, however, that "[o]ther claims . . . are based on alleged misrepresentations that only apply to Neuriva De-Stress," including claims that it has been proved to benefit "stress reduction" and "relaxation and that one of the active ingredients unique to Neuriva De-Stress fights oxidative stress. The Court concluded that "[t]he Named Plaintiffs may not have standing to raise these claims because they may not have suffered the same injury related to these alleged misrepresentations as absent class members who purchased Neuriva De-Stress." *Id.*

On remand, the Court entered an order allowing Plaintiffs to file a Motion for Leave to File an Amended Complaint by March 27, 2025. (ECF No. 148). The proposed Second Consolidated Amended Class Action Complaint removes the requests for injunctive relief and limits the misrepresentations at issue to those common to all three products: Neuriva Original, Neuriva Plus, and Neuriva De-Stress.

4

**ARGUMENT**

Under the Federal Rules of Civil Procedure, courts should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a)(2) gives the Court 'extensive discretion' to permit a plaintiff to amend a complaint." *Perez Ramones v. AR Res., Inc.*, No. 19-62949-CIV, 2021 WL 247999, at *2 (S.D. Fla. Jan. 7, 2021) (emphasis added) (quoting *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999)). Absent "a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (cleaned up). Leave to amend may be denied only for undue delay or bad faith, undue prejudice, or futility of the amendment. *Elliot v. Williams*, No. 20-81280-CIV, 2020 WL 12689592, at *2 (S.D. Fla. Oct. 5, 2020); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Because none of these factors are present here, leave to amend should be granted. The timing of this motion is not the product of undue delay, bad faith, or dilatory motive. Plaintiffs seek to file the proposed Second Consolidated Amended Class Action Complaint ("SCAC") in order to address issues identified by the Eleventh Circuit regarding the allegations in the CAC.

Further, the proposed amendment will not prejudice Defendants or unnamed class members. The SCAC seeks to remove claims for injunctive relief that the Eleventh Circuit

5

held the named Plaintiffs do not have standing to pursue and seeks to remove any allegation that does not apply to all three Neuriva products. Class members have already submitted valid claims related to Neuriva Original, Neuriva Plus, *and Neuriva De-Stress*. Plaintiffs seek to amend the CAC, consistent with the Eleventh Circuit's decision, to remove allegations that could lead to individualized analysis of each Neuriva Product and thereby ensure that the representations challenged in the SCAC are equally applicable to all three Neuriva products at issue. Allowing the amendment would thus benefit the unnamed class members and not prejudice them. Defendants are not prejudiced by the amendment since the First Amended Settlement Agreement and Release encompassed claims by Neuriva De-Stress purchasers.

Finally, the proposed amendment is not futile. It builds on the previously reviewed and approved settlement agreement. The proposed SCAC limits the challenged representations to those common to all three Neuriva products, including Neuriva De-Stress. For each product, Plaintiffs allege that Defendants misrepresented that the product was made of "clinically proven naturally sourced ingredients," and it "[f]ueled" indicators of brain performance including focus, accuracy, and concentration. *Compare* SCAC ¶ 50 (Neuriva De-Stress *with* ¶ 46 (Neuriva Original) and ¶ 48 (Neuriva Plus). Additionally, the proposed SCAC alleges that each product falsely elaborated on the side of its packaging what Defendants claimed "science" had proven the supplement would do, including that the product was "[m]ade with clinically proven naturally sourced ingredients to fuel brain health." *Compare* SCAC ¶ 51 (Neuriva De-Stress) *with* ¶ 47 (Neuriva Original) and ¶ 49 (Neuriva Plus). Regarding the products' primary purportedly active ingredient, coffee cherry extract, Defendants falsely claimed for each product that the extract was "clinically proven to increase levels of the vital neuroprotein BDNF, known to strengthen connections between brain cells."

*Compare* SCAC ¶ 51 (Neuriva De-Stress) *with* ¶ 47 (Neuriva Original) and ¶ 49 (Neuriva Plus). *See Williams*, 65 F.4th at 1260 (pointing out that "the Named Plaintiffs charge that [Reckitt Benckiser] falsely advertises that coffee cherry extract—an ingredient common to all three Neuriva Products—has been 'clinically proven to increase levels of the vital neuroprotein BDNF, known to strengthen connections between brain cells.'"). Lastly, as with Neuriva Original and Neuriva Plus, Defendants also prominently displayed Neuriva's primary tagline on the De-Stress label: "Nature made it. Science proved it. Brains love it." *Compare* SCAC ¶ 51 (Neuriva De-Stress) *with* ¶ 47 (Neuriva Original) and ¶ 49 (Neuriva Plus).

In addition, the proposed SCAC alleges that the misrepresentations on Defendants' website apply to all Neuriva products, including Neuriva De-Stress. *See* SCAC ¶¶ 53-63. The proposed SCAC then explains in allegations applicable to all three products why Defendants' representations were all false or deceptive. *See* SCAC ¶¶ 64-79. The SCAC further notes that for all Neuriva's products, under FDA and FTC standards, Defendants' claims were also deceptive because Defendants could point to no testing of the effectiveness of the actual products themselves. *See* SCAC ¶¶ 80-82. Lastly, the proposed SCAC explained how Defendants' citation on their website to research studies as purported evidence of the effectiveness of the coffee cherry extract was deceptive and misleading. *See* SCAC ¶¶ 83-92.

The proposed SCAC will ensure that the named Plaintiffs have standing to pursue claims of misrepresentations regarding Neuriva De-Stress, even though they did not purchase that specific product. The Eleventh Circuit in *Fox v. Ritz-Carlton Hotel Co., LLC*, 977 F.3d 1039, 1047 (11th Cir. 2020) held, as described by the Eleventh Circuit in its opinion in this case, that even though the named plaintiff in *Fox* sought to represent individuals who had dined at Ritz-Carlton restaurants the named plaintiff had not visited, "the named plaintiff had standing

7

to raise the absent class members' claims because he had adequately alleged that Ritz-Carlton employed the same deceptive practices at each of its restaurants . . . and, thus, he and the absent class members had suffered the 'same economic injury.' . . . It didn't matter that he and the absent class members had suffered those injuries 'on different days at different restaurants.'" *Williams*, 65 F.4th at 1259-60 (quoting *Fox*, 977 F.3d at 1047).

Here, the proposed SCAC only includes identical misrepresentations made uniformly as to all three Neuriva products. As the Eleventh Circuit suggested in remanding, because those misrepresentations are common to the purchasers of all three products, the "claims of injury . . . target the same conduct by [Reckitt Benckiser], and the 'injury suffered' will be identical." *Id.* at 1260 (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1281 (11th Cir. 2000)). *See also Nuwer v. FCA US LLC*, 343 F.R.D. 638, 647 (S.D. Fla. 2023) ("So, too, in this case, the named Plaintiffs have class standing to represent purchasers of other models of vehicles if the models contained a design defect that was 'materially identical.'"); *In re Takata Airbag Prods. Liab. Litig.*, No. 114CV24009FAMECONOMI, 2022 WL 2297264, at *2 (S.D. Fla. June 24, 2022) (denying motion to dismiss for lack of standing when "Plaintiffs here have likewise alleged the same interests and suffered the same injuries as the class members. Plaintiffs seek to represent purchasers of different models and model years of FCA and Mercedes-Benz vehicles. But Plaintiffs also allege the same interest and same injury as the class members—defective Takata inflators in FCA and Mercedes-Benz vehicles.").

Accordingly, allowing this proposed amendment falls well within the Court's broad discretion to freely grant leave to amend and is consistent with the Eleventh Circuit's mandate.

8

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend Plaintiffs' Consolidated Amended Complaint.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that on March 26 and 27, the undersigned conferred with David T. Biderman, counsel for Defendants, and John M. Andren and Frank Bednarz, counsel for Theodore Frank. Defendants take no position on this motion; Mr. Frank does not oppose this motion.

/s/ Martha A. Geer
Martha A. Geer

Dated: March 27, 2025.   Respectfully submitted,

By: /s/ Jonathan B. Cohen
Jonathan B. Cohen (Fla. Bar No. 27620)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
jcohen@milberg.com

Daniel K. Bryson
Martha A. Geer
Patrick M. Wallace
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: 919-600-5035
dbryson@milberg.com
mgeer@milberg.com

pwallace@milberg.com

Nick Suciu
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone:(313) 303-3472
nsuciu@milberg.com

Matthew D. Schultz (Fla. Bar No. 640326)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6140
mschultz@levinlaw.com

L. Timothy Fisher
**BURSOR & FISHER, P.A.**
1990 North California Blvd, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ltfisher@bursor.com

Sarah N. Westcot
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
swestcot@bursor.com

Jonathan Shub
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380

jshub@shublawyers.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of filing to any attorneys of record.

Dated: March 27, 2025.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*/s/ Jonathan B. Cohen*
Jonathan B. Cohen
Florida Bar No. 27620
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: (865) 247-0080
jcohen@milberg.com