UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20-cv-23564-RS

DAVID WILLIAMS, CAROLL ANGLADE, THOMAS MATTHEWS, MARTIZA ANGELES, and HOWARD CLARK, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

RECKITT BENCKISER LLC and RB HEALTH (US) LLC,

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW PURSUANT TO PARAGRAPH 3 OF THE POST-HEARING ADMINISTRATIVE ORDER RELATING TO THE CLASS CERTIFICATION MOTION**

Pursuant to the Court's Post-Hearing Administrative Order (ECF No. 156), Plaintiffs David Williams, Caroll Anglade, Thomas Matthews, Martiza Angeles, and Howard Clark submit the following memorandum of law addressing "whether the Court should first (and separately) evaluate a class certification motion before addressing a motion to approve a class settlement." (*Id.* ¶ 3). Plaintiffs believe that the Eleventh Circuit's mandate anticipated that this Court would proceed under Rule 23(e) of the Federal Rules of Civil Procedure and decide whether to certify a class solely for purposes of settlement. When parties are seeking approval of a class action settlement pursuant to Rule 23(e), it is typical for the Rule 23(a) and (b) class certification analysis to be included in a motion for final approval and in the District Court's order addressing final approval of the settlement.

## BACKGROUND

This matter is before this Court on remand following the Eleventh Circuit's opinion

vacating final approval of the parties' class action settlement and remanding to this Court for further proceedings. *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1258 (11th Cir. 2023). Plaintiffs detailed this case's procedural history in their Motion for Leave to Amend the Complaint, filed on March 27, 2025. (ECF No. 158). The Court granted Plaintiffs' motion for leave to amend, and Plaintiffs filed the operative Second Consolidated Amended Class Action Complaint on March 31, 2025. The proposed Second Consolidated Amended Class Action Complaint removed all requests for injunctive relief and limited the misrepresentations at issue to those common to all three brain supplement products involved in this case: Neuriva Original, Neuriva Plus, and Neuriva De-Stress.

Pursuant to the deadline in the Court's Administrative Order (ECF No. 156), as extended (ECF No. 166), the parties filed their Second Amended Settlement Agreement on June 13, 2025. (ECF No. 169). In accordance with the Administrative Order, Plaintiffs discuss here whether the Court should evaluate a class certification motion first and then, if that motion is granted, separately decide whether to approve the settlement set out in the Second Amended Settlement Agreement. For the reasons stated below, the Court can and should consider whether to certify a class for settlement purposes in conjunction with the motion for final approval of the Second Amended Settlement Agreement.

## **DISCUSSION**

The Eleventh Circuit in its decision on appeal identified certain considerations that "will be relevant to the district court on remand." *Williams*, 65 F.4th at 1258. The issue addressed in paragraph three of the Court's Administrative Order arose out of the Eleventh Circuit's direction that "on remand, the district court should determine whether to certify a class and, if so, enter an appropriate certification order before deciding whether to approve

2

class-wide relief. *See* Fed. R. Civ. P. 23(a)-(c), (e)." *Id.* at 1260. The Eleventh Circuit explained: "The closest the district court came to certifying a class in this case was to 'preliminarily' certify a class for the purposes of settlement in its preliminary approval order." *Id.* The question the Administrative Order appears to pose is whether the Eleventh Circuit was directing the Court on remand to first decide whether to grant class certification pursuant to Rule 23(c) of the Federal Rules of Civil Procedure separate from and prior to deciding under Rule 23(e) whether to grant a motion for final approval of the class settlement memorialized in the Second Amended Settlement Agreement filed on June 13, 2025.

Plaintiffs believe that the Eleventh Circuit was not expecting the District Court to decide whether to grant class certification generally under Rule 23(c). Rather, the Eleventh Circuit's discussion of the additional considerations that would be relevant on remand followed its earlier conclusion that it was:

> required to vacate the district court's approval of the Settlement Agreement and remand this case to the district court for further proceedings, including analysis of whether any settlement agreement entered into by the parties is 'fair, reasonable, and adequate' under Federal Rule of Civil Procedure 23(e)(2). Whatever value the Settlement's injunctive relief provided, it may no longer be part of the district court's calculus -- on remand, the court should account only for relief that the Named Plaintiffs have standing to pursue and that it has jurisdiction to grant when assessing the overall fairness of any settlement (assuming, of course, that the parties reach a new settlement agreement and submit it for the district court's approval).

*Id.* at 1258 (emphasis added). In the original proceedings in the District Court, as the Eleventh Circuit noted, the Court solely addressed class certification at the preliminary approval stage, which requires only a determination that "the court *will likely be able to*: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)((1)(B) (emphasis added). The District Court in initially granting final approval did not specifically analyze and decide whether the class should be

3

certified "for purposes of settlement . . . ." Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval.").

The parties have reached a new settlement agreement and submitted it to the Court. Consistent with the Eleventh Circuit's opinion, Plaintiffs will be filing a motion for final approval of the amended settlement pursuant to 23(e)(2). In that motion for final approval, Plaintiffs plan to specifically address why class certification for settlement purposes is appropriate in this case under Rules 23(a), (b), and (e). These further proceedings are consistent with the Eleventh Circuit's mandate.

This Court has previously observed that "'[a] class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Ervin v. Scotts Co., LLC*, No. 17-60344-CIV, 2020 WL 13413684, at *1 (S.D. Fla. Oct. 15, 2020) (quoting *Lipuma v. Am. Express* Co., 406 F. Supp. 2d 1298, 1313-14 (S.D. Fla. 2005)) (granting preliminary approval). "'Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . [b]ut other specifications of [Rule 23] . . . demand undiluted, even heightened, attention in the settlement context." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Hence, the court must find that prerequisites for class certification under Rule 23(a) and (b) are met." *Id. See also Vasquez v. Scotts Co., LLC*, No. 17-60344-CIV, 2021 WL 8946148, at *1 (S.D. Fla. May 24, 2021) (in the same case as *Ervin*, granting final approval after finding that "the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes" and certifying five settlement classes).

Plaintiffs are not aware of any authority that would require the Court to proceed with a full-blown Rule 23(c) motion for class certification when the parties have agreed to a settlement. Plaintiffs' motion for final approval will include a request that the Court certify a class for settlement purposes only including a showing that (1) Plaintiffs have standing to represent the purchasers of De-Stress with respect to the misrepresentations alleged in the Second Consolidated Class Action Complaint (the Eleventh Circuit's first additional consideration), (2) the requirements of Rules 23(a) and Rule 23(b)(3) have been met and the class should be unconditionally certified solely for purposes of settlement; and (3) the Second Amended Class Action Settlement is fair, reasonable, and adequate under Rule 23(e)(2).

It may be that the Court only intended in its Administrative Order to suggest that Plaintiffs could file a separate motion for class certification for settlement purposes only and was not anticipating a Rule 23(c) class certification motion. That procedure is consistent with Rule 23(e) so long as the Court substantively applies the standards for class certification for settlement purposes only and not the class certification standards applicable when no settlement is involved.

Plaintiffs will also be filing a motion under Rule 23(h) seeking attorneys' fees and costs and the granting of service awards to the class representatives. Rule 23(h)(1) and (2) require that notice of the motion be "directed to class members in a reasonable manner" and that class members have an opportunity to object to the motion. The parties have not been able to agree on whether additional notice to the class is required for the Rule 23(h) motion. Plaintiffs believe that notice should be provided to the class members who have submitted valid claims of at least (1) the motion for attorneys' fees, costs, and service awards and (2) the deadline for submitting any objections. Plaintiffs suggest that this open issue could either be addressed in

5

a conference with the Court or through briefing.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court allow the filing of a motion for final approval of the Second Amended Class Action Settlement, which would also specifically address whether the Court should grant class certification for settlement purposes only. Plaintiffs further respectfully request that the Court provide a schedule for briefing whether class notice must be provided under Rule 23(h)(1) or, if more convenient for the Court, schedule a court conference to address the issue.

Dated: June 20, 2025.  Respectfully submitted,

By: /s/ Jonathan B. Cohen
Jonathan B. Cohen (Fla. Bar No. 27620)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
jcohen@milberg.com

Daniel K. Bryson
Martha A. Geer
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: 919-600-5035
dbryson@milberg.com
mgeer@milberg.com

Nick Suciu
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

6

6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone:(313) 303-3472
nsuciu@milberg.com

Matthew D. Schultz (Fla. Bar No. 640326)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6140
mschultz@levinlaw.com

L. Timothy Fisher
**BURSOR & FISHER, P.A.**
1990 North California Blvd, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ltfisher@bursor.com

Sarah N. Westcot
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
swestcot@bursor.com

Jonathan Shub
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
jshub@shublawyers.com

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of filing to any attorneys of record.

Dated: June 20, 2025.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*/s/ Jonathan B. Cohen*
Jonathan B. Cohen
Florida Bar No. 27620
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: (865) 247-0080
jcohen@milberg.com