IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DAVID WILLIAMS and CAROLL ANGLADE, THOMAS MATTHEWS, MARTIZA ANGELES, and HOWARD CLARK, *individually, and on behalf of other similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC and RB HEALTH (US) LLC,<br><br>Defendants. | CASE NO. 1:20-cv-23564-RS |

**DEFENDANTS' MEMORANDUM REGARDING CLASS CERTIFICATION ANALYSIS AND TIMING IN EVALUATING THE PARTIES' NATIONWIDE CLASS ACTION SETTLEMENT**

Pursuant to this Court's Post-Hearing Administrative Order dated February 25, 2025 (ECF No. 156), Defendants Reckitt Benckiser LLC and RB Health (US) LLC ("Defendants" or "Reckitt") submit this memorandum regarding the appropriate class certification analysis and associated timing for the Court in evaluating the Parties' proposed nationwide class action settlement filed on June 13, 2025. *See* ECF No. 169-1 ("Second Amended Settlement Agreement" or "SASA").

**I.      PROCEDURAL BACKGROUND**

Given this matter has been live for more than five years, Defendants remain committed to efficiently and effectively resolving this consolidated litigation regarding the marketing of Reckitt's dietary supplement Neuriva on a nationwide class action settlement basis. In 2021, after repeated Rule 12 motions, substantial informal discovery, multiple all-day mediations, ongoing negotiations, and consolidating identical cases in California and New York into this Florida action, the Parties agreed to a class settlement that was preliminarily, and then finally, approved by the Court over the objections of one amicus and one class member, Theodore Frank ("Frank"). Although Frank appealed, the Eleventh Circuit Court of Appeals did not address his concerns and

instead vacated the final approval order on the ground that Plaintiffs did not have standing to seek the settlement's injunctive relief. *See Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1254–58 (11th Cir. 2023). The panel also identified three important considerations for a revised settlement agreement on remand: (1) whether there is a named plaintiff with standing as to each product claim at issue, (2) whether the settlement agreement is fair, reasonable, and adequate under Rule 23(e)(2), and (3) whether the class may be certified in conjunction with settlement approval after a meaningful analysis of Rule 23(a) and (b)(3). *Id.* at 1258–61.

The Parties will further brief these issues if and when requested by the Court, but suffice to say that the Parties have addressed the appellate court's holding and three considerations in their revised settlement agreement. First, the Plaintiffs' Second Amended Consolidated Complaint filed on March 31, 2025, removed their prior demand for label changes, so the SASA does not provide for any injunctive relief, only monetary relief.[1] *See* SASA at Section IV. Second, Plaintiffs' Second Amended Consolidated Complaint also removed any label claims applicable to Neuriva De-Stress alone and thus ensures the named Plaintiffs have standing as to each of the challenged claims resolved by the SASA. *Compare* ECF No. 51 ("Consolidated Amended Class Action Complaint") *with* ECF No. 160 ("Second Amended Consolidated Complaint"). Third, as will be demonstrated in a forthcoming motion for final settlement approval and conditional class certification, the SASA is fair, reasonable, and adequate under Rule 23(e)(2). Fourth and finally, to be demonstrated in the same motion, the class qualifies for conditional certification under Rule 23(a) and (b)(3) for settlement purposes only.

As to that last point, at the Court's request in its February 25, 2025 order, this memorandum provides further clarity on the proper analysis and procedure for such settlement-only certification. *See* ECF No. 156 at 2.

---

[1] The SASA notes, however, that Reckitt has already made label changes as a result of this litigation, effective in early 2022 and such changes have been in the market for more than two years. *See* SASA at Section II.T; *see also* ECF No. 116-1 (First Amended Settlement Agreement), Exhibit E.

## II.     QUESTION PRESENTED

Should the Court "first (and separately) evaluate a class certification motion before addressing a motion to approve a class settlement"? *Id.*

## III.    ANSWER & ANALYSIS

No, the Court may appropriately address the issue of settlement-only class certification and the issue of settlement approval simultaneously, in response to one motion, one hearing, and do so in one order. If approving the settlement, the order should conditionally certify the class *for settlement purposes only. See* SASA at Section III.

### A.     In the settlement context, class certification is conditional and decertification is automatic if the settlement is not approved or is otherwise terminated.

Under Rule 23(e), and as sought in the SASA, class certification as part of approval of a class action settlement is "conditional" and "for settlement purposes only." *Fruitstone v. Spartan Race Inc.*, 2021 WL 354189, at *1 (S.D. Fla. Feb. 2, 2021). This is also referred to as "settlement-only certification," *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997), which certification creates "tentative or temporary settlement classes." *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 174 (5th Cir. 1979). Such classes are certified only when "a settlement is reached *before* a litigated determination of the class certification issue," i.e., before a motion for class certification is made for *litigation purposes*. *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (emphasis added).

The distinction between the two forms of class certification (for settlement vs. for litigation) is important. If a court declines to approve the proposed settlement agreement or if settlement is unsuccessful for any reason, the class certification order is "vacated automatically." *Fruitstone v. Spartan Race Inc.*, 2021 WL 354189, at *11 (S.D. Fla. Feb. 2, 2021); *Williams v. New Penn Fin., LLC*, 2018 WL 8584149, at *6 (M.D. Fla. Dec. 21, 2018) (noting parties are "restored to their respective positions existing immediately before" preliminary approval and "retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification"); *Gottlieb v. CITGO Petroleum Corp.*, 2017 WL 11674408, at *3 (S.D. Fla. Nov. 29,

2017) (reiterating decertification requirement in final approval order upon termination); 7B Fed. Prac. & Proc. Civ. § 1797.2 (3d ed. 2025) ("If the settlement ultimately is not approved, then the tentative certification is withdrawn and the parties are remitted to the more elaborate formal certification process under Rule 23(c)(1)."). Indeed, in such situations, courts regularly decertify the settlement class. *See, e.g.*, *Hahn v. Massage Envy Franchising, LLC*, 2016 WL 11620608, at *8 (S.D. Cal. Mar. 30, 2016) (denying final approval of settlement and decertifying provisional class); *Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 697 (D. Minn.), *amended*, 858 F. Supp. 944 (D. Minn. 1994) (same).

A class certified for litigation purposes, on the other hand, can be decertified only on "a motion to decertify the class" or "the court may initiate decertification *sua sponte*." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Inway, Inc.*, 2007 WL 473995, at *7 (M.D. Fla. Jan. 12, 2007), *aff'd*, 622 F.3d 1307 (11th Cir. 2010) (collecting cases); *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("[T]he district court is charged with the duty of monitoring its class decisions [and] must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

      **B.**    **The class certification analysis for settlement purposes is "simpler" than the certification analysis for litigation purposes.**

The analysis for settlement-only certification is "simpler" than certification for litigation: "As one leading treatise comments," under the Supreme Court's decision in *Amchem*, "'courts regularly certify settlement classes that might not have been certifiable for trial purposes because of manageability concerns.'" *In re Nat'l Prescription Opiate Litigation*, 976 F.3d 664, 674 (6th Cir. 2020) (quoting William B. Rubenstein, *Newberg on Class Actions* Section 4:63 (5th ed. 2020)); *Amchem Prods., Inc.*, 521 U.S. at 593 (manageability need not be considered and rejecting rule that all Rule 23 requirements "must be met as if the case were going to be litigated" to trial).

Following *Amchem* then, in the Eleventh Circuit "all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a

trial." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011); *accord In re Equifax Inc. Customer Data Sec. Breach Lit.*, 999 F.3d 1247, 1274–75 (11th Cir. 2021). Courts in this Circuit regularly engage in this simpler analysis before conditionally approving class certification for settlement purposes only. *See, e.g.*, *Morris PHH Mortgage Corp.*, 2022 WL 18859412, at *2–5 (S. D. Fla. Dec. 22, 2022); *Fruitstone*, 2021 WL 354189, at *3; *Williams*, 2018 WL 8584149, at *3; *Pierre-Val v. Buccaneers Ltd. P'ship*, 2015 WL 3776918, at * 1–3 (M. D. Fla. June 17, 2015); *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. at 659–60. And while not necessary, courts may "revisit" the analysis on a motion for final approval. *See, e.g.*, *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *3–7 (Mar. 23, 2021); *Hahn*, Case No. 3:12-cv-00153, Dkt. No. 393 (S.D. Cal. July 5, 2016) (same).

### C. Settlement approval and conditional certification may be a "simultaneous determination" addressed in one motion, one hearing, and one final approval order.

In evaluating whether to approve a class action settlement and conditionally certify the class, the Court may do so simultaneously in the same order, in response to one motion on both questions. *See generally In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070 (11th Cir. 2023) (affirming district court's final approval order that evaluated propriety of settlement and conditional certification in the same order); 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed. 2025) ("The simultaneous determination to approve a settlement and certify an action as a class action remains within the scope of [Rule 23]."). Indeed, this is "common practice." *Id.* at § 1797.2 (3d ed. 2025); David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2024) ("If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined."); *see, e.g.*, *Morris PHH Mortgage Corp.*, 2022 WL 18859412, at *2–7; *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *3–7; *Fruitstone*, 2021 WL 354189, at *3; *Williams*, 2018 WL 8584149, at *3; *Hahn*, Case No. 3:12-cv-00153, Dkt. No. 393 (S.D. Cal. July 5, 2016); *Pierre-Val v. Buccaneers Ltd. P'ship*, 2015 WL 3776918, at * 1–3 (M.D. Fla. June 17, 2015); *In re Checking Acct. Overdraft*

*Litig.*, 275 F.R.D. at 659–60 (all approving settlement as well as conditionally certifying class in the same order).

      **D.    On remand, the Court should include its Rule 23 conditional certification analysis in the same order approving the Parties' Second Amended Settlement Agreement.**

Although the Court acknowledged that the Rule 23 factors were met in preliminarily approving the Original Settlement Agreement, *see* ECF No. 57 at 3, the preliminary approval order was based on a stipulated proposed order from the Parties that provided little-to-no analysis. The Parties also failed to offer further analysis in a suggested final approval order accompanying the First Amended Settlement Agreement, which agreement the Court ultimately finally approved. *See* ECF No. 116-1 at 48. As a result, the Report and Recommendation as well as Final Approval Order did not include a Rule 23 certification analysis. *See generally* ECF Nos. 133, 140.

The Eleventh Circuit identified this as an issue to be addressed on remand. As set forth above in Section B, although the Court need not engage in extensive Rule 23 analysis as would be required to certify a class for litigation purposes, the Eleventh Circuit clarified here that at least some "meaningful analysis" of the Rule 23 factors is required to conditionally certify the class for settlement purposes and approve the SASA. *Williams*, 65 F.4th at 1260; *see, e.g.*, *In re Fortra File Transfer Software Data Security Breach Litig.*, 2025 WL 457896, at *4–6 (S.D. Fla. Feb. 11, 2025) (addressing, while briefly, the Rule 23 factors in a final approval order); *In re Mednax Services, Inc. Customer Data Security Breach Litig.*, 2024 WL 4415214, at *3–5 (S.D. Fla. Oct. 5, 2024) (same, incorporating preliminary approval analysis).

Also set forth above in Section C, this analysis may occur in the same written order in response to a motion for conditional certification and settlement approval. While courts in the Eleventh Circuit have taken the issues in different sequence—some addressing settlement approval first and then conditional certification[2]—the Eleventh Circuit has clarified its preference that settlement-only certification analysis appear "*before* deciding whether to approve class-wide

---

[2] *See, e.g.*, *Pierre-Val*, 2015 WL 3776918, at * 1–3 (first approving the proposed settlement then, second, conditionally certifying the proposed class as having met the Rule 23 criteria); *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2–5 (S.D. Fla. June 15, 2010) (same).

relief." *Williams*, 65 F.4th at 1260 (emphasis added); *see, e.g., In re Fortra File Transfer Software Data Security Breach Litig.*, 2025 WL 457896, at *4–6; *In re Mednax Services, Inc. Customer Data Security Breach Litig.*, 2024 WL 4415214, at *3–5 (S.D. Fla. Oct. 5, 2024). Thus here, in reviewing the Parties' forthcoming motion, first the Court should conduct some Rule 23 analysis to find the class conditionally certified for settlement purposes only, then second, analyze the proposed SASA as sufficiently fair, reasonable, and within the range of possible approval. *See also* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2024) (adopting the same order of analysis suggested by the Eleventh Circuit).

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court address the issue of class certification simultaneously with evaluating the proposed class settlement, and if approving the settlement, enter an order conditionally certifying the class for settlement purposes only. Should the Court require the separate filing of a motion for class certification, Defendants respectfully request the Court set a conference regarding scheduling such briefing.

Dated: June 20, 2025                                                      Respectfully Submitted,

          */s/ Melissa C. Pallet-Vasquez*
          Melissa C. Pallett-Vasquez
          Florida Bar No. 715816
          MPallett@bilzin.com
          Lori P. Lustrin
          Florida Bar No. 59228
          LLustrin@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 351-2195

David T. Biderman, *pro hac vice*
DBiderman@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 788-9900
Facsimile:  (310) 788-3399

Charles C. Sipos, *pro hac vice*
CSipos@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Ave, Suite 4200
Seattle, WA 98101
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

*Counsel for Defendants*
*Reckitt Benckiser LLC and RB Health (US) LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/*Melissa Pallett-Vasquez*
Melissa C. Pallett-Vasquez